**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## **REASSIGNMENT ORDER**

IT IS HEREBY ORDERED that this case is reassigned to the Honorable Jeffrey S. White for all
further proceedings.

1.    Counsel are instructed that all future filings shall bear the new initials JSW immediately
      after the case number.

2.    All subsequent hearings will be held in Courtroom 2 on the 17th floor at the San
      Francisco courthouse.

3.    All status and case management conference dates are VACATED and will be reset by the
      Court.

4.    All matters previously referred to a magistrate judge shall remain before that magistrate
      judge.

5.    Cases previously referred to an ADR process (at filing, by order of the previously
      assigned judge or by stipulation and order) shall proceed under the terms of the applicable
      ADR local rule.

6.    Except for those already set before a magistrate judge, all other pending law and motion
      hearing dates are VACATED and will be reset by the Court. Papers previously filed
      regarding the motion need not be refiled except as follows. Upon resetting, each party
      shall submit to the Clerk a single copy of all papers filed by that party marked as a
      duplicate for the chambers of the reassigned judge. As dates fall due for any further
      responsive papers, they should be filed in accordance with the local rules. All chambers
      copies submitted to the Clerk should be on three-hole punched paper. For future motions,
      it is not necessary to clear a hearing date in advance but the Court may order that any
      motion be taken under submission without oral argument or reset it as the calendar
      requires.

7.    All trials set before April 14, 2003, and related pretrial statement and conference
      schedules are VACATED; all other trial dates and related pretrial deadlines remain set as
      currently scheduled subject to further order of the Court. All final pretrial conferences for
      trials not vacated by this Order shall be reset for the Monday three weeks preceding the
      trial date (at 2:00 p.m.). The Clerk shall give further notice of the said date.

8.    Any expedited motions previously submitted and not yet ruled on must be resubmitted in
      full.

9.    Any other court settings not specifically addressed above are VACATED.

10.    Should counsel need to contact the Court regarding this Order, please contact this Court's Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173.

DATED: January __, 2003                    FOR THE ASSIGNMENT COMMITTEE:


_____            Richard W. Wieking, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER ON RECUSAL**

The Court seeks the assistance of all parties in all actions before the Court to determine if there are any grounds for recusal under 28 U.S.C. § 455.

The Court particularly requests that all parties determine and advise whether the undersigned judge=s former law firm, Orrick, Herrington & Sutcliffe, LLP, served as counsel concerning the matter-in-suit in this action prior to January 1, 2003, the date the undersigned withdrew as a member of the firm. Counsel and the parties should be aware that the undersigned would not ordinarily have been aware of all engagements undertaken by his former firm and must depend on the parties to bring any such circumstances to the Court=s attention.

If any party believes, after inquiry, that any ground for recusal exists, please bring the facts and circumstances to the Court=s attention by letter or notice served on all parties at the earliest possible date, but no later than five court days preceding the parties= first appearance before this Court.

**IT IS SO ORDERED.**

_____

JEFFREY S. WHITE
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE**
**DEPOSITION GUIDELINES**

This Standing Order applies to all depositions in all matters assigned to Judge Jeffrey S. White and is intended to supplement the Civil Local Rules of this District regarding civil practice (Civil L. R. 30-1 and 30-2).

Depositions shall be conducted in accordance with the following rules:

1.  **Conduct**. Counsel are expected to cooperate with and be courteous to each other and deponents. Each party should designate one attorney to conduct the principal examination of the deponent. Counsel should cooperate in the allocation of time to comply with any time limit set by the Court.

2.  **Stipulations**. Unless contrary to an order of the Court, the parties may stipulate in writing to modify any practice relating to noticing or conducting a deposition. Stipulations for extension of discovery cut-offs set by the Court are not permitted, absent leave of Court. If counsel enter into stipulations at the beginning of the deposition, the terms of the stipulation should be fully stated on the record.

3.  **Scheduling**. Absent extraordinary circumstances, before noticing a deposition, the noticing party must consult with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached and barring exigent circumstances, the party seeking the deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or deponent's counsel, the deponent or deponent's counsel shall within ten (10) days of receipt of the notice, reply and counter-propose in writing with an alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

4.  **Objections and Instructions Not to Answer**. Counsel shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections may be made as to privilege or may be made in order to preserve the objection. Speaking objections or those calculated to coach the deponent are prohibited. A person may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under Fed. R. Civ. P. 30(d)(4). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement,

unless such information itself is privileged. Counsel may be subject to sanctions if they consistently impede, or otherwise unreasonably delay, the fair examination of the deponent.

5.    **Private Consultation**. Private conferences between deponents and their attorneys in the course of deposition are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

6.    **Documents**. Witnesses subpoenaed to produce documents should ordinarily be served at least 30 days before the scheduled deposition and arrangements should be made to permit inspection of the documents before the deposition commences. Extra copies of documents used during the deposition should ordinarily be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it except when counsel seek to impeach or test the deponent's recollection.

7.    **Marking of Exhibits**. Counsel shall comply strictly with Civil L. R. 30-2 and, at the outset of the case, shall meet and confer regarding the sequential numbering system that will be used for exhibits throughout the litigation and during trial. Documents shall be referred to by the Bates-stamp number assigned by the document depository.

