Deborah C. Prosser (SBN 109856)
Email: Deborah.Prosser@KutakRock.com
Stephanie A. Hingle (SBN 199396)
Email: Stephanie.Hingle@KutakRock.com
KUTAK ROCK LLP
515 South Figueroa Street, Suite 1240
Los Angeles, CA 90071-3329
Telephone: (213) 312-4000
Facsimile: (213) 312-4001

Attorneys for Defendants
GENERAL ELECTRIC COMPANY, GE
HEALTHCARE INC. and GE HEALTHCARE
BIO-SCIENCES CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER JAY GERBER and MIRIAM GOLDBERG,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | CASE NO. CV-07-05918-JSW<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>**[Jury Trial Demanded]**<br><br>(San Francisco County Superior Court Case No. CGC07468577)<br><br>Reserved Hearing:<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 11, 2008 at 9:00 a.m. in Courtroom 2, 17th Floor of the above-entitled Court located at 450 Goldengate Ave., San Francisco, California, Defendants General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. ("the GE Defendants") will and hereby do move this Court for an

4824-0787-8402.1

order staying proceedings in anticipation of a ruling from the Judicial Panel on Multidistrict Litigation (the "Panel") on a pending motion for MDL treatment.

    This Motion is based upon this Notice, the Memorandum of Points and Authorities filed concurrently herewith, the papers and pleadings on file in this matter, and on such further oral and documentary evidence as may be presented at or before the hearing on the Motion.

Dated: December 4, 2007        KUTAK ROCK LLP

By: /s/ Stephanie Hingle
Deborah C. Prosser
Stephanie A. Hingle
Attorneys for Defendants
GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC. and
GE HEALTHCARE BIO-SCIENCES, CORP.

## BACKGROUND

On October 26, 2007, certain plaintiffs filed a motion and supporting brief with the Judicial Panel on Multidistrict Litigation ("the Panel") seeking transfer under 28 U.S.C. § 1407 of all federal cases involving Gadolinium-based contrast agents to a single court for coordinated pretrial management (the "MDL motion"). In seeking MDL treatment, the moving plaintiffs noted that a number of cases are pending in federal courts across the country involving Gadolinium-based contrast agents, including the product at issue in this case, the FDA-approved Omniscan™. A copy of the pending motion and supporting brief are attached hereto as Exhibit "A" ("MDL Motion" and "MDL Brief," respectively), *and see* MDL No. 1909--In Re: Gadolinium Contrast Dyes Products Liability Litigation. The moving plaintiffs stated that an MDL was necessary to coordinate the discovery and pretrial administration of this litigation with more than 30 filed cases around the country to date. Responses to the pending motion are due on December 6, 2007. It is anticipated that the MDL coordination of cases will be considered by the Panel at its January 2008 hearing. The stay sought by Defendants would be in effect pending resolution of the MDL motion which likely will be heard on the Panel's January 2008 docket.

The moving plaintiffs have argued for MDL because pretrial coordination of these actions will eliminate the duplication of discovery, serve the convenience of the numerous parties and witnesses, expedite the just and efficient administration of these complex actions, avoid inconsistent rulings on critical pretrial matters, and conserve the resources of the parties, their counsel, and the federal judiciary. (See 28 U.S.C. § 1407; see also, MDL Brief at 12.) Indeed, moving plaintiffs state in their motion that "absent the transfer of all of these related cases to a single forum for coordination and consolidated pretrial proceedings, the Plaintiffs and Defendants will probably be forced to contend with inconsistent and conflicting pretrial rulings in federal district courts all over the country." (See MDL Motion at ¶ 13.)

///

///

4824-0787-8402.1                                    - 3 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR STAY OF PROCEEDINGS                         CASE NO. CV 07-5918JSW

# ARGUMENT

## I. THIS CASE SHOULD BE STAYED PENDING THE PANEL'S TRANSFER DECISION

Guided by policies of justice and efficiency, this Court should exercise its discretion to stay all further proceedings in this case pending the Panel's action. (See *Conner v. AT&T Bellsouth*, No. 06-0632, 2006 WL 1817094, *3 (E.D. Cal.) June 30, 1996.)[1] The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (*Landis v. North American Co.*, 299 U.S 248, 254 (1936).) Numerous courts have stayed proceedings pending determinations by the Panel on the appropriateness of coordination under Section 1407. (See, *e.g.*, *U.S. Bank v. Royal Indem. Co.*, No. Civ.A.3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997).) When deciding whether to issue a stay pending a decision by the Panel, courts look at (1) considerations of judicial economy and (2) prejudice to the parties. (*Rivers*, 980 F. Supp. at 1360.) As described below, consideration of both these factors favor the granting of a stay of this action.

