# EXHIBIT A

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: GADOLINIUM BASED CONTRAST DYE PRODUCTS LIABILITY ACTION ) ) ) ) | MDL Docket No.: _____ |

## MOTION FOR TRANSFER OF ACTIONS TO
## THE SOUTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407
## FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs request Transfer of all products liability actions involving gadolinium based contrast dyes to the Southern District of Ohio. Movants have filed actions against the manufacturers of certain gadolinium based contrast dyes, including eight pending actions in Ohio, two in Tennessee, one in Colorado, and one in Louisiana. Movants represent the Plaintiffs in twelve of the twenty-four related cases that have been filed to date. All related actions, including those actions filed by Movants, by other Plaintiffs, and by future Plaintiffs, involve common questions of law and fact and arise from Plaintiffs' development of nephrogenic systemic fibrosis from administration of gadolinium containing contrast dyes. Patients,

such as Plaintiffs, with impaired renal function who receive such dyes are at risk of developing this horrific disease. In addition to issues of causation, common issues also include whether the Defendants knew of this risk and failed to disclose it to the medical community and/or consumers. All related actions seek damages for personal injury and/or economic damages on behalf of individuals exposed to gadolinium based contrast dyes, asserting various state law claims, such as negligence, products liability, breach of warranty, negligent misrepresentation, and/or fraud regarding the risks of gadolinium based contrast dyes. Movants respectfully request an Order transferring these related actions and future-filed actions to the Southern District of Ohio as the most appropriate and convenient forum.

## I. Factual basis underlying the Movants' Motion for a Consolidated Proceeding Pursuant to 28 U.S.C. §1407

In light of recent medical and scientific literature indicating a causal connection between the use of gadolinium based contrast dyes (hereinafter "GBCD") and the systemic disorder nephrogenic systemic fibrosis (hereinafter "NSF"), injured Plaintiffs across the country have filed individual products liability actions in federal district courts. The administration of GBCD, including the specific products Omniscan, Magnevist, OptiMARK as manufactured and marketed by the Defendants in these actions, to patients with impaired kidney function, can cause the development of NSF, a painful, debilitating, and sometimes fatal disease, somewhat similar to extensive and progressive scleroderma. The administration of the GBCD ProHance and MultiHance may also cause the injuries described above, but upon information and belief, those two GBCD are less likely to cause such injuries. The disease is characterized by immobilizing skin thickening, joint contractures, and fibrotic hardening of the organs and

organ systems.  NSF cannot be cured.  NSF was first observed by the medical community between 1997 and 2000, and the association between NSF and GBCD was suggested in the medical literature in January of 2006.  Despite this, the labels of GBCD did not mention NSF until 2007.  At that time, on May 23, 2007, the FDA mandated a Black Box warning indicating that exposure to gadolinium based contrast dyes have been associated with the development of NSF.

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the twelve Movants submit the following averments and the Memorandum of Law attached hereto in support of their request for coordinated or consolidated pretrial proceedings.  Movants respectfully submit that the Southern District of Ohio would be the most centralized, convenient, and efficient jurisdiction for consolidation.

## II.    Averments

In support of their Motion, the Movants aver as follows:

1.  The Movants are the Plaintiffs in the following products liability actions, all of which assert substantially similar claims and seek nearly identical relief:

   a. *Alisha A. Hagwood and Christian Spencer, a minor by and through his mother and natural guardian Alisha A. Hagwood v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp* (terminated 10/1/2007), Case No. 2:07 CV 548, filed on June 8, 2007 and currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, before the Honorable

Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit A);

b. *Robert W. Murray and Linda S. Murray v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.* (terminated 10/1/2007), Case No. 2:07 CV 00612, filed on June 27, 2007 and currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit B);

c. *Carolyn Hall, executor of the estate of Gregory Lee Hall v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, Case No. 2:07 CV 942, filed on September 17, 2007 and currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit C);

d. *Lance A. Voeltner v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, Case No. 2:07 CV 943, filed on September 17, 2007 and currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit D);

e.  *Paul W. Frazier, and Margaret E. Frazier v. Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc.,* Case No. 2:07 CV 1005, filed on October 3, 2007, and currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, before the Honorable Gregory Frost (Docket sheet and Complaint submitted herewith as Exhibit E);

f.  *John G. Walker and Marilyn D. Walker v. Tyco Healthcare Group LP, Tyco International (US), Inc., and Mallinckrodt, Inc.,* Case No. 1:07CV741, filed on March 14, 2007, and currently pending in the United States District Court for the Northern District of Ohio, Eastern Division, before the Honorable Sara Lioi (Docket sheet and Complaint submitted herewith as Exhibit F);

g.  *Beverly Rockwell, Administratrix of the estate of Trevor Drake v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, and General Electric Company,* Case No. 1:07CV01564, filed on May 29, 2007, and currently pending in the United States District Court for the Northern District of Ohio, Eastern Division, before the Honorable Dan A. Polster (Docket sheet and Complaint submitted herewith as Exhibit G);

h.  *Gwendolyn Dennis v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., and Novation, LLC,* Case No. 1:07 CV 2849, filed on September 19, 2007, and currently pending in the United States District Court for the Northern District of Ohio, Eastern

Division, before the Honorable Patricia A. Gaughan (Docket sheet and Complaint submitted herewith as Exhibit H);

i. *Danielle Marie Snyder, Individually and on behalf of all others similarly situated v. GE Healtcare, Inc., General Electric Company, and XYZ Corporation*, Case No. 3:07CV00290, filed on March 9, 2007 and currently pending in the United States District Court for the Middle District of Tennessee, Nashville Division, before the Honorable William Haynes (Docket sheet and Complaint submitted herewith as Exhibit I);

j. *Jeanetta Deason v. General Electric Company, GE Healtchare, Inc., GE Healthcare Bio-Sciences Corp. (terminated 10/10/2007)*, Case No. 3:07CV0619, filed on June 8, 2007, and currently pending in the United States District Court for the Middle District of Tennessee, Nashville Division, before the Honorable William Haynes (Docket sheet and Complaint submitted herewith as Exhibit J);

k. *Greta Carolus and Jim Carolus, as spouse to Greta Carolus v. General Electric Co., GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (terminated 10/3/2007)*, Case No. 1:07-cv-00714, filed on April 6, 2007, and currently pending in the United States District Court for the District of Colorado, Denver Division, before the Honorable Wiley Y. Daniel (Docket sheet and Complaint submitted herewith as Exhibit K);

l. *Ronald Corkern, III v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (terminated 10/16/2007)*, Case No. 1:07CV0979, filed on June 8, 2007, and currently pending in the

United States District Court Western District of Louisiana, Alexandria Division before the Honorable Dee Drell (Docket sheet and Complaint submitted herewith as Exhibit L).

2. Counsel for the Movants are aware of other related actions identified in the attached Schedule of Actions (Exhibit M).

3. In addition to the actions identified in Averment 1 and the related actions identified in Averment 2 and documented in Exhibit M, the Movants expect that many additional claims will be filed in the future on the basis of the total population of patients who have developed NSF by virtue of their exposure to GBCD as described in the developing body of medical and scientific literature.

4. The actions identified in Averment 1, the related actions identified in Averment 2 and documented in Exhibit M, and all related future-filed actions involve common questions of law and fact and focus on the alleged risk of the development of nephrogenic systemic fibrosis from administration of gadolinium containing contrast dyes to patients with impaired renal function and whether the Defendants knew of this risk and failed to disclose it to the medical community and/or consumers.

5. All of these actions also allege the same claims concerning the defectiveness of the contrast agent, the manufacturer's knowledge of the product's dangerous propensities, and the manufacturer's failure to warn of those dangerous propensities.

6. In addition, the actions identified in Averment 1, the related actions identified in Averment 2 and documented in Exhibit M, and all related future-filed actions that name as Defendants one or more manufacturer of GBCD including General Electric Company and its affiliates (hereinafter "GE"), Bayer Healthcare Pharmaceuticals, Inc.

and its affiliates (hereinafter "Bayer"), Tyco Healthcare Group LP and its affiliates (hereinafter "Tyco"), and Bracco Diagnostics, Inc. and its affiliates (hereinafter "Bracco").

7. The products manufactured by GE, Bayer, and Tyco are purported in filed and related future-filed actions to be similarly defective in design, manufacture, and labeling, and it is further alleged that those defects have resulted in the development of NSF in patients with impaired kidney function. As such, the cases against these Defendants involve common questions of law and fact.

8. All related actions seek damages for personal injury and/or economic damages on behalf of individuals exposed to GBCD, asserting various state law claims, such as negligence, products liability, breach of warranty, negligent representation, and/or fraud regarding the risks of gadolinium based contrast dyes.

9. Although the cases involved in the filed and related future-filed actions may name a different Defendant as the manufacturer of the product administered to the specific Plaintiff in that action, the claims involve identical allegations regarding inherent design defects, manufacturing defects, and labeling defects that thereby promote the development of NSF in patients with renal insufficiency.

10. On May 23, 2007, after protracted negotiations with some of the manufacturers, the FDA requested that a "black box" warning be added to the product labeling for all FDA-approved GBCD stating that "patients with severe kidney insufficiency who receive GBCD are at risk for developing a debilitating and potentially fatal disease known as nephrogenic systemic fibrosis (NSF)." (FDA News Release dated May 23, 2007 submitted herewith as Exhibit N).

