Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Bruce W. Blakely (SBN 106832)
**FLAXMAN & BLAKELY, AN ASSOCIATION**
591 Redwood Highway, Suite 2275
Mill Valley, CA 94941
Telephone: (415) 381-6650
Fax: (415) 381-4301
bruce@brucewblakely.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JAY GERBER AND MIRIAM GOLDBERG,<br><br>              Plaintiffs,<br>     vs.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>              Defendants. | Case No: 3:07-cv-05918-JSW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL**<br><br>Date:         January 11, 2008<br>Time:        9:00 a.m.<br>Courtroom:  2 |

Defendants General Electric Company, GE Healthcare, Inc. and GE Bio-Sciences Corp., joined by Bayer Corporation and Bayer Healthcare Pharmaceutical Inc., seek to stay all proceedings pending transfer to an MDL. Dkt. Nos. 32, 33. The MDL does not yet exist. Plaintiffs request that their

– 1 –
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL

Motion for Remand, Dkt. No. 24, be considered before considering Defendants' Motion to Stay. Should the Court grant Plaintiffs' Motion for Remand, Defendants' Motion to Stay will be rendered moot. In the event that the Court hears Defendants' Motion to Stay first, it should be denied because:

- **The MDL to which Defendants' wish to transfer this case has not been formed;**
- **The significant delay involved in a transfer to the MDL would greatly prejudice Plaintiffs; and**
- **Issues and parties unique to this case would not be efficiently litigated in an MDL.**

## BACKGROUND

Mr. Gerber suffers from Nephrogenic Systemic Fibrosis, an incurable, painful and life-threatening disease. He developed the disease as a direct result of receiving MRIs and MRAs using injections of gadolinium based contrast agents. The agents were manufactured by Defendants Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc. (jointly referred to as "Bayer") and General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp. (collectively referred to as "GE") and used in conjunction with machinery manufactured by GE. The agents were distributed by McKesson Corporation and Merry X-Ray Chemical Corp., and administered by California Pacific Medical Center and BMC Diagnostics, Inc.

Plaintiffs filed this matter in San Francisco Superior Court on October 26, 2007 against four in-state defendants (McKesson, Merry X-Ray, California Pacific Medical Center and BMC Diagnostics) and five out-of-state defendants (The GE and Bayer entities). This case was removed by out-of-state defendants Bayer and GE ("Removing Defendants"). Removing Defendants allege in their removal that the four in-state defendants are fraudulently-joined defendants whose non-diverse California residencies should be ignored for purposes of determining diversity jurisdiction.

Simultaneous with filing their removal, Defendants GE and Bayer filed identical Motions to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation ("JPML").

A motion to transfer all federal products liability actions involving gadolinium based contrast dyes to the Southern District of Ohio was filed with the Judicial Panel on Multidistrict Litigation ("JPML") on October 26, 2007. See Exhibit A to Defendants' Motion.

The JPML will not consider the motion until January 30, 2008. See Declaration of Debra DeCarli.

Plaintiffs filed their Motion for Remand on December 3, 2007. Dkt. No. 24.

## LEGAL ANALYSIS

Courts in the Northern District of California have adopted a three-step methodology for addressing competing motions for remand and stay:

1. <u>First</u>, the court should <u>give preliminary scrutiny to the motion to remand,</u> promptly completing its consideration and remanding the case if removal was improper.
2. <u>Second</u>, if the jurisdictional issue appears factually or legally difficult, the court should determine whether <u>identical or similar jurisdictional issues</u> have been raised in other cases that have been or may be transferred to the MDL.
3. <u>Finally</u>, and only if the second inquiry is reached and answered affirmatively, the court should consider staying the action, <u>weighing the following factors</u>: a) interests of judicial economy; b) hardship and inequity to the moving party if the action is not stayed; c) potential prejudice to the non-moving party.

*See Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Strong v. Merck & Co.,* 2005 U.S. Dist. LEXIS 2413, at 7 (N.D. Cal. 2005); *Edsall v. Merck & Co.,* 2005 U.S. Dist. LEXIS 42408, at 8 (N.D. Cal. 2005).

If this Court grants Plaintiffs' remand, Removing Defendants' Motion to Stay is moot. Only if the Court has first determined that the jurisdictional issues are legally or factually difficult, and has further determined that those issues are common to others in the MDL, should the Court then consider a stay pending transfer. The following factors are then weighed: a) interests of judicial economy; b) hardship and inequity to the moving party if the action is not stayed; c) potential prejudice to the non-moving party.

### A. Issues and parties unique to this case would not be efficiently litigated in an MDL

Removing Defendants have requested a stay pending a transfer to an MDL. There is no gadolinium MDL. The JPML will not consider the creation of an MDL for gadolinium litigation before January 30, 2008. Further, no other case in any prospective gadolinium MDL will address the question of whether, under California law, it is possible for Plaintiffs to assert negligence, CLRA and warranty claims against California Pacific Medical Center and BMC Diagnostics, Inc. Those issues are specific to this case. There has been no showing that identical or similar issues have been raised in other cases that might be transferred to the MDL. "Where case-specific issues of fact or law are raised by a motion to remand and a defendant has clearly failed to meet the substantive or procedural requirements for removing a state court action, 'the court should promptly complete its consideration and remand the case to state court.'" *Edsall v. Merck & Co.*, 2005 U.S. Dist. LEXIS 42408 (N.D. Cal. 2005) (citations omitted.).

### B. Stay and Transfer Results in Prejudice to Plaintiffs

Mr. Gerber is seventy-two years old and suffers from a progressive and incurable disease. If Plaintiffs' case is remanded to San Francisco Superior Court, they will have the right to a preferential trial setting within 120 days. Cal.Code.Civ.Proc. § 36. If this Court stays Plaintiffs' case pending transfer to an MDL which is not yet in existence, Plaintiffs will suffer months of delays just waiting for the transfer to occur. Then, once the case is transferred to an MDL, it is likely that it would take at least several additional months for the new MDL to hear and decide Plaintiffs' remand motion. The practical effect of Removing Defendants' delay tactic is, at a minimum, a four to six month delay, and possibly longer.

### C. Stay and Transfer Results in Inefficiency

A stay and transfer to the prospective but not yet formed gadolinium MDL is no doubt the most convenient result for Removing Defendants. However, <u>Removing Defendants are not the only defendants in this case</u>. A stay would result only in a transfer of Plaintiffs' claims against Removing Defendants, while Plaintiffs' remaining claims against McKesson, Merry X-Ray, California Pacific

1  Medical Center and BMC Diagnostics would be simultaneously separated and remanded for
2  disposition in this Court. Plaintiffs' claims against the different defendants would be split, requiring
3  them to prosecute a single lawsuit in multiple jurisdictions at the same time. This would result in
4  severe prejudice to Plaintiffs, and is hardly an efficient use of judicial resources. By contrast, there is
5  a forum in which Plaintiffs may litigate claims against all defendants, in one place, from initial
6  pleading through trial. More importantly, it is a court with subject matter jurisdiction over the action:
7  San Francisco Superior Court.

## CONCLUSION

In considering the competing motions for remand and for stay, the answer to each of the Court's inquiries militates against stay and in favor of immediate remand.

Dated:  December 13, 2007                    LEVIN SIMES KAISER & GORNICK LLP


                                             By:   s/ Debra DeCarli
                                                   Debra DeCarli, Esq.