Deborah C. Prosser (SBN 109856)
Email: Deborah.Prosser@KutakRock.com
Stephanie A. Hingle (SBN 199396)
Email: Stephanie.Hingle@KutakRock.com
KUTAK ROCK LLP
515 South Figueroa Street, Suite 1240
Los Angeles, CA 90071-3329
Telephone:    (213) 312-4000
Facsimile:    (213) 312-4001

Attorneys for Defendants
GENERAL ELECTRIC COMPANY, GE
HEALTHCARE INC. and GE HEALTHCARE
BIO-SCIENCES CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER JAY GERBER and MIRIAM GOLDBERG,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | CASE NO. CV-07-5918-JSW<br><br>**REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE, RULE 201**<br><br>**[Jury Trial Demanded]**<br><br>(San Francisco County Superior Court Case No. CGC07468577)<br><br>[Filed Concurrently with Removing Defendants' Opposition to Plaintiffs' Motion for Remand] |

## REQUEST FOR JUDICIAL NOTICE

Defendants General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. (hereinafter "the GE Defendants") respectfully request that this Court take judicial notice of the following adjudicative facts and attached exhibits pursuant to Federal Rules of Evidence, Rule 201(b):

## ADJUDICATIVE FACTS

(1) Plaintiffs in Gadolinum-based contrast agent litigation have moved to have all related actions transferred to the Southern District of Ohio for coordinated or consolidated pretrial proceedings. (*Motion for Transfer*, attached hereto as Exhibit "A;" see also Deborah C. Prosser Declaration ¶ 2.)

(2) The instant action arises out of Plaintiffs' claim that Peter Jay Gerber was exposed to Gadolinium-based contrast agents which caused him to contract a disease known as nephrogenic systemic fibrosis and/or nephrogenic fibrosing dermapathy (NSF/NSD), and thus, will be subject to transfer to any MDL established. (See *Complaint* ¶¶ 43 through 67, attached hereto as Exhibit "B.")

(3) BMC Diagnostics, Inc. is a California corporation with no "professional corporation or P.C." designation. (See *Complaint* ¶ 33, see also California Business Portal Corporation Search Results, attached hereto as Exhibit "C;" see also Prosser Decl. ¶ 6.)

## LAW AND ARGUMENT

The facts above are adjudicative in nature and are properly the subject of a request for judicial notice under Rule 201. Rule 201 of the Federal Rules of Civil Procedure governs requests for judicial notice of adjudicative facts. (See F.R.C.P. Rule 201(a).) A judicially noticed adjudicative fact must be one "not subject to reasonable dispute" because it is either generally known or capable of accurate and ready determination. (See F.R.C.P. Rule 201 (b).)

Generally, adjudicative facts are established through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. (F.R.C.P. Rule 201, Note to Subdivision (a).) Facts "which relate to the parties" are adjudicative facts. "When a court or an agency finds facts concerning the immediate parties – who did what, where, when, how, and with what motive or intent – the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts." (F.R.C.P.

1  Rule 201, Note to Subdivision (a) (citing Davis, K., *Problems of Evidence in the Administrative Process*, 55 Harv.L.Rev. 364, 404-407 (1942).)

In addition, the sources identified above are proper sources for the taking of judicial notice.

(1)  *Court Records are Proper Source for Judicial Notice*

This Court has authority to take judicial notice of another court's records, including Exhibits "A" and "B" above. (See *Genetech, Inc. v. U.S. Intl. Trade Commission*, 122 F.3d 1409 (1977) (district court's protective orders judicially noticed); see also *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 139 (4th Cir. 1989) ("the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" – quoting 21 Charles A. Wright & Keneth W. Graham, Jr., *Federal Practice & Procedure* § 5106 at 505 (1977).)

(2)  *On-Line Secretary of State Records are Proper Source for Judicial Notice*

As evidenced by Plaintiffs' Complaint, BMC Diagnostics, Inc.'s status as a corporation is not subject to dispute, and this Court may take judicial notice of the Secretary of State's on-line records regarding BMC's corporate status. (See *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.1093, 1094 (court referred to on-line records of California Secretary of State in determining whether judicial notice was proper); see also *Kelly v. Qualitest Pharmaceuticals, Inc.*, 2006 WL 2536627 (E.D. Cal.)[1] (judicial notice of corporate status taken from Alabama Secretary of State's website).)

///
///
///
///
///
///
///

---

[1] See Exhibit "D" attached hereto.

4840-0046-6690.2

Attorneys At Law
Los Angeles

- 3 -

REQUEST FOR JUDICIAL NOTICE                                                    CASE NO. CV-07-5918-JSW

1  Because both the underlying facts and the attached sources are properly the subject
2  of a request pursuant to Rule 201, this Court should exercise its discretion and judicially
3  notice the above adjudicative facts and attached exhibits.

Dated: December 20, 2007

KUTAK ROCK LLP

By: _____
Deborah C. Prosser
Attorneys for Defendants
GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC. and GE
HEALTHCARE BIO-SCIENCES
CORP.