KENNETH P. CONOUR (State Bar No. 148064)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Email: Kenneth.Conour@dbr.com

Attorneys for Defendants
BAYER CORPORATION and BAYER HEALTHCARE PHARMACEUTICALS INC.

Deborah C. Prosser (State Bar No. 109856)
Stephanie A. Hingle (State Bar No. 199396)
KUTAK ROCK LLP
515 South Figueroa Street, Suite 1240
Los Angeles, CA 90071-3329
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
Email: Deborah.Prosser@KutakRock.com
Email: Stephanie A. Hingle@KutakRock.com

Attorneys for Defendants
GENERAL ELECTRIC COMPANY, GE HEALTHCARE INC. and GE HEALTHCARE BIO-SCIENCES CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER JAY GERBER AND MIRIAM GOLDBERG,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35,<br><br>Defendants. | Case No. CV-07-05918-JSW<br><br>**REPLY OF DEFENDANTS IN SUPPORT OF DEFENDANTS MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>**Date:** January 11, 2008<br>**Time:** 9:00 a.m.<br>**Courtroom:** 2, 17th Floor<br>**Judge:** Jeffrey S. White |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants, Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc., (collectively "Bayer") and General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corporation (collectively "GE") file this reply in support of the Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation ("Motion to Stay") filed in the above-captioned action.

This Court should stay this action pending the resolution of the motion to transfer the federal products liability cases involving gadolinium-based contrast agents ("GBCAs") to be heard by the Judicial Panel on Multidistrict Litigation ("JPML") on January 30, 2008. Judicial economy will be best served by the Court staying this action and, if a GBCA MDL is established and this case is transferred as a tag-along action, allowing the transferee court to decide the Plaintiffs' motion to remand, along with other pretrial motions. *See Johnson v. Merck & Co., Inc.*, 2007 WL 754882, at * 2 (N.D. Cal. March 8, 2007) (Alsup, J.) (granting motion to stay a Vioxx products liability action pending the potential transfer of the case to the MDL transferee court, despite a motion to remand having been filed). Given that both the GE and Bayer Defendants have not opposed the establishment of a MDL for the GBCA cases, the JPML is likely to send this case and the other federal GBCA cases to an MDL transferee court, which can then consider the remand motions after transfer. Given the likelihood that other GBCA cases removed to federal courts in California may have similar remand motions involving claims of fraudulent joinder of in-state defendants, allowing the MDL transferee court to decide these motions will encourage consistent rulings and serve judicial economy.

## I. BACKGROUND

On October 26, 2007, certain plaintiffs filed a motion and supporting brief with the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer under 28 U.S.C. § 1407 of the pending federal cases concerning FDA-approved gadolinium-based contrast agents to a transferee court for coordinated proceedings. The moving plaintiffs stated

that an MDL was necessary to coordinate the discovery and pretrial administration of this litigation with more than 38 filed cases around the country to date. The JPML will hear this motion to transfer at its January 30, 2008 hearing. See Exhibit A to Defendants' Reply, JPML Notice of Hearing Order for January 30, 2008, filed December 13, 2007.

Both the GE and Bayer Defendants have filed responses with the JPML to this motion to transfer in which they acknowledge that MDL coordination of these actions will eliminate the duplication of discovery, serve the convenience of the numerous parties and witnesses, expedite the just and efficient administration of these complex actions, avoid inconsistent rulings on critical pretrial matters, and conserve the resources of the parties, their counsel, and the federal judiciary. See Exhibit B, GE's Response to Motion to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407; Exhibit C, Bayer's Response to Plaintiffs' Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407. Both the moving plaintiffs before the JPML and the GE and Bayer Defendants recognize that a GBCA MDL will serve judicial economy and reducing the risk of inconsistent and conflicting pretrial rulings in federal district courts all over the country.

The Gerber plaintiffs oppose Defendants' motion to stay this case, and assert in their opposition that the motion should be denied because (1) the GBCA MDL has not yet been formed; (2) the "significant delay involved in a transfer to the MDL would greatly prejudice Plaintiff"; and (3) the "issues and parties unique to this case would not be efficiently litigated in an MDL." Plaintiffs' Opposition at 2. As discussed below, none of these reasons are sufficient to warrant the denial of a stay of this case, and Defendants' motion to stay should be granted.[1]

---

[1] Plaintiffs also contend in their opposition that this Court should merely grant their motion to remand, which would moot this motion, and set out a three-step test for considering simultaneous motions to remand and to stay. Plaintiffs' Opposition at 3 (citing Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp.2d 1049, 1053 (N.D. Cal. 2004). However, the Plaintiffs' Opposition does not discuss the applicability of these factors to this case, which highlights their inapplicability here. However, Defendants respectfully suggest that even under the Conroy factors (which, as that Court noted, have not been adopted by the Ninth Circuit), the Court need not address the motion to remand and should grant the motion to stay. First, Defendants' removal was not improper, and in fact, other federal courts have found

## II. THIS CASE SHOULD BE STAYED UNTIL AFTER THE JPML'S RULING ON THE MOTION TO TRANSFER

Numerous courts have stayed proceedings pending determinations by the JPML on the appropriateness of coordination under Section 1407. *See, e.g., Parker v. Merck & Co., Inc.*, No. C07-233 SI, 2007 WL 1840247, at *1 (June 26, 2007); *U.S. Bank v. Royal Indem. Co.*, No. Civ.A.3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). When deciding whether to issue a stay pending a decision by the Panel, courts look at (1) considerations of judicial economy and (2) prejudice to the parties. *Rivers*, 980 F. Supp. at 1360. As described below, consideration of both these factors favor the granting of a stay of this action, as the JPML's transfer decision is expected shortly after its January 30th hearing.