8.    **Waiver of Transcription and Filing**. The parties and deponents are authorized and encouraged to waive transcription and filing of depositions that prove to be of little or no usefulness in the litigation or to agree to defer transcription and filing until the need for using the deposition arises.

9.    **Requests for Intervention by the Court**. If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through Chambers at (415) 522-4160. Any such conference shall be attended by the court reporter recording the deposition.

**IT IS SO ORDERED.**

JEFFREY S. WHITE
United States District Court

8/04 rev.





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR PATENT CASES**

The following instructions shall apply to all patent cases assigned to Judge Jeffrey S. White.

Joint Claim Construction Statement

1.      The initial joint claim construction statement required by Patent Local Rule 4-3 shall be truly joint. Disputed terms, phrases, and clauses shall be designated as disputed. All other terms shall be presumed undisputed. For any term in dispute, the parties must agree on the identity of the term. With regard to disputed terms, phrases, or clauses, the joint statement shall list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction side by side. A model construction statement is attached to this Order.

2.      Parties shall attach to the joint claim construction statement copies of all patents in dispute. Parties shall also make a complete prosecution history for each patent available to the Court upon request.

Claim Construction

3.      As an initial matter, the Court will construe no more than ten terms. If more than ten terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the Court and shall jointly propose the ten terms requiring construction.

4.      If a party genuinely believes that it will require that more than ten terms be

construed, that party may request leave to designate additional terms for construction, pursuant to Civil Local Rule 7-11(b). The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the Court will either agree to construe all terms or schedule a second claim construction proceeding on the excess terms. If more than ten terms are submitted for construction without leave of court, the Court will construe the first ten terms listed in the joint claim construction statement and sanctions may be imposed.

5.    Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the order of the joint statement. The opening and opposition briefs shall not exceed 25 pages; the reply brief shall not exceed 15 pages. The Court anticipates that a meaningful meet and confer between the parties preceding the preparation of the joint claim construction statement will obviate the need for a party to propose in its briefs a claim construction that differs from that proposed in the statement. While the Court encourages the parties to negotiate mutually agreeable constructions, the Court discourages the parties from proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond. However, if it becomes necessary for a party to propose a different construction in its brief than that found in the joint claim construction statement, that party must clearly set forth the new construction and explain the basis for the change. Additionally, that party shall revise the joint claim construction statement, so that the Court will have one document reflecting all current proposed constructions.

6.    At the time of filing the reply briefs, the parties shall file an amended, final joint claim construction statement, including only the remaining disputed terms, phrases, and clauses.

### Tutorial and Claim Construction Hearing

7.    The Court will schedule a tutorial to occur one to two weeks prior to the claim construction hearing. Each side will be permitted 45-60 minutes to present a short summary and explanation of the technology at issue. The patent holder makes the first presentation. Visual

aids are encouraged. The Court prefers that someone other than counsel make the presentation.

Counsel will be permitted to make opening remarks and then a brief summation following the

presentation. No argument will be permitted. The proceeding is not recorded and parties may

not rely on statements made at the tutorial in other aspects of the litigation.

8.      Prehearing conferences generally are not held. However, either party may request

a telephone conference within two weeks prior to the hearing, or the parties may address any

prehearing issues at the tutorial.

9.      The patent holder will act as the moving party for the purposes of claim

construction. Opening briefs in support of claim construction must be filed at least six weeks

before the date of the claim construction hearing, and the briefing schedule set forth at Patent

Local Rule 4-5 will apply.

10.     The Court will not ordinarily hear extrinsic evidence at the claim construction

hearing. Should it become apparent that testimony will be necessary, counsel may request a

telephone conference with the Court within two weeks of the hearing to seek the Court's

approval.

11.     Demonstrative exhibits and visual aids are permissible at the hearing as long as

they are based on information contained in the papers already filed. Counsel shall exchange

copies of exhibits no later than forty-eight hours prior to the hearing.

12.     The claim construction hearing generally will be scheduled for no longer than 3

hours on either Tuesday or Wednesday afternoon. The Court, however, will specially set the

hearing on a different day and for a longer period of time if warranted. Counsel should request a

telephone conference with the Court as soon as it is apparent that a special setting is necessary.

<u>Subsequent Case Management Report</u>

13.     Upon issuance of the claim construction ruling, the Court will also set a date for

the filing of a further joint case management status report. In that report, the parties must

address the following topics:

a)      whether either party wishes to certify the claim construction ruling for

immediate appeal to the Federal Circuit;

3

United States District Court
For the Northern District of California

1        b)     the filing of dispositive motions, and timing of those motions;

2        c)     if willful infringement has been asserted, whether the allegedly-infringing

3 party wishes to rely on the advice of counsel defense.  If so, the parties should be prepared to

4 address proposals for resolving any attorney-client privilege issues that arise, and whether the

5 parties believe bifurcation of the trial into liability and damages phases would be appropriate;

6        d)     anticipated post-claim construction discovery;

7        e)     any other pretrial matters; and

8        f)     the progress of settlement discussions, if any.

9     The Court will review the reports and, if necessary, schedule a further case management

10 conference and enter any appropriate orders.

### Miscellaneous

12     14.     All stipulated protective orders and filings shall comply with Civil Local Rule

13 79-5.  Parties shall also submit a complete unredacted chambers copy of any brief or supporting

14 papers lodged under seal with all confidential material highlighted.