### A. Judicial Economy Mandates a Stay.

Defendants timely removed this case from state court. If this Court decided not to issue a stay, it may enter rulings that would need to be reconsidered after coordination. To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter and other actions should proceed in an orderly, coordinated fashion, as directed by a single court if selected by the MDL Panel to coordinate these cases. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." (2002 WL 31114069 at *2.) At this point, this Court has no

---

[1] See Exhibit "B."

need to expend its resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." (See *Rivers*, 980 F. Supp. at 1360.) The Court likewise has no need to hold status conferences or issue discovery orders prior to the Panel's ruling, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." (*Id.*) Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. (See, *e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert)*; *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment).) Accordingly, a stay will conserve judicial resources.

### B.     There Will be no Prejudice to the Parties.

The potential prejudice to Plaintiff if the action is stayed is non-existent. Plaintiff has expended limited, if any, resources to date, this action is in its infancy, and no discovery has begun in this action. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in an MDL. Thus, Plaintiff will not suffer prejudice as a result of a stay. Furthermore, the short-term stay sought by Defendants will not unduly delay or burden Plaintiff's preparations for trial, which is still many months and potentially more than a year in the future.

///
///
///
///
///
///
///
///

## II. **CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant their motion to stay all proceedings in this case pending resolution of the MDL motion before the Panel for transfer of this case to a single court for coordinated pretrial management.

Dated: December 4, 2007                                 KUTAK ROCK LLP

By: *Stephanie Hingle*
Deborah C. Prosser
Stephanie A. Hingle
Attorneys for Defendants
GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC. and
GE HEALTHCARE BIO-SCIENCES, CORP.

# PROOF OF SERVICE
*Peter Jay Gerber, et al. vs. Bayer Corporation, et al.*
*U.S. District Court, Northern District of California,*
*San Francisco Division, Case No. CV-07-5918*
*(San Francisco Superior Court Case No.: CGC-07-468577)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, Suite 1240, Los Angeles, California 90071.

On December 4, 2007, I served the following documents described as

**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

on all interested parties in this action by placing a true copy or the original thereof enclosed in a sealed envelope or package addressed as stated on the attached mailing list.

[ ] **(BY FACSIMILE)** The facsimile machine I used complied with Rule 2.301(3) and no error was reported by the machine. Pursuant to Rule 2.306(g)(4), I caused the machine to print a record of the transmission.

[ ] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX] **(BY NOTICE OF ELECTRONIC FILING)** Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

[ ] **(BY OVERNIGHT DELIVERY/COURIER)** I delivered such envelope or package to a courier or driver authorized by the express service carrier; or deposited such envelope or package to a regularly maintained drop box or facility to receive documents by the express service carrier with delivery fees provided for.

[ ] **(BY MESSENGER)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them

to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*)

[ ] **(BY PERSONAL SERVICE)** I delivered the foregoing envelope by hand to the offices of the addressee.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on December 4, 2007, at Los Angeles, California.

_____
Virginia L. Gomez

## SERVICE LIST

| | |
|---|---|
| Lawrence J. Gornick<br>Debra DeCarli<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Tel: 415-646-7160<br>Fax: 415-981-1270<br>Email: lgornick@lskg-law.com<br>　　　　ddecarli@lskg-law.com<br>***Attorneys for Plaintiffs*** | Bruce W. Blakely<br>Flaxman & Blakely, An Association<br>591 Redwood Highway, Suite 2275<br>Mill Valley, CA 94941<br>Tel: 415-381-6650<br>Fax: 415-381-4301<br>Email: bruce@brucewblakely.com<br>***Attorneys for Plaintiffs*** |
| Kenneth P. Conour<br>Drinker Biddle & Reath LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105-2235<br>Tel: 415-591-7500<br>Fax: 415-591-7510<br>Email: Kenneth.Conour@dbr.com<br>***Attorneys for Bayer Healthcare Pharmaceuticals Inc.*** | |