11. Because the products manufactured by GE, Bayer, Tyco, and/or Bracco were all marketed and distributed throughout the country, many patients have received documented administrations of more than one brand of GBCD. As such, Plaintiffs may allege liability against multiple Defendants for such Plaintiffs' injuries.

12. The discovery process in each action identified in Exhibit M and future related actions will involve substantially similar, if not identical, documents and witnesses.

13. Absent the transfer of all of these related cases to a single forum for coordination and consolidated pretrial proceedings, the Plaintiffs and Defendants will probably be forced to contend with inconsistent and conflicting pretrial rulings in federal district courts all over the country.

14. Defendant GE has already produced to undersigned Plaintiffs' Counsel the IND and NDA indexes, and undersigned Plaintiffs' Counsel are negotiating with GE regarding a production schedule.

15. The Movants affirmatively state that the proceedings in Ohio are more advanced than other federal proceedings and have been pending in federal court since June of 2007, more than four months before the filing of the MDL petition.

16. At this time, four cases have been consolidated before the Honorable Algenon Marbley in the United States District Court for the Southern District of Ohio. The Southern District of Ohio, where Judge Marbley has already dedicated significant time to supervising this litigation, is the most convenient and appropriate forum for transfer of these actions. Judge Marbley has already held the First Pretrial Conference, entered a scheduling order, accepted a consolidation of similar cases, and set scheduling dates and deadlines. The parties have already exchanged their initial

disclosures.    Plaintiffs have served multiple discovery requests.    As such, the Ohio litigation has proceeded further than the other federal actions that are more recently filed or less advanced.

17. In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel have entered into a Stipulated Order Regarding the Format of Production by the GE Defendants filed on September 19, 2007.

18. In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel have entered into a Stipulated Order Regarding Service of Documents with the GE Defendants.

19. In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel served their First Requests for the Production of Documents on October 3, 2007.

20. In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel served their First Interrogatories and Second Requests for the Production of Documents on October 18, 2007.

21. In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel have noticed 30(B)(6) Depositions.

22. Undersigned counsel entered into a tolling agreement with the GE Defendants related to a subsidiary known as GE Healthcare Bio-Sciences Corp. on October 3, 2007.

23. For the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Movants submit that, when taking into consideration the relevant factors in selecting an appropriate transferee forum under 28 U.S.C. §1407,

the United States District Court for the Southern District of Ohio is best suited to manage these proceedings and to coordinate these common issues of fact.

WHEREFORE, Movants respectfully request that the Judicial Panel on Multidistrict Litigation enter an Order consolidating all pretrial proceedings for the actions identified herein, together with any similar actions subsequently filed, and transferring that consolidated proceeding to the United States District Court for the Southern District of Ohio.

Dated: October 22, 2007

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

# BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re:  GADOLINIUM BASED CONTRAST )<br>DYE PRODUCTS LIABILITY ACTION )<br> ) | MDL Docket No.: _____ |

## BRIEF IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS
## TO THE SOUTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407
## FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, the Plaintiffs submit the following Memorandum

in Support of their Motion for Transfer of Actions to the Southern District of Ohio and for

Coordinated or Consolidated Pretrial Proceedings.  All related actions, including those

actions filed by Movants, by other Plaintiffs, and by future Plaintiffs, involve common

questions of law and fact and arise from Plaintiffs' development of nephrogenic

systemic fibrosis as a result of exposure to gadolinium based contrast dyes.  Movants

respectfully request an Order transferring these related actions and future-filed actions

to the Southern District of Ohio for consolidated pre-trial proceedings because

proceedings are advanced and already consolidated in this venue as described below,

and transfer to the Southern District of Ohio will promote the convenience and consistency of the litigation and serve judicial economy.

## I. BACKGROUND

### A. History of Gadolinium based Contrast Dyes

Gadolinium based contrast dyes (hereinafter "GBCD") are chemical compounds consisting of the radioactive metal gadolinium that is coated with a protective chelate. Because gadolinium is known to be highly toxic in its free form in the human body, the chelate is essential to the use of gadolinium during imaging procedures such as MRI's.[1], [2], [3] To avoid the toxic effects of gadolinium, the gadolinium ion and its chelate must be rapidly excreted before the gadolinium has time to dissociate from its chelate and become free within the body.[4]

Gadolinium is not naturally occurring in the human body, and it is not absorbed, breathed, or consumed into the body. It appears in the body only as a result of injection, and it is only excreted from the body through the kidneys by glomerular filtration. As such, when it is administered to a patient with impaired renal function, the rate of excretion is significantly decreased; the gadolinium and its protective chelate coating have more time to disassociate; and the gadolinium is more likely to become free, toxic gadolinium in the patient's body. The toxic effects of free gadolinium have developed into the systemic disorder, nephrogenic systemic fibrosis (NSF).

Five GBCD are approved for use in the United States. Omniscan, manufactured

---

[1] Shao-Pow Lin & Jeffrey J. Brown, *MR Contrast Agents: Physical and Pharmacologic Basics*, 25 J. MAGNETIC RESONANCE IMAGING 884–899 (2007).
[2] P. Dawson & M. Blomley, *Gadolinium Chelate MR Contrast Agents*, 49 CLINICAL RADIOLOGY 439-442 (1994) (Editorial).
[3] J.S. Mann, *Stability of Gadolinium Complexes In Vitro and In Vivo*, 17 J. COMP. ASSIST. TOMOGR. Suppl. 1 at S19-23 (1993).
[4] *Id.*

and marketed by General Electric Company and its affiliates and subsidiaries (hereinafter "GE") appears from the medical literature to have the highest rate of dissociation, and it thus has been associated with the most cases of NSF. Magnevist, manufactured and marketed by Bayer Corporation and its affiliates and subsidiaries (hereinafter "Bayer") was approved in 1988 and likewise has a chemical composition that results in a high rate of dissociation and has been associated with many occurrences of NSF. Tyco Healthcare and its affiliates and subsidiaries (hereinafter "Tyco") manufacture and market the GBCD OptiMARK, which was approved in 1999 and has also been associated with the development of NSF.

Bracco Diagnostics and its affiliates and subsidiaries (hereinafter "Bracco") manufacture and market two different GBCD. The first is ProHance, which was approved in 1992, and the second is MultiHance, which was approved in 2004. Upon information and belief, the two products manufactured and marketed by Bracco are safer than Omniscan, Magnevist, and OptiMARK, and of the GBCD approved for use in the United States, they appear to be the least likely to permit the release of free gadolinium into the body and cause the development of NSF.

An essential feature that influences the binding between the gadolinium ion and its chelate and also influences the rate of dissociation is the configuration of the metal/chelate complex. One category of gadolinium/chelate complex is the macrocylic or "ringed" compound where the gadolinium is "caged" in a pre-organized cavity in the molecular structure. An example of this type of compound is ProHance. By contrast, Omniscan, Magnevist and OptiMARK are linear chelates. Medical and scientific literature has long recognized that the macrocyclic chelates are more stable *in vitro* and

*in vivo* than linear ones.  This stability is characterized by the resistance of the chelate to dissociation—having the chelate abandon its gadolinium ion in favor of other naturally-occurring elements such as zinc, copper, calcium or iron.

The rate of dissociation increases in direct relation to the amount of time the gadolinium and its chelate are in the human body.  In a patient with healthy kidney function, GBCD have a half-life of 90-120 minutes.  In patients with renal impairment, however, the GBCD have a half-life of 30 hours or longer. [5]

Suspicions that free gadolinium in the body may lead to the development of NSF resulted in the release of a Dear Healthcare Professional letter issued by the GE Defendants on June 6, 2006 regarding twenty-five cases of NSF in two European hospitals in the preceding four years.  The FDA followed-up on June 8, 2006, reporting "a possible link between NSF/NFD and exposure to gadolinium containing contrast agents used at high doses for a procedure called Magnetic Resonance Angiography (MRA)."  As more articles connecting the development of NSF to GBCD appeared in the medical and scientific literature, the FDA increased their warnings on December 22, 2006.  On December 28, 2006 Tyco sent out its own 'Dear Healthcare Professional' letter reporting that while "the FDA was aware of 25 cases of NSF/NFD in patients exposed to a gadolinium containing contrast agent other than OptiMARK...Tyco Healthcare/Mallinckrodt has received a small number of reports of NSF/NFD in patients with renal failure who were exposed to OptiMARK." [6]  Tyco reiterated the FDA recommendations and added no new information to doctors and patients.  In March of

---

[5] J.M. Idee, et al., *Clinical and biological consequences of transmetallation induced by contrast agents for magnetic resonance imaging: a review*, 2006 FUNDAM. CLIN. PHARMACOL. 20(6): 563-576 (Dec. 2006).
[6] Tyco Healthcare/Mallinckrodt, NFD/NFS 'Dear Healthcare Provider' letter, December 28, 2006.