### A. Judicial Economy Mandates a Stay

Defendants timely removed this case from state court (and have given notice to the JPML that this case is a potential tag-along case to be transferred to the MDL transferee court if a GBCA MDL is established). If this Court decided not to issue a stay, it may enter rulings that may need to be reconsidered after transfer to the MDL court, resulting in a waste of this court's resources. *See Rivers*, 980 F.Supp. at 1361 (noting that MDL transferee courts can vacate prior rulings of transferor courts). To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter and other actions should proceed in an orderly, coordinated fashion, as directed by a single court, if

---

that removing cases in which McKesson and other California defendants are alleged to be fraudulently joined is not improper. *See, e.g., Leeson v. Merck & Co.*, No. S-05-2240 WBS PAN, 2006 WL 3230047, at *2-3 (E.D. Cal. Jan. 25, 2006). Second, similar jurisdictional issues over the fraudulent joinder of McKesson and other in-state defendants can be expected to be raised in other GBCA cases that may be filed in California and may be transferred to the MDL, as in the Vioxx cases. *Id.* (noting multiple remand motions involving alleged fraudulent joinder of McKesson in Vioxx cases). Finally, given that the resolution of whether McKesson and other in-state defendants were fraudulently joined in GBCA cases involves a nearly-identical analysis, this Court should stay this action under the *Conroy* factors so that the MDL transferee court can make this determination.

selected by the JPML to coordinate these cases. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." 2002 WL 31114069 at *2. At this point, this Court has no need to expend its resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." See *Rivers*, 980 F. Supp. at 1360. The Court likewise has no need to hold status conferences or issue discovery orders prior to the Panel's ruling, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id*. Moreover, MDL courts regularly decide motions for remand, as well as dispositive motions before they return a case to the original transferor court. See *In re Vioxx Prods. Liability Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005) ("[M]otions to remand ... can be presented to and decided by the transferee judge.") Accordingly, a stay will conserve judicial resources.

### B. There Will Be No Prejudice to the Parties by Staying this Case

The potential prejudice to Plaintiff if the action is stayed for a few weeks during the pendency of the MDL motion to transfer is non-existent. Plaintiff has expended limited, if any, resources to date, this action is in its infancy, and no discovery has begun in this action. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in an MDL. Thus, Plaintiff will not suffer prejudice as a result of a stay. Furthermore, the short-term stay sought by Defendants will not unduly delay or burden Plaintiff's preparations for trial, which is still many months and potentially more than a year in the future. In the event that the JPML does not grant the motion to transfer the federal GBCA cases to an MDL transferee court or, if granted, this case is not transferred as a tag-along case to that MDL, the Court can thereafter lift the stay within a reasonable period of time and the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\393619\1

case can resume its normal course without any material interruption.

Plaintiffs' conclusory statements in their Opposition about Plaintiff Gerber's health are insufficient to show substantial prejudice to deny the motion to stay, when the JPML's ruling on the motion to transfer is shortly forthcoming. *See Johnson,* 2007 WL 754882 at *2 (holding Plaintiff's claims of "deteriorating health" are insufficient to show prejudice to deny motion to stay Vioxx case prior to MDL transfer ruling). Plaintiffs also argue erroneously that the claims against McKesson, Merry X-Ray, California Pacific Medical Center and BMC Diagnostics "would be simultaneously separated and remanded for disposition in this Court" and that Plaintiffs would have to prosecute separate suits against the GE and Bayer Defendants in the MDL and the remaining defendants in this court. *See* Plaintiffs' Opposition at 4. Plaintiffs' understanding of MDL procedures is incorrect. If a GBCA MDL is established and this case is transferred to the transferee court as a tag-along case, the entire case would likely be transferred at that time, and the transferee court would then take up the Plaintiff's motion to remand and any other motions that might seek to sever any defendants from this case.

If any party would be prejudiced by denying the motion to stay and considering the remand motion at this time, the GE and Bayer Defendants would be prejudiced, because the Plaintiffs could refile their motion to remand before the MDL transferee court. *See Leeson,* 2006 WL 3230047 at *4. GE and Bayer will potentially have to defend against this remand motion twice in this case, and potentially multiple times in various California cases in which McKesson or other California defendants have been fraudulently joined. As noted in the *Leeson* decision in the Vioxx litigation, the question of fraudulent joinder of in-state defendants in multiple cases in a mass products liability litigation can best be addressed by the MDL transferee court handling the remand motions, rather than on a piecemeal basis prior to the MDL transfer. *Id.* The plaintiffs are not prejudiced by this motion to stay; if anyone would be prejudiced by the ruling on this motion, it would be the GE and Bayer defendants if the motion to stay is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion to stay all proceedings in this case pending resolution of the MDL motion to transfer to be heard by the JPML on January 30, 2008.

Dated: December 28, 2007                    DRINKER BIDDLE & REATH LLP


                                            /s/ Kenneth P. Conour
                                            _____
                                            KENNETH P. CONOUR

                                            Attorneys for Defendants
                                            BAYER CORPORATION and BAYER
                                            HEALTHCARE PHARMACEUTICALS
                                            INC.


Dated: December 28, 2007                    KUTAK ROCK LLP

                                            *[signature: Deborah C. Prosser]*
                                            _____
                                            DEBORAH C. PROSSER

                                            Attorneys for Defendants
                                            GENERAL ELECTRIC COMPANY, GE
                                            HEALTHCARE INC. and GE
                                            HEALTHCARE BIO-SCIENCES CORP.