15    **IT IS SO ORDERED.**

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7/06 Rev.

4

**Sample Claim Chart**

| Claim Language (Disputed Terms in **Bold**) >xxx Patent | Plaintiff=s Proposed Construction and Evidence in Support | Defendant=s Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **ducks,** comprising the steps of: [or] **ducks** Found in claim numbers: >xxx Patent: y,z >yyy Patent: a, b | PROPOSED CONSTRUCTION: a bird that quacks. DICTIONARY/TREATISE DEFINITIONS: Webster=s Dictionary (Aduck: bird that quacks@); Field Guide (Abird call: quack@); INTRINSIC EVIDENCE: >xxx Patent col. _:__ (Adistinctive honking@); Prosecution History at __ (AThis patent is distinguished from the prior art in that the quacking of the bird is featured@). EXTRINSIC EVIDENCE: McDonald Depo. at xx:xx (AI=d say the quacking makes it a duck@); >123 Patent at col _:__; Donald Decl. at & __. | PROPOSED CONSTRUCTION: a bird that swims DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary (Aan aquatic bird@): Field Guide (same) INTRINSIC EVIDENCE: >xxx Patent col _:__ (Aducks may be found on or near bodies of water@); Prosecution History at __ (Awater fowl are particularly amenable to being counted by this method@). EXTRINSIC EVIDENCE: G. Marx Depo at xx:xx (Alike a duck to water@); >456 Patent at col _:__; Daffy Decl. at & __. |

(Or any other substantively similar format that permits the court to compare terms side by side.)

# CIVIL STANDING ORDERS

1.  **Conformity to Rules**. Counsel are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superceded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.  **Scheduling days**. Prior to noticing a motion, counsel shall check the scheduling information on this Court's website to confirm open and available dates. However, noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Motions shall be noticed in accordance with the following times:

    a.  Civil Law and Motion calendar is conducted on Fridays at 9:00 a.m.
    b.  Case Management Conferences are conducted on Fridays at 1:30 p.m.
    c.  Pretrial conferences are conducted on Mondays at 2:00 p.m. Trials are set to commence on Mondays at 8:30 a.m.
    d.  By 4:00 p.m. on the first court date preceding any hearing, parties participating in the e-filing program shall check the e-filing system to determine whether there has been a tentative ruling issued in their matter (or a ruling with respect to requests for specific issues to be addressed during oral argument).
    e.  Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov or the posting in the Clerk's Office to confirm that their matter is still on calendar.

3.  **Changes to Court Calendar**. No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, a Motion for Administrative Relief, as contemplated by Civil Local Rule 7-11. Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

    Briefing schedules may not be changed by stipulation; the parties must obtain leave of court. Parties seeking to enlarge a filing deadline by way of a Motion for Administrative Relief are admonished to such a motion in advance of the filing deadline, rather than on the day a brief or other matter is due.

4.  **Chambers Copy**. A copy of all documents filed both electronically and manually with the Clerk's Office shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "JSW Chambers Copy" no later than noon on the next business day after the document is filed.



5.  **Case Management Conference Statements**. Joint case management statements are required and must be filed five court days in advance of the case management conference date. Counsel shall conform to all elements requested in the initial case management scheduling order, and particularly with respect to the Court's requirements regarding a discovery plan. In cases involving pro se litigants, the parties may file separate case management statements.

6.  **Motions**. All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required. All declarations shall be filed as separate documents. Briefs exceeding ten pages in length must contain an additional one-page summary of argument, including reference to any important cases cited.

7.  **Discovery and Discovery Motions**. Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

    If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through contact with Chambers at (415) 522-4160. Any such conference shall be attended by the court reporter recording the deposition.

    All other requests for discovery relief must be summarized jointly by the parties in a *joint* letter brief no longer than four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve. The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

    This provision applies only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

8.  **Motions for Summary Judgment**. All issues shall be contained within one motion, may not exceed twenty-five pages in length, and shall conform with Civil Local Rule 7-2. Absent of a showing of good cause, the Court will address only one motion for summary judgment per party or side. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon.

9.  **Proposed Orders Required**. Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the

rationale of decision, including citation of authority, that the party requests the Court to adopt. The proposed order should be filed at the same time as the motion or opposition.

10. **Communication with Court**. Counsel shall not attempt to make contact by telephone, facsimile, or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173 with appropriate inquiries. Counsel should list their facsimile transmission numbers as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy. All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

11. **Grounds for Recusal**. Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date, and no later than the initial case management conference. *See also* Standing Order on Recusal.

12. **Service of Standing Orders**. Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of these standing orders at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure, Rules 4 and 5, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

JEFFREY S. WHITE
United States District Court

7/06 rev.