2007 GE Healthcare 'published' a "Paper" on NSF on its web site.[7]

On May 23, 2007, after protracted negotiations with some of the manufacturers, the FDA requested that a "black box" warning be added to the product labeling for all FDA-approved GBCD stating that "patients with severe kidney insufficiency who receive gadolinium based agents are at risk for developing a debilitating, and a potentially fatal disease known as nephrogenic systemic fibrosis (NSF)." [8] (Request for black box warning submitted herewith as Exhibit N).

## B. Nephrogenic Systemic Fibrosis:  A Man-Made Systemic Disorder

In 2000, when researchers published the first documentation of NSF, at the time known as Nephrogenic Fibrosing Dermopathy (NFD), they identified a disease characterized by extensive thickening, hardening, and discoloration of the patient's skin, most commonly on the arms and legs, dermatological lesions, and contractures of the joints.[9] The researchers noted that each of the 15 patients from the early case series was on dialysis for varying degrees of renal insufficiency.

With the reporting of more cases of NFD, Dr. Shawn E. Cowper, Associate Professor of Dermatology and Pathology at Yale University established the International NFD Registry.[10]  It was eventually accepted that free, highly toxic gadolinium may initiate the process leading to NSF[11].

Also in 2003, scientists and researchers began observing the systemic nature of

---

[7] GE Healthcare, Paper on Nephrogenic Systemic Fibrosis (March 2007), *available at* http://www.ctisus.org/GE_White_paper_on_NSF.pdf.
[8] FDA, FDA Requests Boxed Warning for Contrast Agents Used to Improve MRI Images (May 23, 2007), *available at* http://www.fda.gov/bbs/topics/NEWS/2007/NEW01638.html.
[9] Shawn E. Cowper, et al., *Scleromyxoedema-like cutaneous disease in renal-dialysis patients*, 356 THE LANCET 1000-01 (Sept. 16, 2000).
[10] Shawn E. Cowper, The International Center for Nephrogenic Fibrosing Dermopathy Research (last updated March 27, 2007), *available at* http://www.pathmax.com/dermweb/index.html.
[11] *See supra* note 1.

the disease, eventually causing them to change the name from NFD to NSF.[12] An autopsy performed on a 39 year old male who had been diagnosed with NFD three years prior to his death began to give researchers an inclination as to how pervasive and damaging that systemic manifestation could be.[13] The patient's external symptoms included stiffening of his fingers and arms and thickening of the skin on his calves and thighs. The autopsy, however, revealed internal fibrotic manifestations in the subcutaneous tissue, the striated muscles, diaphragm, the pleura of the lung, pericardium, great vessels of the heart, left ventricle and septum of the heart, and tunica albuginea in addition to the dermatological lesions. As a result of the recently-discovered fibrosis and hardening occurring in the internal organs of patients with NFD, researchers formally recognized the systemic nature of the disease by changing the title to nephrogenic systemic fibrosis, or NSF.

Patients with NSF generally begin exhibiting symptoms within hours to months of exposure to GBCD. "Progressive thickening of the skin usually begins in the lower extremities and may expand to involve the upper extremities and trunk. Joint contractures and progressive immobility are common."[14] The pain is frequently very intense, as the skin and joint fibrosing results in the inability to walk, cupping of the hands, a shiny, thick deformity of the skin, and severe mobility limitations. Plaintiffs have been forced to sell their homes, as they have become wheelchair bound. Other Plaintiffs have undergone expensive and experimental treatments such as

---

[12] William W. Ting et al., *Nephrogenic Fibrosing Dermopathy with Systemic Involvement*, 139 ARCHIVES OF DERMATOLOGY 903-06 (2003).
[13] S.R. Daram, C.M. Cortese & B. Bastani, *Nephrogenic fibrosing dermopathy/nephrogenic systemic fibrosis: report of a new case with literature review*, 46 AM. J. KIDNEY DIS. 754-59 (2005).
[14] Henry Krous, et al., *Nephrogenic Systemic Fibrosis with Multiorgan Involvement in a Teenage Male After Lymphoma, Ewing's Sarcoma, End-Stage Renal Disease, and Hemodialysis*, 10 PEDIATRIC AND

photophoresus, thalidamide therapy, and surgery to lengthen their contracting tendons.

Thus far, the fibrotic thickening and hardening that characterizes NSF has been identified in organs such as the brain, heart, lungs, testes, diaphragm, gall bladder, and kidneys.[15]  In lesional skin and affected internal organs that manifest the characteristic fibrotic changes of NSF, researchers have been able to both detect and quantify free gadolinium.[16]  The presence of that free gadolinium that can be both detected and quantified is the fingerprint connecting the development of this devastating and potentially fatal disease to GBCD.

C.      History of Gadolinium Based Contrast Dye Personal Injury Claims

The undersigned firms of Burg Simpson Eldredge Hersh & Jardine PC and Spangenberg, Shibley & Liber LLP have filed five separate actions in the Southern District of Ohio as follows:

>     1.  *Alisha A. Hagwood and Christian Spencer, a minor by and through his
>     mother and natural guardian Alisha A. Hagwood v. General Electric
>     Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp*
>     (terminated 10/1/2007), Case No. 2:07 CV 548, filed on June 8, 2007
>     and pending before the Honorable Algenon Marbley (Docket sheet and
>     Complaint submitted herewith as Exhibit A);
>
>     2.  *Robert W. Murray and Linda S. Murray v. General Electric Company,*

---

DEVELOPMENTAL PATHOLOGY 395-402 (2007) (citing Shawn E. Cowper, et al., *Nephrogenic Fibrosing Dermopathy*, 23 AM. J. DERMATOPATHOLOGY 383-93 (2001)).

[15] *Id.*

[16] After researching and publishing on the detection of gadolinium in four tissue specimens, in 2006, a number of physicians, including Dr. Whitney High and Dr. Shawn Cowper, published a Letter to the Editor documenting their use of a form of mass spectrometry to determine that the average level of gadolinium in lesional skin of a patient with NSF was 70 ppm. Whitney A. High, et al., *Gadolinium is detectable within the tissue of patients with nephrogenic systemic fibrosis*, 56 J. Am. Acad. Dermatology 21-26 (2007) (published online, Nov 9, 2006).

GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (terminated 10/1/2007), Case No. 2:07 CV 00612, filed on June 27, 2007 and pending before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit B);

3. *Carolyn Hall, executor of the estate of Gregory Lee Hall v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, Case No. 2:07 CV 942, filed on September 17, 2007 and pending before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit C);

4. *Lance A. Voeltner v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. GE Healthcare Bio-Sciences Corp.*, Case No. 2:07 CV 943, filed on September 17, 2007 and pending before the Honorable Algenon Marbley (Docket sheet and Complaint submitted herewith as Exhibit D); and

5. *Paul W. Frazier, and Margaret E. Frazier v. Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc.*, Case No. 2:07 CV 1005, filed on October 3, 2007, and pending before the Honorable Gregory Frost (Docket sheet and Complaint submitted herewith as Exhibit E).

The first four of those actions have been consolidated before the Honorable Algenon L. Marbley by Court Orders dated September 20, 2007 (Transfer orders submitted herewith as Exhibits O, P, and Q). Undersigned counsel have filed a Notice of Related Action in the *Frazier* matter and expect its transfer to Judge Marbley shortly.

The four actions consolidated before Judge Marbley involve claims against the GE Defendants.   On September 18, 2007 the Court held a Case Management Conference in the *Hagwood* and *Murray* cases, which Order includes various dates and deadlines (Order submitted herewith as Exhibit R).   In their consolidated proceeding before Judge Marbley in the Southern District of Ohio, undersigned counsel entered into a Stipulated Order Regarding the Format of Production by the GE Defendants filed on September 19, 2007 (Stipulation submitted herewith as Exhibit S).   Also in that consolidated proceeding, undersigned counsel entered into a Stipulated Order Regarding Service of Documents with the GE Defendants (Stipulation submitted herewith as Exhibit T).  Plaintiffs and Defendants exchanged their initial disclosures in the *Hagwood* and *Murray* matters on October 15, 2007.

The *Hagwood* and *Murray* Plaintiffs have served discovery requests on the GE Defendants, and responses to those discovery requests are expected on November 3, 2007.  The *Hagwood* and *Murray* Plaintiffs also served their First Set of Interrogatories and Second Set of Requests for Document Production on the GE Defendants on October 18, 2007.   On October 15, 2007, undersigned counsel noticed a 30(B)(6) deposition in the *Hagwood* and *Murray* matters of the person or persons employed by the GE Defendants who are mostly likely to have particular knowledge concerning certain vital elements of this litigation.  Undersigned counsel have received the IND and NDA indexes with the GE Defendants' initial disclosures and are negotiating a production schedule with Counsel for GE.

Undersigned counsel have spoken with Judge Marbley regarding his availability and willingness to manage this potential multidistrict litigation, and the Court has

indicated that it would be willing to serve as the MDL transferee court if so requested by the Panel. In the meantime, the Plaintiffs in the Southern District of Ohio are continuing to actively proceed in these cases.