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GUIDELINES FOR TRIAL AND FINAL PRETRIAL CONFERENCE**

**IN CIVIL JURY CASES**

**BEFORE THE HONORABLE JEFFREY S. WHITE**

**FINAL PRETRIAL CONFERENCE**

1.     Counsel shall not prepare a joint pretrial conference statement, nor invest time on deposition designations or extracts from interrogatories or requests for admissions at the pretrial conference stage.  Instead, please follow the following procedures:

(a)     In lieu of preparing a joint pretrial conference statement, the parties shall meet and confer in person and prepare a jointly signed proposed final pretrial order to be filed fourteen (14) calendar days in advance of the final pretrial conference:  This joint pretrial conference statement should contain: (i) a brief description of the substance of claims and defenses which remain to be decided; (ii) a statement of all relief sought; (iii) all stipulated facts; (iv) a list of all factual issues that remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions and organized by counts; (v) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (vi) each party's separate witness list for its case-in-chief witnesses (including those appearing by

United States District Court
For the Northern District of California

deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for both direct and cross examination. Items (v) and (vi) should be appendices to the proposed order. The proposed order should also state which issues, if any, are for the Court to decide, rather than the jury. The objective is to convert the proposed order to a final order with the benefit of any discussion at the final pretrial conference.

(b)    In addition to the joint pretrial statement, fourteen (14) days in advance of the final pretrial conference, the parties shall also file the following:

(i)    A joint set of proposed instructions on substantive issues of law arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated Instruction No. ____ Re _____," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation. If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. ____ Re _____ Offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. Citations with pin cites are required. Any modifications to a form instruction must be clearly identified, *i.e.* in bold or italics. If a party does not have a counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the *Ninth Circuit Manual of Model Jury Instructions* (*Civil*), except the

2

instruction on a simplified statement of the case (No. 1.2 in the 1997 edition).
Other than citing the numbers, the parties shall not include preliminary, general or
concluding instructions in the packet, but shall include the full text of these
instructions on the disk required by Paragraph 2 of this Order.

      (ii)    A separate memorandum of law in support of each party's
disputed instructions, organized by instruction number. Please quote exact,
controlling passages from the authorities, without ellipses, and give pin cites.

      (iii)    A joint set of proposed voir dire questions supplemented as
necessary by separate requests for good cause only. (Keep these to a minimum,
please.)

    (c)    Any motions *in limine* shall be submitted as follows: At least
thirty (30) calendar days before the Final Pretrial Conference, the moving party
shall serve, but not file, the opening brief. At least twenty (20) calendar days
before the Final Pretrial Conference, the responding party shall serve the
opposition. There will be no reply.

When the oppositions are received, the parties should collate the motions
and the oppositions together for inclusion in a binder, as set forth below, and then
shall file the moving papers and the opposition briefs no later than fourteen (14)
calendar days before the conference. Each motion should be presented in a
separate memo and properly identified, for example, "Plaintiff's Motion in
Limine No. 1 to Exclude . . . ." Please limit motions *in limine* to circumstances
that really need a ruling in advance. Usually five or fewer motions per side is
sufficient. Each motion should address a single, separate topic, and contain no
more than seven pages of briefing per side. Leave of Court will be required to file
more than five motions or to exceed the page limitations. A binder containing all
motions in limine should be submitted to the Clerk's office in an envelope clearly
marked with the case number and "JSW chambers copy."

United States District Court
For the Northern District of California

     (d)     Trial briefs are most helpful to the Court on any controlling issues of law and shall be filed with the motions *in limine*.

     2.     The joint proposed final pretrial order and instructions shall be submitted on a 3-3/4-inch disk in WordPerfect 10.0 format, as well as in hard copies. All hard-copy submissions should be submitted in a binder to the Clerk's office in an envelope clearly marked with the case number and "JSW chambers copies".

     3.     At the final pretrial conference, the above submissions shall be considered and argued. The parties shall submit a joint summary of all rulings in proposed order format.

### PRETRIAL ARRANGEMENTS

     4.     Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten calendar days prior to the trial date.

     5.     During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models or specimens of devices. If monitor screens are used, there should be a single large screen (not multiple small screens) viewable by the jury, the Court and the witness. It should be large and bright enough to be seen when placed on the opposite side of the courtroom from the jury. If counsel cannot conveniently see the screen, counsel may have a small monitor at counsel table. If both overhead projector and video equipment are to be used, a single projection screen is best, thus requiring a projection-type video rather than a monitor. If video equipment is used, equipment capable of instantly accessing the relevant portions of transcripts and graphics should be used (rather than, for example, raw video tapes made at depositions which take time to forward or to rewind). Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. For overhead projectors, the parties shall provide a spare bulb. The parties shall tape extension cords to the carpet for safety. The parties shall disassemble and store all

equipment in the courtroom at the end of each court day. The parties may work with the deputy clerk, Jennifer Ottolini (415-522-4173), on all courtroom-layout issues.

### SCHEDULING

6.    Trial normally will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays. Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence of the jury. The jury will be called at 8:30 a.m. This schedule may be modified at the discretion of the Court.

### THE JURY

7.    The parties shall include with their joint pretrial conference statement a simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page. The Court will usually conduct the voir dire.