The undersigned firms of Burg Simpson Eldredge Hersh & Jardine PC and Spangenberg, Shibley & Liber LLP have also filed cases in other jurisdictions. These Plaintiffs support transfer to the Southern District of Ohio and join this Motion and supporting Brief as Movants. These additional cases are as follows:

- Northern District of Ohio:

    1. *John G. Walker and Marilyn D. Walker v. Tyco Healthcare Group LP, Tyco International (US), Inc., and Mallinckrodt, Inc.,* Case No. 1:07CV741, filed March 14, 2007, Honorable Sara Lioi (Docket sheet and Complaint submitted herewith as Exhibit F);

    2. *Beverly Rockwell, Administratrix of the estate of other Trevor A. Drake v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, and General Electric Company,* Case No. 1:07CV01564, filed May 29, 2007, Honorable Dan A. Polster (Docket sheet and Complaint submitted herewith as Exhibit G);

    3. *Gwendolyn Dennis v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., and Novation, LLC,* Case No. 1:07 CV 2849, filed September 19, 2007, Honorable Patricia A. Gaughan (Docket sheet and Complaint submitted herewith as Exhibit H);

- Middle District of Tennessee:

    1. *Danielle Marie Snyder, Individually and on behalf of all others similarly*

*situated v. GE Healtcare, Inc., General Electric Company, and XYZ Corporation*, Case No. 3:07CV00290, filed March 9, 2007, Honorable William Haynes (Docket sheet and Complaint submitted herewith as Exhibit I);

2. *Jeanetta Deason v. General Electric Company, GE Healtchare, Inc., GE Healthcare Bio-Sciences Corp. (terminated 10/10/2007)*, Case No. 3:07CV0619, filed June 8, 2007, Honorable William Haynes (Docket sheet and Complaint submitted herewith as Exhibit J);

District of Colorado:

1. *Greta Carolus and Jim Carolus, as spouse to Greta Carolus v. General Electric Co., GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (terminated 10/3/2007)*, Case No. 1:07-cv-00714, filed April 6, 2007, Honorable Wiley Y. Daniel (Docket sheet and Complaint submitted herewith as Exhibit K);

Western District of Louisiana:

1. *Ronald Corkern, III v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (terminated 10/16/2007)*, Case No. 1:07CV0979, June 8, 2007, Honorable Dee Drell (Docket sheet and Complaint submitted herewith as Exhibit L).

## II. ARGUMENT

### A. Summary of the Argument

Pursuant to 28 U.S.C. § 1407, the transfer and consolidation of products liability cases involving exposure to GBCD and the Plaintiff's subsequent development of NSF

is appropriate because the cases involve common questions of fact and law. Furthermore, transfer and consolidation of these cases for discovery purposes will promote judicial economy and the just and efficient resolution of these actions. Movants respectfully request that these cases be transferred to the Southern District of Ohio for coordinated and consolidated proceedings.

## B. Consolidation and Coordination of Pretrial Proceedings is Proper

Pursuant to 28 U.S.C. § 1407 on Multidistrict Litigations, the transfer of actions to a single jurisdiction for coordinated or consolidated pretrial proceedings is proper when the civil actions pending in various districts involve one or more common questions of fact, and transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Centralization under 28 U.S.C. § 1407 is necessary when it will, "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Products Liability Litigation*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. Feb. 16, 2005). Pretrial consolidated or coordinated proceedings provide for many benefits while preserving the assigned Transferee Judge's flexibility in managing the issues that arise:

> We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. In any event, we leave the extent and manner of coordination and consolidation of these actions to the discretion of the

transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004).

*In re Vioxx Products Liability Action*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. Feb. 16, 2005).

The mere fact that several different Defendants have been named in various Complaints with respect to the administration of gadolinium to patients with renal insufficiency and their subsequent development of NSF does not in any way preclude transfer and consolidation. The Panel has provided as follows:

> [consolidation under § 1407] does not require a complete identity or even majority of the common factual issues as a prerequisite to transfer. Nor is the presence of an additional defendant or product significant when the underlying action still contains, as here, products liability claims and factual allegations focusing on the safety of [the same product]."

*In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d 1380, 1381-82 (J.P.M.L. April 14, 2004). Undoubtedly, the related actions brought by Plaintiffs in this proposed consolidated action will all involve products liability claims and factual allegations focusing on the safety of GBCD. The existence of multiple Defendants does not affect the efficacy of such consolidation. Indeed, the Panel has consolidated cases for pretrial proceedings when the Defendants consisted of (1) a dozen different airlines, (2) two different aircraft manufacturer defendants, and (3) two airlines not involved in the actions pending before the Panel, stating as follows:

> Notwithstanding differences among the actions in terms of named defendants, legal theories of recovery and/or types of injury alleged, all actions remain rooted in complex core questions concerning whether various aspects of airline travel cause, or contribute to, the development of deep vein thrombosis in airline passengers.

*In re Deep Vein Thrombosis Litigation*, 323 F. Supp. 2d 1378, 1380 (J.P.M.L. June 22, 2004). Similarly, the Panel certified an MDL in the Human Tissue Litigation despite

arguments that the actions lacked, "a common factual basis, since they necessarily involve different tissue implants, several different defendants, and likely different damages." *In re Human Tissue Products Liability Litigation*, 435 F. Supp. 2d 1352, 1354 (J.P.M.L. June 21, 2006). The Panel's reasoning in that decision applies in the instant case as well: "[t]he alleged improprieties regarding the illegal harvesting, flawed processing and/or inappropriate distributing of human tissue forms the factual backdrop to all actions presently before the Panel." *Id.*

Despite naming different Defendants in their actions, Plaintiffs' Complaints all contain common issues of fact and law. Factually, Plaintiffs allege that the Defendants' respective products are defective in their design, formulation, and labeling in that the Defendants failed to make an inherently dangerous product in a way that made the product safe for its intended use. All related actions seek damages for personal injury and/or economic damages on behalf of individuals with NSF, asserting various state law claims such as negligence, products liability, breach of warranty, and negligent misrepresentation, and/or fraud regarding the risks of gadolinium based contrast dyes. Irrespective of which of the gadolinium based contrast dye(s) the Plaintiff was exposed to, all of the related actions will allege that the Plaintiff contracted the uncommon systemic disorder NSF that involves identification and quantification of gadolinium.

Moreover, multiple, similar prescription drugs may be consolidated in the same transferee court in order to streamline overlapping issues. *In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000); *In re Bextra and Celebrex Products Liability Litigation, et al.*, 391 F. Supp. 2d 1377 (J.P.M.L. Sept. 6, 2005). One factor supporting consolidation of various products into a single MDL is

when all of those products at issue have been the subject of common, "written warnings, medical advisories, recalls, or some combination thereof." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. Nov. 7, 2005). The GE, Bayer, Tyco, and Bracco Defendants have all manufactured and marketed similar prescription drugs with similar defects in their design, manufacture, and labeling, and those defects have caused a common injury to the Movants, to other Plaintiffs who have filed related actions, and to the Plaintiffs in future-filed, related actions. Written warnings and medical advisories including the FDA's request on May 23, 2007 that a black box warning be added to the labels of all five GBCD have been uniformly issued with respect to all of the Defendants.

At this point, common issues of law and fact provide that transfer to a single district and consolidation and coordination of the pretrial proceedings is appropriate. If, however, the transferee court should determine that the remand of specific claims or actions is appropriate, the mechanisms for such remand are available to the transferee court. Rule 7.6, R.P.J.P.M.L.; 199 F.R.D. at 436-38; See, e.g., *In re Kugel Mesh Hernia Patch Products Liability Litigation*, 493 F. Supp. 2d 1371 (J.P.M.L. June 22, 2007).

## C. The Southern District of Ohio Is the Appropriate Forum for this Litigation.

Although §1407 of Title 28 of the United States Codes does not specifically set forth factors to be considered in determining the appropriate MDL transferee forum, the Panel has established some factors for consideration in recent case law. The Panel has stated many factors for consideration, including: (a) whether the pretrial proceedings in actions in a particular forum are significantly more advanced than other jurisdictions; (b) the forum where most of the actions were filed; (c) a geographically

central location that is relatively convenient for the parties; (d) a court that has the necessary resources and time available to manage the litigation; and (e) a court that is not currently over taxed with other multidistrict dockets.  *In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004); *In re Wireless Telephone 911 Calls Litig.*, 259 F. Supp. 2d 1372, 1374 (J.P.M.L. 2003); *In re GMAC Ins. Mgm't Corp. Overtime Pay Litig.*, 342 F. Supp. 2d 1357, 1358 (J.P.M.L. 2004); *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003).   The Southern District of Ohio satisfies each of these factors.

As recently as June of 2007, the Panel has provided for transfer to the District of New Jersey because, "[p]retrial proceedings are advancing well there and about one-third of all pending actions are already in this district." *In re Pet Food Products Liability Litigation*, 499 F. Supp. 2d 1346, 1347 (J.P.M.L. June 19, 2007).  As to the initial factor of advanced pretrial proceedings, the Southern District of Ohio has already consolidated related cases, and has advanced procedurally.   The Court has approved a Case Management Order establishing dates and deadlines in that jurisdiction, and Plaintiffs *Hagwood* and *Murray* have issued discovery, submitted their initial disclosures, and noticed 30(B)(6) depositions.  Moreover, the twelve Movants from various states join in support of the Southern District of Ohio.  Thus, half of the Plaintiffs in the twenty-four total related actions currently pending in federal district courts favor the Southern District of Ohio as the transferee forum.