8.    In civil cases, there are no alternate jurors and the jury is selected as follows: The jurors will be given consecutive numbers and shall be seated by juror number. Jurors 1 through 18 are seated in the jury box. The remaining venire will be seated in the public benches. Hardship excuses will usually be considered at this point. The Court will then ask questions to the entire venire. The lawyers, at a side bar conference, will then advise if there are follow-up questions. For good cause, counsel may also ask questions of jurors at side bar. Challenges for cause will then be addressed. After a short recess, each side may exercise its allotment of peremptory challenges. Challenges must be made simultaneously in writing by each side (without knowing how the other side is exercising its challenges). The parties will write down the names and numbers of the candidates to be stricken. The eight (or other such size as will constitute the jury) surviving the challenge process with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5 and 7 and the defendant strikes 2, 4 and 9, then 3, 6, 8, 10, 11, 12, 13 and 14 become the final jury. If both sides strike one or more of the same jurors, then the eight unstruck jurors with the lowest numbers will be seated. If more than eight jurors (or fewer) are to be seated, then the starting number will be adjusted. So too if more than



a total of six peremptories is allowed.  Once the jury selection is completed, the jurors' names will be read again and they will be seated in the jury box and sworn.  The Court may alter the procedure in its discretion.

        9.     Jurors may take notes.  Note pads will be distributed at the beginning of each trial.  The note pads will be collected at the end of each day and locked in the jury room.  Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

        10.    The Court may permit the jury to pose written questions to witnesses.

**GENERAL DECORUM**

        11.    A trial is a rational and civilized inquiry to seek a just result.  Counsel are expected to conduct themselves with dignity and decorum at all times.  Disruptive tactics or appeals to prejudice are not acceptable.

        12.    Colloquy between counsel on the record is not permitted -- all remarks are to be addressed to the Court.

        13.    Vigorous advocacy does not preclude courtesy to opposing counsel and witnesses and respect for the Court.  Addressing witnesses or parties by first names or the Court by "Judge" or "Sir" on the record is not appropriate.

        14.    Counsel shall not engage in activity at counsel table or move about the courtroom while opposing counsel is arguing or questioning witnesses, or in other ways cause distraction.  Neither counsel nor client should indicate approval, disapproval or otherwise react to any testimony or argument.

**OPENING STATEMENTS**

        15     Each side will have a predetermined time limit for its opening statement.  Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

United States District Court
For the Northern District of California

6

United States District Court
For the Northern District of California

Opening statements will commence as soon as the jury is sworn. Opening statements should be limited to an objective summary of what counsel expects the evidence to show; no argument or discussion of the law is permissible.

## WITNESSES

16.    At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notice should be provided in writing.

17.    The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

18.    A witness or exhibit not listed in the joint pretrial statement may not be used without good cause. This rule does not apply to true rebuttal witnesses (other than rebuttal experts who must be listed). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

19.    When there are multiple parties, counsel are responsible for coordination of cross-examination to avoid duplication. If there are multiple parties on a side, counsel for only one party may cover a subject matter; reiteration of the examination, whether direct or cross, will not be permitted.

20.    Counsel shall stand at or near the podium to ask questions, straying only to point out material on charts or overheads. Counsel should request permission from the Court to approach the witness or the bench.

21.    Counsel shall treat witnesses with courtesy and respect, and not become familiar (*e.g.*, avoiding the use of first or nick-names).

7

22.     Counsel shall pose brief, direct and simply stated questions, covering one point at a time. Leading questions may be used for background or routine matters.

23.     Cross-examination similarly should consist of brief, simple questions. Cross-examination should not be a restatement of the direct examination and should not be used for discovery.

## EXPERTS

24.     At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back door"). At its discretion, the Court may require the parties' expert witnesses to testify immediately following one another, with appropriate explanatory instructions to the jury.

25.     As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

## USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS

26.     Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a party deponent, "for any purpose." The parties shall abide by the following procedure:

(a)     On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition

8

United States District Court
For the Northern District of California

during a witness examination, they shall provide the Court with a copy and with any corrections at the outset of the examination. This will minimize delay between the original question and the read-ins of the impeaching material. Opposing counsel should have their copy immediately available.

(b)     When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210, lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

(c)     The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it was a Federal Rule of Civil Procedure 30(b)(6) deposition. The first time a deposition is read, the Court will give an appropriate explanation to the jury about depositions. Do not embellish the deposition testimony with follow-on questions.

(d)     When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the jury and the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on. Opposing counsel may then immediately ask to read such additional testimony as is necessary to complete the context.

(e)     To avoid mischaracterizing the record, counsel should not ask, "Didn't you say XYZ in your deposition?" It is unnecessary to ask a witness if he "recalls" the testimony or otherwise to lay a foundation.

(f)     Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**DEPOSITION DESIGNATION**

27.     The following procedure applies only to witnesses who appear by deposition.  It does not apply to live witnesses whose depositions are read into the record while they are on the stand.  To save time and avoid unnecessary work, it is not necessary to make all deposition designations before trial.  Instead, the following steps should be followed:

(a)     To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and then each page containing any testimony to be proffered, with lines through portions of such pages not proffered.  In addition, counsel shall line through objections or colloquy unless they are needed to understand the question.  Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers.  Such interlineations should be done by hand.  The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired.  The packet must be provided to all other parties at least five calendar days before it will be used in court.  For the rare case of voluminous designations, more lead time will be required. Counsel are advised to be reasonable.

(b)     All other parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections.  If a completeness objection is made, the objecting party must insert into the packet the additional passages as needed to cure the completeness objection.  A completeness objection generally should be made only if a few extra lines will cure the problem.  Such additions shall be highlighted in pink and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out or x-out any irrelevant portions of the additional pages.