Additionally, the Panel often selects as the transferor forum the location where more cases are pending.  As noted in *In re Columbia*, 313 F. Supp.2d at 1385, the

Panel decided to "assign the litigation to a district i) in which half of the actions are pending; and ii) that is presently equipped with the resources likely required by the complex docket." The consideration of the number of cases filed also favors transfer to Ohio, where eight (8) cases are currently pending, with five (5) in the Southern District of Ohio and three (3) in the Northern District of Ohio. These filings far exceed the number of actions filed in any other venue.

Significantly, not only are five cases pending before in the Southern District of Ohio, four of those cases have been consolidated before Judge Marbley. Previously, the Panel has selected a Transferee Jurisdiction because economy and efficiency, the hallmarks of § 1407, were best served by transfer to a jurisdiction where multiple cases had already been consolidated and procedures were being established by the court to organize and coordinate that consolidated proceeding. *In re Ephedra Products Liability Litigation*, 314 F. Supp. 2d 1373 (J.P.M.L. April 13, 2004) (establishing the MDL before Judge Jed S. Rakoff in the Southern District of New York because he was already presiding over the Twinlab defendants' consolidated bankruptcy proceeding). The consolidation has also given Judge Marbley the unique opportunity to immerse himself in the issues of fact and law relevant to this case. *In re Mirapex Products Liability Litigation*, 493 F. Supp. 2d 1376 (J.P.M.L. June 22, 2007) (consolidating the MDL based on the prescription drug Mirapex before the Honorable James M. Rosenbaum in the District of Minnesota because the district had become most advanced, the judge had the opportunity to become familiar with the litigation, and Minnesota is geographically accessible).

When possible, the Panel has expressed a preference for selecting a geographic

"focal point" as a transferee forum, where a significant quantity of current and anticipated actions will proceed and an experienced judge can steer the litigation on a steady and expeditious course. *In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d 1380 (J.P.M.L. April 14, 2004). The Panel has already recognized Ohio as a "relatively central situs in regard to geographic dispersal of the constituent and potential tag-along actions," in a similar proceeding where Ohio was selected for that reason and also because the litigation was progressing well in an Ohio federal court. *In re Ortho Evra Products Liability Litigation*, 422 F. Supp. 2d 1379, (J.P.M.L. March 1, 2006). As to geographic location, Ohio is centrally located and Columbus, Ohio offers many direct flights. Transfer to Ohio creates much less of a travel burden on Midwestern and West Coast counsel than travel to the East Coast, and yet can be easily reached by East Coast counsel in about two hours.

In considering the appropriateness of a jurisdiction as the transferee court, the Panel has also considered what resources the court has available to dedicate to pretrial matters required by an MDL proceeding in that jurisdiction, including a consideration of the other MDL dockets, if any, already pending in that jurisdiction. *In re Teflon Products Liability Litigation*, 416 F. Supp. 2d 1364 (J.P.M.L. Feb. 21, 2006). Significantly, the dockets in the Southern District of Ohio compare favorably with the most efficient venues, and proceed more quickly than many. Plaintiffs with NSF are profoundly affected by this disease, many of whom require 24 hour care by family members because of their total disability. Many are also at risk of death due to the systemic effects upon various organ systems. Consequently, a speedy and efficient conclusion of discovery and remand for trial are crucially important.

In the year 2006 in the Southern District of Ohio, civil filings took 12.6 months from filing to disposition and 27 months to bring a civil case to trial. (Judicial Caseload Profile for the Southern District of Ohio submitted herewith as Exhibit U). Moreover there are but four pending MDL actions pending in the Southern District of Ohio, and none of those are pending before Judge Marbley.

When evaluating a jurisdiction as the potential location for an MDL, the Panel has considered the extent to which the Transferee Judge is, "a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle [the] litigation." *In re Vioxx Products Liability Litigation*, 360 F. Supp. 2d 1352, 1355 (J.P.M.L. Feb. 16, 2005). Judge Marbley, with the consolidated cases in the Southern District of Ohio, is well experienced and capable of managing complex litigation. Judge Marbley has experience in many complex litigation matters and has presided over product liability actions involving legal issues such as the admissibility of expert testimony under *Daubert*. With over ten years of experience on the federal bench, Judge Marbley is highly qualified to serve as MDL judge in this litigation.

## III.   CONCLUSION

Movants submit that transfer and consolidation of the Gadolinium Based Contrast Dye Litigation for pretrial purposes will serve the interests of judicial economy, and Movants respectfully request that the Panel enter an Order transferring all related actions to the Southern District of Ohio, for consolidated pretrial proceedings, to promote convenience and judicial economy.

Dated:  October 22, 2007



Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST      )      MDL Docket No.: _____
DYE PRODUCTS LIABILITY ACTION          )
                                       )
                                       )

## EXHIBITS IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS
## TO THE SOUTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407
## FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, the Plaintiffs submit the following Exhibits in

Support of their Motion for Transfer of Actions to the Southern District of Ohio and for

Coordinated or Consolidated Pretrial Proceedings including the Schedule of Actions.

Dated:  October 22, 2007

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

2

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST        )
DYE PRODUCTS LIABILITY ACTION            )        MDL Docket No.:  _____
                                         )
                                         )

## REQUEST FOR ORAL ARGUMENT

Movants respectfully request the opportunity to present oral argument in support

of Plaintiffs' Motion for Transfer and Consolidation of related actions to the Southern

District of Ohio.  Oral argument is necessary to permit the parties to further inform the

Panel concerning the complex issues involved in the Gadolinium Based Contrast Dye

litigation and the reasons for transfer and consolidation in the Southern District of Ohio.

Dated:  October 22, 2007

                              Respectfully Submitted,


                              Peter W. Burg (CO – 10149)
                              Michael S. Burg (CO – 7143)
                              Burg Simpson Eldredge Hersh & Jardine PC
                              40 Inverness Drive East
                              Englewood, CO 80112-2866
                              (303) 792-5595
                              (303) 708-0527 (facsimile)

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST )
DYE PRODUCTS LIABILITY ACTION )
)
)

MDL Docket No.: _____

REVISED SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Roland Thomas<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc. | E.D. Arkansas (Little Rock) | 4:07cv00936 | James Leon Holmes |
| **Plaintiffs:**<br>Cynthia Kay Mitchell<br><br>**Defendants:**<br>Berlex Labs Inc.; Schering Healthcare Ltd.; Bracco Diagnostics, Inc. (terminated 6/7/2007); G.E. Healthcare, Inc.; Tyco Healthcare; Mallinkrodt Inc.; Does 1 to 100 | C.D. California (Eastern Division - Riverside) | 5:07cv00433 | Stephen G. Larson |

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>Greta Carolus, Jim Carolus<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare, Inc. Bio-Sciences Corp. (terminated 10/3/2007) | D. Colorado (Denver) | 1:07cv00714 | Wiley Y. Daniel |
| **Plaintiffs:**<br>Mary Davis, Rubert L. Davis<br><br>**Defenants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp.; Bayer Healthcare Pharmaceuticals, Inc.; Bayer Healthcare LLC | N.D. Georgia (Rome) | 4:07cv00202 | Harold L. Murphy |
| **Plaintiffs:**<br>Ronald E. Corkern, III<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp. | W.D. Louisiana (Alexandria) | 1:07cv00979 | Dee D. Drell |
| **Plaintiffs:**<br>William Clark<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc. | D. Minnesota (DMN) | 0:2007cv03818 | Patrick J. Schlitz |
| **Plaintiffs:**<br>Abraham Showalter, Mary Ann Showalter<br><br>**Defendants:**<br>General Electric Co.; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp. | W.D. Missouri (St. Joseph) | 5:07cv06102 | Fernando Gaitan Jr. |

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>John G. Walker, Marilyn D. Walker<br><br>**Defendants:**<br>Tyco Healthcare Group LP; Tyco International (US), Inc. (terminated 5/16/2007); Mallinkrodt, Inc. | N.D. Ohio (Cleveland) | 1:07cv00741 | Sara Lioi |
| **Plaintiffs:**<br>Beverly Rockwell, Trevor A. Drake<br><br>**Defendants:**<br>Bayer Healthcare Pharmaceuticals, Inc.; Bayer Healtchare LLC; General Electric Company; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp. | N.D. Ohio (Cleveland) | 1:07cv01564 | Dan Aaron Polster |
| **Plaintiffs:**<br>James Babione<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp. (terminated 10/9/2007) | N.D. Ohio (Toledo) | 3:07cv01977 | Jack Zouhary |
| **Plaintiffs:**<br>Gwendolyn Dennis<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc., Inc..; GE Healthcare, Inc. Bio-Sciences Corp.; Novation, LLC | N.D. Ohio (Cleveland) | 1:07cv02849 | Christopher A. Boyko |
| **Plaintiffs:**<br>Alisha A. Hagwood, Christian Spencer<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare, Inc. Bio-Sciences Corp. (terminated 10/1/2007) | S.D. Ohio (Columbus) | 2:07cv00548 | Algenon L. Marbley |