(c)     The packets, as adjusted, must then be returned to the proffering party, for consideration of whether to accept the adjustments.  The parties shall meet and confer.  Counsel for the proffering party must collate and assemble a

10

final packet that covers the proffer and all remaining issues. At least two calendar days before the proffer will be used, the proponent must provide the Court with the final packet, with any objected-to portions highlighted and annotated as described above. For the rare case of voluminous designations, more lead time will be required. If exhibits are needed to resolve the objections, counsel should include copies, and highlight and tag the relevant passages. Counsel should alert the Court on the record that the packet is being provided and advise as to whether any rulings are needed. If so, the Court will then read the packet and indicate its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

       (d)     Counter-designations must be made by providing a packet with the counter-designated passages to the proponent at the same time any objections to the original proffer are returned to the first proffering party, who must then supply its objections in the same manner.

       (e)     When the packet is read to the jury, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition the reader and "witness" shall refrain from undue emoting, emphasis or other dramatization. The same procedure shall be followed when a video-taped deposition is to be played instead, in order to facilitate rulings on objections. The video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

### REQUESTS FOR ADMISSIONS AND INTERROGATORIES

28.    Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

# EXHIBITS

29.    Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

30.    Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions.  Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines).  If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number.  Different *versions* of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers.  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers).  The jury should always hear any given exhibit referred to by its unique number. There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

31.    The exhibit tag shall be in the following form:

```
┌─────────────────────────────────────────┐
│                                         │
│        UNITED STATES DISTRICT COURT     │
│       NORTHERN DISTRICT OF CALIFORNIA   │
│                                         │
│        TRIAL EXHIBIT 100                │
│                                         │
│   CASE NO. _____     │
│                                         │
│   DATE ENTERED_____          │
│                                         │
│   BY _____   │
│            DEPUTY CLERK                 │
│                                         │
└─────────────────────────────────────────┘
```

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential.  Place the tag on or near the lower right-hand corner or, if a photograph, on the back.  Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a *single* set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal.  Each exhibit must be tagged and in a separate folder (not in notebooks).  Deposit the exhibits with the deputy clerk on the first day of trial. The tags can be adhesive or stapled on.

32.    Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, counsel should bring them promptly to the Court's attention.

33.    In addition to the official record exhibits, two copies of the joint sent of bench binders containing a copy of the exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench set).  In large letters, the labels should identify the range of exhibit numbers contained in a binder.

34.    Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.  Counsel may, but are not required to, jointly

13

provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August 17, 1999). This list may go into the jury room to help the jury sort through exhibits in evidence.

35.    Exhibit notebooks for the jury will not be permitted. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. Poster blow-ups should be about 4' x 6' to be seen by all jurors. Any overhead projector should have a powerful light to help in jury viewing. Counsel must have a practical means for all important documents to be published to the jury. It is permissible to highlight, circle or underscore in the enlargements so long as it is clear that it was not on the original. The Court will not allow monitors and screens in the jury box — one large monitor or screen, if any, should be used.

## OBJECTIONS

36.    Counsel shall stand when making objections and shall not make speaking objections.

37.    There can only be one lawyer per witness per party for all purposes, including objections. Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

38.    Side bar conferences are discouraged. The procedure described above should eliminate the need for most side bar conferences. If a lawyer requests and the Court agrees to a side bar, the side bar will be charged to that lawyer's time allotment.

39.    To maximize jury time, counsel must alert the Court in advance of any problems that will require discussion outside the presence of the jury, so that the conference can be held before court begins or after the jury leaves for the day.

## STIPULATIONS

40.    You must read all stipulations to the jury (slowly) in order for them to become a part of the record.

14

**TIME LIMITS**

41.    Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time (as specified above) must fit within your time limit and you may allocate it as you wish. Opening and closing time limits shall be considered separately. Counsel must keep track of everyone's usage. At the end of each day, counsel must confer over the time used and the time remaining for all parties and advise the Court daily. The time taken at a side bar or on objections will still be charged to the examining party unless otherwise ordered.

**CHARGING CONFERENCE**

42.    As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

**SETTLEMENTS AND CONTINUANCES**

43.    Shortly before trial or the final pretrial conference, counsel occasionally wish jointly to advise the clerk that a settlement has been reached and seek to take the setting off calendar but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment. Only an

United States District Court
For the Northern District of California

1  advance continuance expressly approved by the Court will release counsel and the parties from

2  their obligation to proceed.  If counsel expect that a settlement will be final by the time of trial

3  or the final pretrial conference, they should notify the Court immediately in writing or, if it

4  occurs over the weekend before the trial or conference, by voice mail to the deputy clerk.  The

5  Court will attempt to confer with counsel as promptly as circumstances permit to determine if a

6  continuance will be in order.  Pending such a conference, however, counsel must prepare and

7  make all filings and be prepared to proceed with the trial.

8       44.    Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure

9  to provide the Court with timely written notice of a settlement.  Please be aware that any

10  settlement reached on the day of trial, during trial, or at any time after the jury or potential

11  jurors have been summoned without sufficient time to cancel, will normally require the parties

12  to pay juror costs.

13       **IT IS SO ORDERED.**

14

15  _____

16  JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE

17

18  7/06 Rev.