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>Robert W. Murray, Linda S. Murray<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.;<br>GE Healthcare, Inc. Bio-Sciences Corp. (terminated 10/1/2007) | S.D. Ohio (Columbus) | 2:07cv00612 | Algenon L. Marbley |
| **Plaintiffs:**<br>Carolyn Hall, Gregory Lee Hall<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.;<br>GE Healthcare, Inc. Bio-Sciences Corp. | S.D. Ohio (Columbus) | 2:07cv00942 | Algenon L. Marbley |
| **Plaintiffs:**<br>Lance A. Voeltner<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.;<br>GE Healthcare, Inc. Bio-Sciences Corp. (terminated 10/17/2007) | S.D. Ohio (Columbus) | 2:07cv00943 | Algenon L. Marbley |
| **Plaintiffs:**<br>Paul W. Frazier, Margaret E. Frazier<br><br>**Defendants:**<br>Bayer Corporation; Bayer Healthcare LLC; Bayer Healthcare Pharmaceuticals, Inc. | S.D. Ohio (Columbus) | 2:07cv01005 | Gregory L. Frost |

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>Anna White<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare Bio-Sciences Corp.; Bayer Corporation; Bayer Healthcare Pharmaceuticals; Tyco International Ltr.; Tyco Healthcare; Mallinckrodt Inc.; Bracco Diagnostics Inc. | D. South Carolina (Charleston) | 2:07cv01740 | C. Weston Houck |
| **Plaintiffs:**<br>Danielle Marie Snyder, individually and on behalf of all others similarly situated<br><br>**Defendants:**<br>GE Healthcare, Inc., Inc.; General Electric Company; XYZ Corporation | M.D. Tennessee (Nashville) | 3:07:cv00290 | Robert Echols |
| **Plaintiffs:**<br>Jeanetta Deason<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE Healthcare, Inc. Bio-Sciences Corp. (terminated 10/10/2007); Bayer Healthcare Pharmaceuticals, Inc.; Bayer Healthcare, LLC | M.D. Tennessee (Nashville) | 3:07cv0619 | William J. Haynes Jr. |
| **Plaintiffs:**<br>Jerry Henley, Lynn Hensley<br><br>**Defendants:**<br>Tyco International Ltd.; Tyco Healthcare Ltd.; Tyco Holdings Ltd.; Tyco Healthcare Group LP; Mallinckrodt, Inc.; Covidian, Ltd. | M.D. Tennessee (Nashville) | 3:07cv00774 | Robert Echols |

| | | | |
|---|---|---|---|
| **Plaintiffs:**<br>Kerry Kurt Phillips, Linda D. Phillips<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc.; GE HealthcareBio-Sciences Corp. (terminated 10/10/2007); Bayer Corporation (terminated 10/10/2007); Bayer Healthcare Pharmaceuticals (terminated 10/10/2007); Tyco International Ltd. (terminated 10/10/2007); Tyco Healthcare Ltd. (terminated 10/10/2007); Tyco Holdings Ltd. (terminated 10/10/2007); Tyco Healthcare Group LP (terminated 10/10/2007); Mallinckrodt, Inc. (terminated 10/10/2007); Covidian, Ltd. (terminated 10/10/2007) | M.D. Tennessee (Nashville) | 3:07cv00824 | Aleta A. Trauger |
| **Plaintiffs:**<br>Lloyd Massie, Pamela Massie, Neal Massie (deceased)<br><br>**Defendants:**<br>Bayer Healthcare, LLC; Bayer Pharmaceuticals Corporation; Bayer Corporation; GE Healthcare, Inc. | S.D. Texas (Galveston) | 3:07cv00368 | Samuel B. Kent |
| **Plaintiffs:**<br>Donna Lee<br><br>**Defendants:**<br>General Electric Company; GE Healthcare, Inc., Inc.; GE Healthcare, Inc. Bio-Sciences Corp.; Bayer Corporation; Bayer Healthcare Pharmaceuticals, Inc.; Tyco International Ltd.; Tyco Healthcare; Mallinckrodt, Inc.; Bracco Diagnostics, Inc. | W.D. Texas (San Antonio) | 5:07cv00825 | Xavier Rodriguez |

| Plaintiffs:<br>Ray Rodriguez, Alma Patricia Rodriguez<br><br>Defendants:<br>General Electric Company; GE Healthcare, Inc. | W.D. Texas (San Antonio) | 5:07cv00826 | Fred Biery |
|---|---|---|---|

Dated:  October 25, 2007

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)


Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST )
DYE PRODUCTS LIABILITY ACTION )          MDL Docket No.: _____
)
)

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I caused a true and accurate copy of the following documents to be served via priority mail upon all parties on the Revised Certificate of Service who were not served on October 22, 2007 pursuant to the original Certificate of Service:

1.    Motion for Transfer of Actions to the Southern District of Ohio Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings;

2.    Brief in Support of Motion for Transfer of Actions to the Southern District of Ohio Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings;

3. Exhibits in Support of Motion for Transfer of Actions to the Southern District of Ohio Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings including the Schedule of Actions;

4. Request for Oral Argument; and

5. This Proof of Service and attached Service List.

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST          )
DYE PRODUCTS LIABILITY ACTION              )          MDL Docket No.: _____
                                            )
                                            )

## REVISED CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I caused a true and accurate copy of

the following documents to be served upon all Court Clerks, Counsel, and/or Parties

identified in the attached Revised Service List by regular U.S. Mail:

1.   Revised Schedule of Actions;

2.   This Revised Certificate of Service and attached Revised Service List; and

3.   Supplemented Certificate of Service.

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio  44114
(216) 696-3232
(216) 696-3924 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Carolyn Hall and Gregory Lee Hall; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; John G. Walker and Marilyn D. Walker; Beverly Rockwell and Trevor A. Drake; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Ronald E. Corkern, III*

2

<u>REVISED SERVICE LIST</u>

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

## <u>CLERKS OF COURTS:</u>

Clerk, Eastern District of Arkansas (Little Rock)
Clerk of Courts
Eastern District of Arkansas
600 West Capitol Avenue
Suite A149
Little Rock, AR 72201

Clerk, Central District of California (Eastern Division – Riverside)
Clerk of Courts
Central District of California
Eastern Division (George E. Brown Jr., U.S. Courthouse)
3470 Twelfth St., Room 134
Riverside, CA 92501

Clerk, District of Colorado (Denver)
Clerk of Courts
U.S. District Court
901 19th Street
Denver, CO 80294

Clerk, Northern District of Georgia (Rome)
Clerk of Courts
United States Courthouse
600 East First Street
Rome, GA 30161

Clerk, Western District of Louisiana (Alexandria)
Clerk of Courts
105 United States Post Office and Courthouse
515 Murray Street
Alexandria, LA 71301

Clerk, District of Minnesota (DM)
Clerk of Courts
U.S. District Court
District of Minnesota
700 Federal Bridling
316 North Robert Street
St. Paul, MN 55101

Clerk, Western District of Missouri (St. Joseph)
Clerk of Courts
United States District Court
Western District of Missouri
400 East 9th Street
Kansas City, MO 64106

---

Clerk, Northern District of Ohio (Cleveland)
Clerk of Courts
U.S. District Court
801 W. Superior Avenue
Cleveland, OH 44113

Clerk, Northern District of Ohio (Toledo)
114 United States Court House
1716 Spielbusch Ave.
Toledo, OH 43604-1363

Clerk, Southern District of Ohio (Columbus)
Clerk of Courts
U.S. District Court
Southern District of Ohio
85 Marconi Blvd., Room 260
Columbus, OH 43215

Clerk, District of South Carolina (Charleston)
Charleston Federal Courthouse
85 Broad Street
Charleston, SC 29401

Clerk, Middle District of Tennessee (Nashville)
Clerk of Courts
U.S. District Court
801 Broadway
Nashville TN 37203

Clerk, Southern District of Texas (Galveston)
Clerk of Court
P.O. Drawer 2300
Galveston, TX 77553

2

rk, Western District of Texas (San ...onio)
U.S. District Clerk's Office
655 East Durango Blvd., Room G65
San Antonio, TX 78206

## PLAINTIFFS' COUNSEL:

George R. Wise, Jr.
Brad Hendricks Law Firm
500 Pleasant Valley Drive
Suite C
Little Rock, AR 72227
*Counsel for Plaintiff Roland Thomas*

J. Lamar Porter
Brad Hendricks Law Firm
500 Pleasant Valley Drive
Suite C
Little Rock, AR 72227
*Counsel for Plaintiff Roland Thomas*

Philip Bohrer
Bohrer Law Firm, LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809
*Counsel for Plaintiffs Roland Thomas and William Clark*

Roger E. Booth
Booth & Koskoff
P. O. Box 6430
18411 Crenshaw Boulevard
Suite 380
Torrance, CA 90504
*Counsel for Plaintiff Cynthia Kay Mitchell*

Lee J. Hollis
Hollis Law Firm PA
5100 W. 95th Street
Prairie Village, KS 55207
*Counsel for Plaintiffs Mary Davis, Abraham Showalter, and Mary Ann Showalter*

Paul T. Carroll, III
Carroll & Associates
Suite 110
P. O. Box 276
111 Bridgepoint Plaza
Rome, GA 30162
*Counsel for Plaintiff Mary Davis*

3

Jane E. Joseph
Lopez Hodes Restaino Millman & Skikos
13938A Cedar Rd., Ste. 373
Cleveland, OH  44118
*Counsel for Plaintiff William Clark*