16



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


**GUIDELINES FOR TRIAL AND FINAL PRETRIAL CONFERENCE**

**IN CIVIL BENCH CASES**

**BEFORE THE HONORABLE JEFFREY S. WHITE**


**FINAL PRETRIAL CONFERENCE**

1.      Counsel shall not prepare a joint pretrial conference statement, nor invest time on deposition designations or extracts from interrogatories or requests for admissions at the pretrial conference stage.  Instead, please follow the following procedures:

(a)      In lieu of preparing a joint pretrial conference statement, the parties shall meet and confer in person and prepare a jointly signed proposed final pretrial order to be filed fourteen (14) calendar days in advance of the final pretrial conference.  This joint pretrial conference should contain: (i) a brief description of the substance of claims and defenses which remain to be decided; (ii) a statement of all relief sought; (iii) all stipulated facts; (iv) a list of all factual issues that remain to be tried and organized by counts; (v) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (vi) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other

than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for both the direct and cross examination. Items (v) and (vi) should be appendices to the proposed order. The objective is to convert the proposed order to a final order with the benefit of any discussion at the final pretrial conference.

(b)    In addition to the joint pretrial conference statement, fourteen (14) calendar days in advance of the final pretrial conference, each side shall file their: (i) proposed findings of fact and conclusions of law; and (ii) trial brief.

(c)    The parties shall be prepared to meet and confer at the end of each day of trial in an effort to prepare stipulated findings of fact and conclusions of law and to update the previously submitted proposed findings of fact and conclusions to reflect the proceedings at trial.

(d)    Any motions *in limine* shall be submitted as follows: At least thirty (30) calendar days before the Final Pretrial Conference, the moving party shall serve, but not file, the opening brief. At least twenty (20) calendar days before the Final Pretrial Conference, the responding party shall serve the opposition. There will be no reply.

When the oppositions are received, the parties should collate the motions and the oppositions together for inclusion in a binder, as set forth below, and then shall file the moving papers and the opposition briefs no later than fourteen (14) calendar days before the conference. Each motion should be presented in a separate memo and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Please limit motions *in limine* to circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single, separate topic, and contain no

1    more than seven pages of briefing per side.  Leave of Court will be required to file

2    more than five motions or to exceed the page limitations.  A binder containing all

3    motions in limine should be submitted to the Clerk's office in an envelope clearly

4    marked with the case number and "JSW chambers copy."

5    2.    The joint proposed final pretrial order shall be submitted on a 3-3/4-inch disk in

6    WordPerfect 10.0 format, as well as in hard copies.  All hard-copy submissions should submitted

7    in a binder to the Clerk's office in an envelope clearly marked with the case number and "JSW

8    chambers copies".

9    3.    At the final pretrial conference, the above submissions shall be considered and

10    argued.  The parties shall submit a joint summary of all rulings in proposed order format.

**PRETRIAL ARRANGEMENTS**

12    4.    Should a daily transcript and/or real-time reporting be desired, the parties shall

13    make arrangements with the Supervisor of the Court Reporting Services, at (415) 522-2079, at

14    least ten calendar days prior to the trial date.

15    5.    During trial, counsel may wish to use overhead projectors, laser-disk/computer

16    graphics, poster blow-ups, models or specimens of devices.  If monitor screens are used, there

17    should be a single large screen (not multiple small screens) viewable by the Court, the witness

18    and most counsel.  It should be large and bright enough to be seen when placed on the opposite

19    side of the courtroom.  If counsel cannot conveniently see the screen, counsel may have a small

20    monitor at counsel table.  If both overhead projector and video equipment are to be used, a single

21    projection screen is best, thus requiring a projection-type video rather than a monitor.  If video

22    equipment is used, equipment capable of instantly accessing the relevant portions of transcripts

23    and graphics should be used (rather than, for example, raw video tapes made at depositions

24    which take time to forward or to rewind).  Equipment should be shared by all counsel to the

25    maximum extent possible.  The Court provides no equipment other than an easel.  The United

26    States Marshal requires a court order to allow equipment into the courthouse.  For electronic

27    equipment, parties should be prepared to maintain the equipment or have a technician handy at

28    all times.  For overhead projectors, the parties shall provide a spare bulb.  The parties shall tape

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   extension cords to the carpet for safety.  The parties shall disassemble and store all equipment in

2   the courtroom at the end of each court day.  The parties may work with the deputy clerk, Jennifer

3   Ottolini (415-522-4173), on all courtroom-layout issues.

### SCHEDULING

5   6.      Trial normally will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to

6   finish a witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays.

7   Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard before the

8   evidence begins.  This schedule may be modified at the discretion of the Court.

### OPENING STATEMENTS

10   7.      If openings are permitted, each side will have a predetermined time limit for its

11   opening statement.  Counsel should meet and confer to exchange any visuals, graphics or

12   exhibits to be used in the opening statements, allowing for time to work out objections and any

13   reasonable revisions.

### WITNESSES

15   8.      At the close of each trial day, all counsel shall exchange a list of witnesses for the

16   next two full court days and the exhibits that will be used during direct examination (other than

17   for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel shall

18   provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

19   same witness on cross-examination (other than for impeachment).  The first notice shall be

20   exchanged prior to the first day of trial.  All such notice should be provided in writing.

21   9.      The parties shall have all upcoming witnesses on the same day available in the

22   courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to

23   proceed with the evidence will usually be deemed to constitute resting.  If counsel plans to read

24   in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to

25   read into the record.