Lee L. Coleman
Hughes & Coleman
1256 Campbell Lane, Suite 201
Bowling Green, KY 42102
*Counsel for Plaintiffs William Clark, Jerry Henley, Lynne Hensley, Kerry Kurt Phillips,
and Linda D. Phillips*

Barry M. Hill
Hill Williams
89 Twelfth St.
Wheeling WV  26003
*Counsel for Plaintiffs James Babione, Anna White, Jerry Henley, Lynne Hensley, Kerry
Kurt Phillips, and Linda D. Phillips*

Otis Edwin Dunahoe
P. O. Box 607
Natchitoches, LA 71458
*Counsel for Plaintiff Ronald Corkern, III*

David A. List
Clark, Perdue, Arnold & Scott
Suite 1400
471 East Broad St.
Columbus OH  43215
*Counsel for Plaintiffs James Babione, Jerry Henley, and Lynne Hensley, Kerry Kurt
Phillips, and Linda D. Phillips*

Gerald D. Jowers, Jr.
Janey Jenner and Suggs
500 Taylor Street, Suite 301
Columbia SC  29201
*Counsel for Plaintiff Anna White*

Kenneth M. Suggs
Janey Jenner and Suggs
500 Taylor Street, Suite 301
Columbia SC  29201
*Counsel for Plaintiff Anna White*

Barbara G. Medley
Medley & Spivy
111 W. Commerce St., Suite 201
Lewisburg, TN 37091
*Counsel for Plaintiff Danielle Marie Snyder*

4

Walter Woods Bussart
Bussart & Medley
520 N. Ellington Parkway
Lewisburg TN  37091-1456
*Counsel for Plaintiffs Danielle Marie Snyder and Jeanetta Deason*

K. Doug Perrin
The Perrin Law Firm, PC
1401 Elm Street
Suite 1965
Dallas, TX 75202
*Counsel for Plaintiffs Lloyd Massie and Pamela Massie*

Dennis Charles Peery
Tyler & Peery
5822 West IH 10
San Antonio, TX 78201
*Counsel for Plaintiffs Donna Lee, Ray Rodriguez, and Alma Patricia Rodriguez*

### DEFENSE COUNSEL:

Amy W. Schulman
Heidi Levine
Timothy S. Blackford
DLA Piper US LLP
1251 Ave. of the Americas
29th Floor
New York, NY 10020
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Kathy J. Owen
DLA Piper US LLP
1717 Main St.
Suite 4600
Dallas, TX 75201
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Christopher D. Glos
Deborah C. Prosser
Kutak Rock
515 South Figueroa Street
Los Angeles, CA 90071
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Edward F. Fox
33 S. 6th St., Ste. 3800
Minneapolis, MN 55402
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charna E. Sherman
J. Philip Calabrese
Squire, Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

James B. Hood
Robert H. Hood
Mary (Molly) Agnes Hood Craig
Barbara Wynne Showers
Hood Law Firm
PO Box 1508 Charleston, SC 29402
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Ann M. DePriester
DLA Piper US LLP
One Atlantic Center
1201 W. Peachtree St., Suite 2800
Atlanta GA 30309-3450
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

James M. Doran, Jr.
Eileen Burkhalter Smith
Waller, Lansden, Dortch & Davis
511 Union Street,
Suite 2100
Nashville, TN 37219
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charles L. Casteel
Davis Graham & Stuggs LLP
1550 17th Street, #500
Denver, CO 80202
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

James B. Irwin
Irwin Fritchie, et al.
4000 Poydras St., Ste. 2700
New Orleans, LA 70130
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charles F. Preuss
Drinker Biddle & Reath
50 Fremont St., 20th Fl.
San Francisco, CA 94105
*Counsel for Berlex Labs, Inc.*

Kenneth P. Conour
Drinker Biddle & Reath
50 Fremont St., 20th Fl.
San Francisco, CA 94105
*Counsel for Berlex Labs, Inc.*

Natalie M. Hostacky
Steven W. Albert
Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1448
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., Bayer Healthcare Pharmaceuticals, Inc., and Bayer Corp.*

John P. Nefflen
Stewart, Estes & Donnell, PLC
Fifth Third Center
424 Church St., 14th Floor
Nashville TN 37219-2392
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., Bayer Healthcare Pharmaceuticals, Inc., and Bayer Corp.*

Thomas Marshall Donnell, Jr.
Stewart, Estes & Donnell, PLC
Fifth Third Center
424 Church St., 14th Floor
Nashville TN 37219-2392
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., Bayer Healthcare Pharmaceuticals, Inc., and Bayer Corp.*

Gerry Lowry
Fulbright & Jaworski
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., and Bayer Corp.*

7

Michelle M. Fujimoto
Thomas A. Woods
Shook, Hardy & Bacon
Jamboree Center
5 Park Plaza, Ste. 1600
Irvine, CA 92614
*Counsel for Tyco Healthcare and Mallinckrodt., Inc.*

Christina L. Lewerenz
James E. Berger
Roger Geary
Michael L. Walden
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
*Counsel for Tyco Healthcare Group LP, Tyco International (US), Inc. and Mallinckrodt, Inc.*

Patrick M. McLaughlin
Anthony R. Petruzzi
McLaughlin & McCaffrey
1350 Eaton Center
1111 Superior Avenue
Cleveland, OH 44114
*Counsel for Tyco Healthcare Group LP, Tyco International (US), Inc. and Mallinckrodt, Inc.*

Jennifer M. Eberle
Bass, Berry & Simms
100 Peabody Place
Suite 900
Memphis, TN 38103-3672
*Counsel for Mallinckrodt, Inc.*

Samuel Lanier Felker
Bass, Berry & Sims
315 Deaderick Street
Suite 2700
Nashville, TN 37238-0002
*Counsel for Mallinckrodt, Inc.*

Aggie Byul Lee
Michael C. Zellers
Mollie F. Benedict
Tucker Ellis & West
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
*Counsel for Bracco Diagnostics, Inc.*

8

**DEFENDANTS:**

Covidian, Ltd.
15 Hampshire Street
Mansfield, MA 02048

Novation, LLC
127 East John Carpenter Freeway
Suite 1400
Irving, TX 75062-3454

Tyco International, Ltd.
90 Pitts Bay Road, 2nd Floor
Pembroke HM 08, Bermuda

Tyco International (US) Ltd.
Tyco Healthcare Group LP
9 Roszel Road
Princeton, NJ 08540

Tyco Holdings Ltd.
Tyco Healthcare Ltd.
15 Hampshire Street
Mansfield, MA 02048

Schering Healthcare Ltd.
400 Morgan Lane
West Haven, CT 06516-4175

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re:  GADOLINIUM BASED CONTRAST     )
DYE PRODUCTS LIABILITY ACTION          )          MDL Docket No.: _____
                                        )
                                        )

PROOF OF SERVICE

I hereby certify that on October 22, 2007 I caused a true and accurate copy of

the following documents to be served upon all Court Clerks, Counsel, and/or Parties

identified in the attached Service List by regular U.S. Mail:

1. Motion for Transfer of Actions to the Southern District of Ohio Pursuant to 28

   U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings;

2. Brief in Support of Motion for Transfer of Actions to the Southern District of

   Ohio Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial

   Proceedings;

3. Exhibits in Support of Motion for Transfer of Actions to the Southern District

   of Ohio Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated

   Pretrial Proceedings including the Schedule of Actions;

4. Request for Oral Argument; and

5. This Proof of Service and attached Service List.

Respectfully Submitted,

Peter W. Burg (CO – 10149)
Michael S. Burg (CO – 7143)
David TeSelle (CO – 29648)
John N. Restaino (CA – 138268)
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
(303) 792-5595
(303) 708-0527 (facsimile)

Janet G. Abaray (OH – 0002943)
Lauren M. DeLong (OH – 0081240)
Burg Simpson Eldredge Hersh & Jardine PC
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611 (facsimile)

*Counsel for Plaintiffs Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Lance A. Voeltner; Paul W. Frazier and Margaret E. Frazier; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Jeanetta Deason; Greta Carolus and Jim Carolus*

Peter J. Brodhead (OH - 0006733)
William Hawal (OH - 0006730)
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (facsimile)

Counsel for Plaintiffs Alisha A. Hagwood and
Christian Spencer; Robert W. Murray and Linda S.
Murray; Carolyn Hall and Gregory Lee Hall; Lance A.
Voeltner; Paul W. Frazier and Margaret E. Frazier;
John G. Walker and Marilyn D. Walker; Beverly
Rockwell and Trevor A. Drake; Gwendolyn Dennis;
Danielle Marie Snyder; Jeanetta Deason; Ronald E.
Corkern, III

## SERVICE LIST

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

## CLERKS OF COURTS:

Clerk, Eastern District of Arkansas (Little Rock)
Clerk of Courts
Eastern District of Arkansas
600 West Capitol Avenue
Suite A149
Little Rock, AR 72201

Clerk, Central District of California (Eastern Division – Riverside)
Clerk of Courts
Central District of California
Eastern Division (George E. Brown Jr., U.S. Courthouse)
3470 Twelfth St., Room 134
Riverside, CA 92501