26   10.     A witness or exhibit not listed in the joint pretrial statement may not be used

27   without good cause.  This rule does not apply to true rebuttal witnesses (other than rebuttal

28

experts who must be listed). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

11.     When there are multiple parties, counsel are responsible for coordination of the cross-examination to avoid duplication.

12.     Counsel shall stand at or near the podium to ask questions, straying only to point out material on charts or overheads. Counsel should request permission from the Court to approach the witness or the bench.

13.     On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination.

14.     In lieu of direct testimony, the Court will consider receiving "prepared direct" testimony in the form of declarations. When the witness is presented, the proponent must verbally summarize the direct. Live cross-examination and redirect shall then occur.

### EXPERTS

15.     At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the Court. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back door"). At its discretion, the Court may require the parties' expert witnesses to testify immediately following one another

16.     As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project

United States District Court
For the Northern District of California

*future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

17.    The case management order will set out the timetable for expert reports.

**USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS**

18.    Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a party deponent, "for any purpose." The parties shall abide by the following procedure:

(a)    This will minimize delay between the original question and the read-ins of the impeaching material. Opposing counsel should have their copy immediately available.

(b)    When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210, lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

(c)    The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it was a Federal Rule of Civil Procedure 30(b)(6) deposition.

(d)    When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on. Opposing counsel may then immediately ask to read such additional testimony as is necessary to complete the context.

(e)    Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

6

United States District Court
For the Northern District of California

## DEPOSITION DESIGNATION

19.    The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read into the record while they are on the stand. To save time and avoid unnecessary work, it is not necessary to make all deposition designations before trial. Instead, the following steps should be followed:

(a)    To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and then each page containing any testimony to be proffered, with lines through portions of such pages not proffered. In addition, counsel shall line through objections or colloquy unless they are needed to understand the question. Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers. Such interlineations should be done by hand. The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired. The packet must be provided to all other parties at least five calendar days before it will be used in court. For the rare case of voluminous designations, more lead time will be required. Counsel are advised to be reasonable.

(b)    All other parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert into the packet the additional passages as needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions shall be highlighted in pink and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out or x-out any irrelevant portions of the additional pages.

(c)    The packets, as adjusted, must then be returned to the proffering party, for consideration of whether to accept the adjustments. The parties shall meet and confer. Counsel for the proffering party must collate and assemble a

final packet that covers the proffer and all remaining issues. At least two calendar days before the proffer will be used, the proponent must provide the Court with the final packet, with any objected-to portions highlighted and annotated as described above. For the rare case of voluminous designations, more lead time will be required. If exhibits are needed to resolve the objections, counsel should include copies, and highlight and tag the relevant passages. Counsel should alert the Court on the record that the packet is being provided and advise as to whether any rulings are needed. If so, the Court will then read the packet and indicate its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

(d)     Counter-designations must be made by providing a packet with the counter-designated passages to the proponent at the same time any objections to the original proffer are returned to the first proffering party, who must then supply its objections in the same manner.

(e)     When the packet is read in court, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition the reader and "witness" shall refrain from undue emoting, emphasis or other dramatization. The same procedure shall be followed when a video-taped deposition is to be played instead, in order to facilitate rulings on objections. The video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

**REQUESTS FOR ADMISSIONS AND INTERROGATORIES**

20.     Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

8

United States District Court
For the Northern District of California

# EXHIBITS

21.     Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

22.     Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions.  Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines).  If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number.  Different *versions* of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers.  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number,  if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers). There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

23.    The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# TRIAL EXHIBIT 100

CASE NO. _____

DATE ENTERED_____

BY _____
DEPUTY CLERK

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a *single* set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged and in a separate folder (not in notebooks). Deposit the exhibits with the deputy clerk on the first day of trial. The tags can be adhesive or stapled on.

24.    Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

25.    In addition to the official record exhibits, two copies of the joint set of bench binders containing a copy of the exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider (an exhibit tag is unnecessary for the bench set). In large letters, the labels should identify the range of exhibit numbers contained in a binder.

United States District Court
For the Northern District of California

26.     Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August 17, 1999).

## OBJECTIONS

27.     Counsel shall stand when making objections and shall not make speaking objections.

28.     There can only be one lawyer per witness per party for all purposes, including objections. Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

## TIME LIMITS

29.     Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time (as specified above) must fit within your time limit and you may allocate it as you wish. Opening and closing time limits shall be considered separately. Counsel must keep track of everyone's usage. At the end of each day, counsel must confer over the time used and the time remaining for all parties and advise the Court daily. The time taken at a side bar or on objections will still be charged to the examining party unless otherwise ordered.

## SETTLEMENTS AND CONTINUANCES

30.     Shortly before trial or the final pretrial conference, counsel occasionally wish jointly to advise the clerk that a settlement has been reached and seek to take the setting off calendar but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment. Only an

advance continuance expressly approved by the Court will release counsel and the parties from their obligation to proceed. If counsel expect that a settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in writing or, if it occurs over the weekend before the trial or conference, by voice mail to the deputy clerk. The Court will attempt to confer with counsel as promptly as circumstances permit to determine if a continuance will be in order. Pending such a conference, however, counsel must prepare and make all filings and be prepared to proceed with the trial.

**IT IS SO ORDERED.**

_Jeffrey S. White_

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7/06 Rev.