Clerk, District of Colorado (Denver)
Clerk of Courts
U.S. District Court
901 19th Street
Denver, CO 80294

Clerk, Northern District of Georgia (Rome)
Clerk of Courts
United States Courthouse
600 East First Street
Rome, GA 30161

Clerk, Western District of Louisiana (Alexandria)
Clerk of Courts
105 United States Post Office and Courthouse
515 Murray Street
Alexandria, LA 71301

Clerk, District of Minnesota (DMN)
Clerk of Courts
U.S. District Court
District of Minnesota
700 Federal Bridling
316 North Robert Street
St. Paul, MN 55101

Clerk, Western District of Missouri (St. Joseph)
Clerk of Courts
United States District Court
Western District of Missouri
400 East 9th Street
Kansas City, MO 64106

Clerk, Northern District of Ohio (Cleveland)
Clerk of Courts
U.S. District Court
801 W. Superior Avenue
Cleveland, OH 44113

Clerk, Northern District of Ohio (Toledo)
114 United States Court House
1716 Spielbusch Ave.
Toledo, OH 43604-1363

Clerk, Southern District of Ohio (Columbus)
Clerk of Courts
U.S. District Court
Southern District of Ohio
85 Marconi Boulevard
Room 260
Columbus, OH 43215

Clerk, District of South Carolina (Charleston)
Charleston Federal Courthouse
85 Broad Street
Charleston, SC 29401

Clerk, Middle District of Tennessee (Nashville)
Clerk of Courts
U.S. District Court
801 Broadway
Nashville TN 37203

Clerk, Southern District of Texas (Galveston)
Clerk of Court
P.O. Drawer 2300
Galveston, TX 77553

2

Clk, Western District of Texas (San An
U.S. District Clerk's Office
655 East Durango Blvd., Room G65
San Antonio, TX 78206


PLAINTIFFS' COUNSEL:

George R. Wise, Jr.
Brad Hendricks Law Firm
500 Pleasant Valley Drive
Suite C
Little Rock, AR 72227
*Counsel for Plaintiff Roland Thomas*

J. Lamar Porter
Brad Hendricks Law Firm
500 Pleasant Valley Drive
Suite C
Little Rock, AR 72227
*Counsel for Plaintiff Roland Thomas*

Philip Bohrer
Bohrer Law Firm, LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809
*Counsel for Plaintiffs Roland Thomas and William Clark*

Roger E. Booth
Booth & Koskoff
P. O. Box 6430
18411 Crenshaw Boulevard
Suite 380
Torrance, CA 90504
*Counsel for Plaintiff Cynthia Kay Mitchell*

Lee J. Hollis
Hollis Law Firm PA
5100 W. 95th Street
Prairie Village, KS 55207
*Counsel for Plaintiffs Mary Davis, Abraham Showalter, and Mary Ann Showalter*

Paul T. Carroll, III
Carroll & Associates
Suite 110
P. O. Box 276
111 Bridgepoint Plaza
Rome, GA 30162
*Counsel for Plaintiff Mary Davis*

3

Jane E. Joseph
Lopez Hodes Restaino Millman & Skikos
13938A Cedar Rd., Ste. 373
Cleveland, OH 44118
*Counsel for Plaintiff William Clark*

Lee L. Coleman
Hughes & Coleman
1256 Campbell Lane, Suite 201
Bowling Green, KY 42102
*Counsel for Plaintiffs William Clark, Jerry Henley, Lynne Hensley, Kerry Kurt Phillips,
and Linda D. Phillips*

Barry M. Hill
Hill Williams
89 Twelfth St.
Wheeling WV 26003
*Counsel for Plaintiffs James Babione, Anna White, Jerry Henley, Lynne Hensley, Kerry
Kurt Phillips, and Linda D. Phillips*

Otis Edwin Dunahoe
P. O. Box 607
Natchitoches, LA 71458
*Counsel for Plaintiff Ronald Corkern, III*

David A. List
Clark, Perdue, Arnold & Scott
Suite 1400
471 East Broad St.
Columbus OH 43215
*Counsel for Plaintiffs James Babione, Jerry Henley, and Lynne Hensley, Kerry Kurt
Phillips, and Linda D. Phillips*

Gerald D. Jowers, Jr.
Janey Jenner and Suggs
500 Taylor Street, Suite 301
Columbia SC 29201
*Counsel for Plaintiff Anna White*

Kenneth M. Suggs
Janey Jenner and Suggs
500 Taylor Street, Suite 301
Columbia SC 29201
*Counsel for Plaintiff Anna White*

Barbara G. Medley
Medley & Spivy
111 W. Commerce St., Suite 201
Lewisburg, TN 37091
*Counsel for Plaintiff Danielle Marie Snyder*

4

Walter Woods Bussart
Bussart & Medley
520 N. Ellington Parkway
Lewisburg TN  37091-1456
*Counsel for Plaintiffs Danielle Marie Snyder and Jeanetta Deason*


K. Doug Perrin
The Perrin Law Firm, PC
1401 Elm Street
Suite 1965
Dallas, TX 75202
*Counsel for Plaintiffs Lloyd Massie and Pamela Massie*


Dennis Charles Peery
Tyler & Peery
5822 West IH 10
San Antonio, TX 78201
*Counsel for Plaintiffs Donna Lee, Ray Rodriguez, and Alma Patricia Rodriguez*


DEFENSE COUNSEL:

Amy W. Schulman
Heidi Levine
Timothy S. Blackford
DLA Piper US LLP
1251 Ave. of the Americas
29th Floor
New York, NY 10020
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-
Sciences Corp.*


Kathy J. Owen
DLA Piper US LLP
1717 Main St.
Suite 4600
Dallas, TX 75201
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-
Sciences Corp.*


Christopher D. Glos
Deborah C. Prosser
Kutak Rock
515 South Figueroa Street
Los Angeles, CA 90071
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-
Sciences Corp.*

Edward F. Fox
33 S. 6th St., Ste. 3800
Minneapolis, MN 55402
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charna E. Sherman
J. Philip Calabrese
Squire, Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

James B. Hood
Robert H. Hood
Mary (Molly) Agnes Hood Craig
Barbara Wynne Showers
Hood Law Firm
PO Box 1508 Charleston, SC 29402
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Ann M. DePriester
DLA Piper US LLP
One Atlantic Center
1201 W. Peachtree St., Suite 2800
Atlanta GA 30309-3450
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

James M. Doran, Jr.
Eileen Burkhalter Smith
Waller, Lansden, Dortch & Davis
511 Union Street
Suite 2100
Nashville, TN 37219
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charles L. Casteel
Davis Graham & Stuggs LLP
1550 17th Street, #500
Denver, CO 80202
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

6

James B. Irwin
Irwin Fritchie, et al.
4000 Poydras St., Ste. 2700
New Orleans, LA 70130
*Counsel for General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*

Charles F. Preuss
Drinker Biddle & Reath
50 Fremont St., 20th Fl.
San Francisco, CA 94105
*Counsel for Berlex Labs, Inc.*

Kenneth P. Conour
Drinker Biddle & Reath
50 Fremont St., 20th Fl.
San Francisco, CA 94105
*Counsel for Berlex Labs, Inc.*

Natalie M. Hostacky
Steven W. Albert
Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113-1448
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., and Bayer Corp.*

John P. Nefflen
Stewart, Estes & Donnell, PLC
Fifth Third Center
424 Church St., 14th Floor
Nashville TN 37219-2392
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., and Bayer Corp.*

Thomas Marshall Donnell, Jr.
Stewart, Estes & Donnell, PLC
Fifth Third Center
424 Church St., 14th Floor
Nashville TN 37219-2392
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., and Bayer Corp.*

Gerry Lowry
Fulbright & Jaworski
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., and Bayer Corp.*

7

Michelle M. Fujimoto
Thomas A. Woods
Shook, Hardy & Bacon
Jamboree Center
5 Park Plaza, Ste. 1600
Irvine, CA 92614
*Counsel for Tyco Healthcare and Mallinckrodt., Inc.*

Christina L. Lewerenz
James E. Berger
Roger Geary
Michael L. Walden
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
*Counsel for Tyco Healthcare Group LP, Tyco International (US), Inc. and Mallinckrodt,
Inc.*

Patrick M. McLaughlin
Anthony R. Petruzzi
McLaughlin & McCaffrey
1350 Eaton Center
1111 Superior Avenue
Cleveland, OH 44114
*Counsel for Tyco Healthcare Group LP, Tyco International (US), Inc. and Mallinckrodt,
Inc.*

Jennifer M. Eberle
Bass, Berry & Simms
100 Peabody Place
Suite 900
Memphis, TN 38103-3672
*Counsel for Mallinckrodt, Inc.*

Samuel Lanier Felker
Bass, Berry & Sims
315 Deaderick Street
Suite 2700
Nashville, TN 37238-0002
*Counsel for Mallinckrodt, Inc.*

Aggie Byul Lee
Michael C. Zellers
Mollie F. Benedict
Tucker Ellis & West
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
*Counsel for Bracco Diagnostics, Inc.*

8

**DEFENDANTS:**

Covidian, Ltd.
15 Hampshire Street
Mansfield, MA 02048

Novation, LLC
127 East John Carpenter Freeway
Suite 1400
Irving, TX 75062-3454