# EXHIBIT C

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| In Re: GADOLINIUM BASED CONTRAST )<br>DYES PRODUCTS LIABILITY LITIGATION ) | MDL Docket No. 1909 |

**DEFENDANTS GENERAL ELECTRIC COMPANY, GE HEALTHCARE INC.,
AND GE HEALTHCARE BIO-SCIENCES CORP.'S RESPONSE TO
MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407**

DLA PIPER US LLP
Amy W. Schulman
Heidi Levine
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500

Attorneys for Defendants
General Electric Company, GE Healthcare Inc.
and GE Healthcare Bio-Sciences Corp.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ...............................................................................1

BACKGROUND ........................................................................................................3

    A.  Summary of Plaintiffs' Actions ..................................................................3

    B.  History of GBCAs and GE Healthcare Inc.'s Omniscan™ Product...............4

    C.  NSF and Its Alleged Association With GBCAs............................................5

        1.  April 2006 Publication of the Grobner Article ...............................5

        2.  GE Healthcare Inc.'s Response.......................................................5

        3.  There Is Still No Known Cause of NSF............................................6

    D.  Procedural Status of the Actions..................................................................7

ARGUMENT ..............................................................................................................8

    A.  GEHC Supports Transfer and Coordination ...............................................8

    B.  Although the Parties Agree That Ohio Should Be Considered, the N.D. Ohio Is More Appropriate Than the S.D. Ohio ...................................................................9

        1.  All Parties Favor Ohio And Both Ohio Jurisdictions Have Approximately the Same Number of Actions.................................................................10

        2.  Cleveland Is Centrally Located and More Convenient to the Parties Than Columbus.................................................................10

        3.  The N.D. Ohio Has More MDL Experience Than the S.D. Ohio and Is Better Equipped to Handle This Prospective MDL.........................................12

4. Judge Polster of the N.D. Ohio Is Familiar With the Actions and
Chief Judge Carr Has Formally Requested This Prospective MDL ......................13

a.  Judge Polster Has Been Actively Involved
in the N.D. Ohio Actions ............................................................................14

b.  S.D. Ohio Cases Are Not Significantly Advanced, and To Date,
The Parties Have Not Appeared Before Judge Marbley............................15

c.  N.D. Ohio Chief Judge Carr Has Requested Transfer of the Actions to
Judge Polster ............................................................................................16

CONCLUSION.............................................................................................................17

# TABLE OF AUTHORITIES

## CASES

In re Accutane Prod. Liab. Litig.,
    343 F. Supp. 2d 1382 (J.P.M.L. 2004)................................................................9

In re Air Fare Litig.,
    322 F. Supp. 1013 (J.P.M.L. 1971)...............................................................11

In re Aircraft Accident at Barrow,
    474 F. Supp. 996 (J.P.M.L. 1979).................................................................13

In re Asbestos Prod. Liab. Litig.,
    771 F. Supp. 415 (J.P.M.L. 1991)..................................................................9

In re Bausch & Lomb Inc. Contact Lens Solution Prod. Liab. Litig.,
    444 F. Supp. 2d 1336 (J.P.M.L. 2006)...........................................................8

In re Baycol,
    180 F. Supp. 2d 1378 (J.P.M.L. 2001).........................................................12

In re Braunwald-Cutter Aortic Heart Valve Prod. Liab. Litig.,
    465 F. Supp. 1295 (J.P.M.L. 1979).............................................................10

In re Brown Co. Sec. Litig.,
    325 F. Supp. 307 (J.P.M.L. 1971)...............................................................10

In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.,
    293 F. Supp. 2d 1381 (J.P.M.L. 2003).........................................................11

In re Inter-Op Hip Prosthesis Prod. Liab. Litig.,
    149 F. Supp. 2d 931 (J.P.M.L. 2001)...........................................................12

In re Metoprolol Succinate Patent Litig.,
    329 F. Supp. 2d 1368 (J.P.M.L. 2004).........................................................11

In re Mid-Air Collision,
    309 F. Supp. 621 (J.P.M.L. 1969)...............................................................10

In re Mirapex Prod. Liab. Litig.,
    493 F. Supp. 2d 1376 (J.P.M.L. 2007)...........................................................8

In re Motor Fuel Temperature Sales Practices Litig.,
    493 F. Supp. 2d 1365 (J.P.M.L. 2007).........................................................11

<u>In re Peruvian Road Litig.</u>,
　　380 F. Supp. 796 (J.P.M.L. 1974)..................................................................14

<u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>,
　　173 F. Supp. 2d 1377 (J.P.M.L. 2001)..........................................................12

<u>In re Royal Ahold N.V. Sec. & "ERISA" Litig.</u>,
　　269 F. Supp. 2d 1362 (J.P.M.L. 2003)............................................................8

<u>In re Sugar Indus. Antitrust</u>,
　　395 F. Supp 1271 (J.P.M.L. 1975)................................................................10

<u>In re Teflon Prod. Liab. Litig.</u>,
　　416 F. Supp. 2d 1364 (J.P.M.L. 2006)............................................................9

<u>In re Vioxx Prod. Liab. Litig.</u>,
　　360 F. Supp. 1352 (J.P.M.L. 2005)...............................................................10

## STATUTES AND RULES

28 U.S.C. § 1407.......................................................................................2, 8, 17

R.P.J.P.M.L. 7.2(c) ...........................................................................................1

## PRELIMINARY STATEMENT

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel") and an order of the Panel dated October 26, 2007 (Exh. A), defendants General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. (collectively, "GEHC") submit this response to a motion for transfer and consolidation submitted to the Panel by Plaintiffs Alisha Hagwood, *et al.*, on October 26, 2007 (MDL Docket No. 1909).

Plaintiffs, in nine separate cases filed in various jurisdictions, assert personal injury claims against GEHC and the other manufacturers of Gadolinium-based contrast agents ("GBCAs"). Plaintiffs allege that, following the administration of GBCAs, they developed a condition known as nephrogenic systemic fibrosis ("NSF").

NSF, which was first identified in 2000, is an exceedingly rare condition. Indeed, since it was first recognized, doctors have confirmed fewer than 300 cases worldwide. To the best of scientific knowledge, NSF only affects individuals with severely impaired kidney function. To date no available medical or scientific evidence establishes a cause and effect relationship between NSF and GBCAs, although there is a reported statistical association. The scientific literature also reports cases of NSF *not* associated with GBCAs.

On May 23, 2007, the U.S. Food and Drug Administration ("FDA") required all GBCAs to carry a boxed warning that alerts health care providers of an increased risk of NSF in patients with severe renal failure.

In sum, NSF is a new condition with an unknown etiology, and the causal mechanism linking GBCAs to NSF is still theoretical. Given the lack of definitive causal explanation, GEHC believes that an early, careful judicial examination of the science will be critical to the proper handling of these lawsuits.

In addition to the 24 actions identified by Plaintiffs, there are 17 other federal actions filed throughout the country involving plaintiffs alleging similar claims to Plaintiffs' claims here (collectively, "Actions"). Exh. B. On November 5 and December 4, 2007, GEHC notified this Panel of the potential tag-along Actions against GEHC. Exhs. C & D. All of the Actions against GEHC arise out of the alleged use of GE Healthcare Inc.'s FDA-approved GBCA, Omniscan™.

GEHC does not oppose transfer and coordination pursuant to 28 U.S.C. § 1407. Although each plaintiff's individual injuries and medical histories differ, the Actions do involve "one or more common questions of fact." A transfer will further the convenience of the parties and witnesses, and will promote the just and efficient conduct of these Actions by ensuring centralized oversight of pretrial discovery and, in the process, minimize judicial waste and inefficiency. See 28 U.S.C. § 1407(a).

GEHC does oppose transfer of these actions to the Southern District of Ohio. The number of cases filed there, five, is not meaningfully greater than the number of cases in alternative venues, such as the four cases filed in the Northern District of Ohio. At this point, the number of cases is not highly relevant as the overall litigation is in a nascent stage and Plaintiffs' counsel have announced that they plan to file dozens of additional actions on behalf of plaintiffs nationwide.

Plaintiffs' papers also misrepresent the extent of the involvement of the Honorable Algenon L. Marbley in this litigation, and his purported interest in presiding over an MDL. To the extent the federal courts in Ohio have a view as to the venue of any MDL, GEHC assumes that view was expressed in the Northern District of Ohio Chief Judge James G. Carr's November 6, 2007 letter to this Panel (written without the involvement of any of the parties).

2

Leaving aside the Chief Judge's express wishes, the Northern District of Ohio strikes defendants as a more appropriate venue. Cleveland is more convenient to the parties, counsel and witnesses than is Columbus, Ohio. The Northern District of Ohio has considerable MDL and mass tort experience and appears to have more resources able to handle the demands of this MDL, which, like other MDLs, is likely to involve multiple parties and witnesses from around the United States and potentially outside the United States. In particular, Judge Polster of the Northern District of Ohio has been actively involved in the GBCA litigation. On October 2, 2007, Judge Polster held a lengthy and substantive conference with plaintiffs, GEHC, and Bayer, in one of the four matters before that Court, and has subsequently held two other teleconferences in the four cases.

For the reasons set forth below, GEHC requests coordination and transfer of these Actions to the Northern District of Ohio and Judge Polster.

## BACKGROUND

**A.     Summary of Plaintiffs' Actions**

The 41 Actions identified by the parties and subject to Plaintiffs' petition to the Panel seeking consolidation and transfer are classic products liability cases where the essential claims are based on theories of strict product liability, design defect or failure to warn. Plaintiffs allege that the chemical compounds of GBCAs, like Omniscan™, are defective and cause NSF in individuals suffering from severe renal failure.

GE Healthcare Inc. is unaware of scientific studies supporting Plaintiffs' theories of causation, and like other Defendants, has denied liability. Furthermore, GE Healthcare Inc. denies that it sells or markets Omniscan™ directly to consumers and admits that its product is

3

sold only to physicians and other health care providers and administered only by physicians and other health care providers.

Accordingly, if transfer and coordination of the Actions is granted by this Panel, the transferee Court will face threshold factual questions concerning causation (likely including Daubert challenges to scientific opinions), and legal questions concerning Defendants' duties to inform learned intermediaries, such as the doctors and other healthcare professionals to whom Omniscan™ is sold or marketed, of any known risks concerning Omniscan™ and NSF.

As set forth in the attached Schedule, all 41 GBCA Actions were filed in 2007 and are pending in jurisdictions throughout the country. Exh. B. In addition, nine state court actions have been filed in various locations from New Jersey to California against GEHC. To date, GEHC is named in a total of 44 cases involving personal injury claims and GE Healthcare Inc.'s Omniscan™ product.

**B.    History of GBCAs and GE Healthcare Inc.'s Omniscan™ Product**

Contrast agents, such as iodine, have been available for many decades and are vital tools in the identification, diagnosis and treatment of many different serious conditions. Prior to the development of GBCAs, iodine and iodine-based contrast agents predominated. These iodinated contrast agents carried the disadvantage of potential serious side effects, including severe toxicity to the kidneys. Another disadvantage to iodine and iodine-based contrast agents is that they do not allow for color contrast images.

GBCAs were first developed in the late 1980's and represented a significant advancement for healthcare professionals in diagnosing and treating various problems and conditions, particularly for patients who suffered from severe kidney disease. Compared to the earlier iodine

images, GBCA images offer less kidney toxicity. GBCAs, such as Omniscan™, have helped thousands of sick patients receive crucial diagnosis and treatment.

Omniscan™ is distributed, sold and marketed to healthcare professionals in the United States by Defendant GE Healthcare Inc.

**C.      NSF and Its Alleged Association With GBCAs**

**1.      April 2006 Publication of the Grobner Article**

NSF is generally characterized by thickening of the skin, seen exclusively in patients with significantly impaired renal function.

Initially discovered in 2000, NSF has been associated with multiple etiologies. The first time a possible association between NSF and GBCA was identified was in the spring of 2006 in an article published by Dr. Thomas Grobner.[1]

Prior to Dr. Grobner's article in 2006, nothing in the scientific literature had suggested that GBCAs were associated with NSF. While dozens of articles were published between 2000 and January of 2006, none set forth an association between NSF and GBCAs.

**2.      GE Healthcare Inc.'s Response**

In conjunction with the FDA, GE Healthcare Inc. responded swiftly to the spring 2006 publication of Dr. Grobner's article identifying Omniscan™ and its alleged association with NSF:

- June, 2006: Dr. Grobner's article is corrected, revealing that it was based on Omniscan™, not Bayer-Schering's Magnevist product.

- June 6, 2006: GE Healthcare Inc. issues a Dear Healthcare Provider ("DHP") letter (Omniscan™ Safety Update) in the United States, in coordination with the FDA, making it the first GBCA Defendant to issue such a letter (Tyco

---

[1] The article was previously published on the internet and identified Magnevist, manufactured by Bayer-Schering, as the GBCA associated with all of Dr. Grobner's patients. The article was published in hard copy in April, 2006, and again in June, 2006, when it was corrected to identify the product at issue as GEHC's Omniscan™.

Healthcare/Mallinckrodt issued a DHP letter on December 28, 2006; other Defendants issued similar letters in 2007.)

- June 8, 2006: Following GE Healthcare Inc.'s DHP letter, FDA issues a class-wide Public Health Advisory ("PHA"), announcing that 25 cases of NSF had been reported, and that "new reports have identified a possible link between NSF and exposure to gadolinium containing contrast agents used at high doses . . . ." FDA's alert applies to all GBCAs on the market in the United States.

- December 22, 2006: The FDA issues an updated class-based PHA regarding all GBCAs recommending that, in patients with moderate to end-stage kidney disease, doctors should "select imaging methods other than MRI or MRA with Gadolinium-based contrast agents."    GE Healthcare Inc. followed the recommendations of the FDA.

- December 22, 2006: GE Healthcare Inc. issues a second DHP letter, citing new case reports of an association between NSF and Omniscan™.

- On May 23, 2007: The FDA issues a class-wide boxed warning for all Gadolinium Agents. The warning stated as follows:

> Exposure to Gd-based contrast agents increases the risk for NSF in patients with GFR <30, in those with acute renal failure secondary to hepatorenal syndrome, or in the peri-operative liver transplant period.

> Avoid use of Gd-based contrast agents unless the diagnostic information is essential and not available with non-contrast enhanced MRI.

### 3.    There Is Still No Known Cause of NSF

Numerous scientists during the past year and a half have analyzed whether GBCAs are a cause of NSF, and dozens of articles have been published. As scientists continue to explore potential associations between NSF and various disease states, procedures and substances, they are finding cases of NSF where the patients were *not* exposed to a GBCA. To date, there is still no available medical or scientific evidence that has established a cause and effect relationship between NSF and GBCAs. In fact, the dermatopathologist who first described NSF in 2000, Dr. Shawn Cowper, still has not identified a mechanism of action of NSF. An early, critical

examination of the science will be necessary in these cases and the evolving nature of science will be one of the first issues a prospective MDL court will have to tackle.

**D.    Procedural Status of the Actions**

Not a single one of the 41 Actions has advanced significantly.   In 17 of the Actions, GEHC has not yet answered the complaints.   In many of the Actions, GE Healthcare Bio-Sciences Corp. either has moved for dismissal, or stipulated to a dismissal with Plaintiffs on the basis that it is uninvolved with Omniscan™.   Except for the exchange of Rule 26 initial disclosures, discovery has yet to begin in 30 of the Actions against GEHC.   No depositions have been taken.   GE Healthcare Inc. has begun producing its U.S. regulatory files and adverse event reports.

Out of the 41 Actions, the parties appeared before only four District Court Judges — the Honorable Dan A. Polster of the Northern District of Ohio in the <u>Rockwell</u>, <u>Dennis</u> and <u>Babione</u> cases against GEHC, and in another GBCA case <u>Walker</u> (not against GEHC), the Honorable Jack Zouhary of the Northern District of Ohio in the <u>Babione</u> case (prior to transfer to Judge Polster), the Honorable Stephen Larson of the Central District of California in the <u>Mitchell</u> case, and the Honorable William J. Haynes of the Middle District of Tennessee in the <u>Snyder</u> and <u>Deason</u> cases.

In <u>Rockwell</u>, Plaintiffs' counsel, William Hawal, the undersigned GEHC counsel, and the Bayer Defendants' counsel, appeared before Judge Polster on October 2, 2007, who questioned counsel extensively about the Actions, the products, witnesses, documents, causation and science issues during an hour and a half initial Case Management Conference.   On October 16, <u>Dennis</u>, <u>Babione</u>, and <u>Walker</u> were transferred to Judge Polster.  Exhs. E, F & G.  Judge Polster again heard from the undersigned GEHC's counsel and Plaintiffs' counsel via teleconference on

7

November 20, and held a hearing in Walker on November 28. Following these hearings, Judge Polster stayed discovery in all four cases, except for the exchange of documents already underway in other cases.

In Snyder and Deason, pending in the Middle District of Tennessee, the parties have appeared twice before Judge Haynes, to discuss the entry of an initial case management order in each case, among other related issues.

GEHC has appeared before two magistrates in three other Actions, and 27 Actions have yet to require an appearance.

## ARGUMENT

### A.    GEHC Supports Transfer and Coordination

Section 1407 specifies that the Panel may transfer two or more civil cases for coordinated pretrial proceedings where: (1) the "actions involve one or more common questions of fact"; (2) coordination will further "the convenience of [the] parties and witnesses"; (3) coordination "will promote the just and efficient conduct of the actions;" and (4) coordination will prevent duplicative discovery and conflicting pretrial rulings. 28 U.S.C. § 1407(a).

Here, transfer of the Actions is appropriate because these actions "involve one or more common questions of fact" and transfer will serve "the convenience of the parties and witnesses" and "promote the just and efficient conduct of the actions" by preventing duplicative discovery. See In re Mirapex Prod. Liab. Litig., 493 F. Supp. 2d 1376, 1377 (J.P.M.L. 2007) (transfer and coordination appropriate to avoid duplicative discovery); see also In re Bausch & Lomb Inc. Contact Lens Solution Prod. Liab. Litig., 444 F. Supp. 2d 1336, 1338 (J.P.M.L. 2006) (same); In re Royal Ahold N.V. Sec. & "ERISA" Litig., 269 F. Supp. 2d 1362, 1363 (J.P.M.L. 2003) (same).

While each of the Actions raises individualized issues not susceptible to class certification, the primacy of the science, as well as its evolving nature, suggest efficiencies based on a coordinated, staged approach to science. Coordination of the Actions will avoid the unnecessary use of the judicial resources of multiple federal courts, will prevent inconsistent rulings on critical pretrial discovery motions, eliminate the burden of duplicate discovery, and promote the just and efficient conduct of the actions. The benefits of an MDL are heightened in these cases, where complex questions of science will require detailed review and consideration by the trial judge.

These also are cases where active cooperation between the federal and state courts is likely to be beneficial, precisely because of the scientific complexities and issues concerning NSF. All of the state court cases are in the earliest stages of litigation; thus, timely coordination of the federal Actions will assist in the progress of the state court cases, and not prejudice the state court litigants.

**B.    Although the Parties Agree That Ohio Should Be Considered, the N.D. Ohio Is More Appropriate Than the S.D. Ohio**

The common factors the Panel considers when deciding which district to transfer an MDL are: (1) the parties' wishes and the number of actions pending in the district; (2) the centrality and convenience of the location; (3) the transferee forum's docket and its ability to manage the MDL; and (4) and the judges' familiarity with the actions and interest in serving as a the transferee forum. See In re Teflon Prod. Liab. Litig., 416 F. Supp. 2d 1364, 1365 (J.P.M.L. 2006); In re Accutane Prod. Liab. Litig., 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004); In re Asbestos Prod. Liab. Litig., 771 F. Supp. 415, 422-23 (J.P.M.L. 1991).

Weighing all of these factors, should the Panel consider Ohio as a venue, the Northern District of Ohio is a more suitable and convenient venue than the Southern District of Ohio, or

9

other alternatives. GEHC therefore respectfully requests transfer of the Actions to the Northern District of Ohio, before the Hon. Dan Polster.

**1.    All Parties Favor Ohio And Both Ohio Jurisdictions Have Approximately the Same Number of Actions**

The Panel often will transfer a case to the district that a majority of the litigants favor or think is best. See In re Brown Co. Sec. Litig., 325 F. Supp. 307, 308 (J.P.M.L. 1971); In re Sugar Indus. Antitrust, 395 F. Supp 1271, 1274 (J.P.M.L. 1975) (transferring to forum that was "the preference of most of the parties"); In re Braunwald-Cutter Aortic Heart Valve Prod. Liab. Litig., 465 F. Supp. 1295, 1298 (J.P.M.L. 1979) (choosing forum that "a majority of the parties favor"). The Panel regularly transfers subject cases to a jurisdiction in which a large number of cases has been brought. See In re Vioxx Prod. Liab. Litig., 360 F. Supp. 2d 1352, 1353 (J.P.M.L. 2005); In re Mid-Air Collision, 309 F. Supp. 621, 621 (J.P.M.L. 1969).

Here, Plaintiffs concede that the State of Ohio is convenient for Plaintiffs and their witnesses. The Northern District of Ohio has four cases of the 41 Actions, while the Southern District of Ohio has five. Thus, each jurisdiction has about the same number of cases, however, neither jurisdiction has a significant percentage of all 41 Actions. All Defendants who consent to transfer dispute that the Southern District of Ohio is an appropriate transferee court, but none object to the transfer to the Northern District of Ohio.

GEHC requests transfer to the Northern District of Ohio, and Cleveland in particular, rather than to the Southern District of Ohio and Columbus, as sought by Plaintiffs.

**2.    Cleveland Is Centrally Located and More Convenient to the Parties Than Columbus**

The Panel favors transfer to venues that are relatively accessible by parties and witnesses and will also consider whether the transferee district is centrally located. See In re Gen. Motors

Corp. Dex-Cool Prod. Liab. Litig., 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); see also In re Motor Fuel Temperature Sales Practices Litig., 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007). "Geographical location of the transferee court is especially relevant when counsel must travel from distant parts of the country." In re Air Fare Litig., 322 F. Supp. 1013 (J.P.M.L. 1971); see also In re Metoprolol Succinate Patent Litig., 329 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004).

The Northern District of Ohio is convenient for the parties because it is centrally located and accessible. Cleveland, where Judge Polster presides, has a greater metropolitan population of over 2.945 million people. U.S. Census Bureau, United States and Puerto Rico – Metropolitan Area, http://factfinder.census.gov (select GCT-PH1. Population, Housing Units, Area, and Density: 2000) (last visited Nov. 27, 2007). It is easily accessible because it boasts the largest commercial airport in Ohio and serves nearly 12 million passengers annually. The airport has 320 daily non-stop flights to over 80 destinations. Cleveland Hopkins International Airport, http://www.clevelandairport.com/site/378/default.aspx. (last visited Nov. 15, 2007). It is serviced by ten airlines, including Continental Airlines, which maintains a hub in Cleveland.

Cleveland is more convenient for the parties and their counsel than Columbus. In particular, Cleveland is convenient for Plaintiffs' counsel Spangenberg, Shibley and Liber, LLP, whose office is located in Cleveland, which is 140 miles from Columbus. Likewise, every Defendant in the Ohio cases (Northern or Southern District) has retained counsel whose offices are in Cleveland. In contrast, neither of Plaintiffs' moving counsel (Spangenberg, Shibley and Liber, LLP, or Burg Simpson Eldredge Hersh & Jardine, P.C.) maintain offices in Columbus, nor are any of Defendants' counsel of record based in Columbus.

Furthermore, Columbus is not a major transportation center, its airport does not serve as a hub to any major airline and many locations require connecting flights. In a case like this, it is

11

particularly important to establish the MDL in a venue convenient for travel. Compared to alternative locations even in the same state, such as Cleveland, Columbus is not convenient for non-local parties.

> **3.    The N.D. Ohio Has More MDL Experience Than the S.D. Ohio and Is Better Equipped to Handle This Prospective MDL**

The Panel also should consider the transferee forum's docket and proven expediency in resolving similar litigations. See In re Baycol, 180 F. Supp. 2d 1378, 1379 (J.P.M.L. 2001) (selecting transferee forum that was not "overtaxed with other multidistrict dockets"); In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 173 F. Supp. 2d 1377, 1380 (J.P.M.L. 2001); In re Inter-Op Hip Prosthesis Prod. Liab. Litig., 149 F. Supp. 2d 931, 933 (J.P.M.L. 2001).

Plaintiffs argue that the Southern District of Ohio compares favorably "with the most efficient venues" and therefore the Actions should be transferred there. Plaintiffs' Motion at 18-19. The statistics do not bear out that argument.

The Southern District of Ohio is ranked 54th in the country in the amount of time it takes a civil matter to proceed from filing to trial, and is ranked 83rd in the country in the time it takes a civil matter to proceed from filing to disposition. See Federal Courts Management Statistics – 2006, http://www.uscourts.gov/cgi-bin/cmsd2006.pl (select "Ohio Southern") (last visited Nov. 15, 2007). It does not currently have large-scale MDLs, and historically it has not been assigned numerous MDLs.

While the Southern District of Ohio has well-qualified jurists (including Judge Marbley), its resources and experience are not superior to more suitable jurisdictions, such as the Northern District of Ohio. In 2006, the Northern District had 4,393 civil case filings in the District. See Federal Courts Management Statistics – 2006, http://www.uscourts.gov/cgi-bin/cmsd2006.pl (select "Ohio Northern") (last visited Nov. 15, 2007). The court manages that active docket

efficiently, as evidenced by the speed with which cases proceed there. The Northern District is ranked first in the 6th Circuit, and 32nd in the country, for the time it takes a civil case to proceed from filing to trial. See Federal Courts Management Statistics – 2006, http://www.uscourts.gov/cgi-bin/cmsd2006.pl (select "Ohio Northern") (last visited Nov. 15, 2007).

The Northern District has significant MDL experience. The Northern District currently has five products liability MDLs: Sulzer Hip, Meridia, Ford Fuel, Welding Fume and Ortho Evra. Distribution of Pending MDL Dockets, http://www.jpml.uscourts.gov/MDL Information/PendingMDL-November-07.pdf (last visited Nov. 27, 2007). Each of these MDLs involves complex scientific issues, much the same as this GBCA litigation. During 2006, the Northern District had a total of 5,439 MDL cases pending in the district. Also during 2006, the Northern District had 1,230 products liability cases commenced in the District.

The Northern District of Ohio has the capacity to handle complex mass tort litigation on a large scale. It has 12 active judges and five senior judges with no current judicial vacancies. See United States District Court Northern District of Ohio – Judges, http://www.ohnd.uscourts.gov/Judges/index.html (last visited Nov. 27, 2007); Federal Courts Management Statistics – 2006, http://www.uscourts.gov/cgi-bin/cmsd2006.pl (select "Ohio Northern") (last visited Nov. 15, 2007).

Thus, the Northern District of Ohio is better capable of managing this prospective MDL.

4. **Judge Polster of the N.D. Ohio Is Familiar With the Actions and Chief Judge Carr Has Formally Requested This Prospective MDL**

In addition, the Panel should consider whether the transferee forum and assigned judge are familiar with the facts and litigants, as well as that court's resources, readiness and willingness to assume responsibility for the MDL. See, e.g., In re Aircraft Accident at Barrow,

13

474 F. Supp. 996, 1000 (J.P.M.L. 1979); In re Peruvian Road Litig., 380 F. Supp. 796, 798 (J.P.M.L. 1974). Here, Judge Polster in the Northern District of Ohio is more familiar with the litigation, and the Northern District of Ohio is ready and willing to accept this prospective MDL.

      **a.    Judge Polster Has Been Actively Involved in the N.D. Ohio Actions**

Presently, there are four cases in the Northern District of Ohio — Babione, Dennis, Rockwell and Walker — all now assigned to Judge Polster.

On October 2, 2007, Judge Polster personally managed the parties' initial case management conference in Rockwell, questioning counsel specifically on the background of the disputes, science and causation issues, the likely discovery needed, and the future progress of the litigation. Judge Polster listened to the parties' respective descriptions of the litigation, and facilitated a discussion concerning pending discovery, the location of the documents, and how and whether the parties would stipulate to the production of foreign documents and witnesses, to avoid untimely and costly discovery disputes. Judge Polster indicated to the parties at the case management conference that he would be willing to address discovery disputes, and he favored transfer and coordination of the cases. On November 16, Babione and Dennis were transferred to Judge Polster. Exhs. E & F. On November 19, 2007, the fourth Northern District of Ohio case, Walker, also was transferred to Judge Polster. Exh. G.

On November 20, Judge Polster held a telephonic hearing relating to GEHC's motion to stay discovery in the Dennis and Rockwell cases. Judge Polster stayed discovery in contemplation of this possible MDL, except for the preliminary exchange of documents already underway in other cases. Exh. H. On November 28, 2007, Judge Polster held another teleconference in the fourth action, Walker (not involving GEHC), and issued a similar ruling. Exh. I.

Judge Polster's involvement has been far more substantive than the involvement of any of the other judges in any of the other Actions. Judge Polster is certainly familiar with the facts of this litigation. For these reasons, the Panel should transfer the Actions to the Northern District of Ohio, and to Judge Polster.

**b.     S.D. Ohio Cases Are Not Significantly Advanced, and To Date, The Parties Have Not Appeared Before Judge Marbley**

In their Motion, Plaintiffs state that "[t]he consolidation [of five Gadolinium Actions] has also given Judge Marbley the unique opportunity to immerse himself in the issues of fact and law relevant to this case." Plaintiffs' Motion at 17. It appears Plaintiffs are speculating about Judge Marbley's interest and exploration of the fact and legal issues in the GBCA litigation.

No party has appeared before Judge Marbley in any of the five actions pending in the Southern District of Ohio. Out of those five actions, the parties have had appearances in only two — Hagwood and Murray. In those two cases, there was a single combined case management conference lasting only 20 minutes before the assigned magistrate, who issued the resulting case management orders. In those cases, only limited interrogatories (to which no responses are yet due) and three corporate representative deposition notices (for which no dates have been scheduled) have been served. No discovery has been served in the other three. Thus, the Southern District of Ohio cases are no further along than the other cases pending throughout the U.S.

Plaintiffs' argument that the Panel should transfer all Actions to the Southern District of Ohio because Judge Marbley has had the opportunity to "immerse himself in the issues of fact and law relevant to this case" is neither supported by the procedural history of those cases, nor by the argument that those cases are more advanced than any number of other cases around the country.

15

      c.      **N.D. Ohio Chief Judge Carr Has Requested Transfer of the Actions to Judge Polster**

Chief Judge James G. Carr of the Northern District of Ohio supports assignment of this MDL to Judge Polster. Exh. J, November 6, 2007 Letter from Honorable James G. Carr to Honorable John G. Heyburn II. As Chief Judge Carr explained, the Northern District of Ohio has had significant experience managing MDLs, has sufficient resources, and is interested. Furthermore, Chief Judge Carr cites Judge Polster's personal involvement in the Actions, as GE Healthcare Inc. describes above.

There has not been a similar request, to Defendants' knowledge, from any judge in the Southern District of Ohio. Plaintiffs' statement in their motion that they "have spoken with Judge Marbley regarding his availability and willingness to manage this potential multidistrict litigation, and the Court has indicated that it would be willing to serve as the MDL transferee court if so requested by the Panel" (Plaintiffs' Motion at 9-10) is misleading.

After reading about Plaintiffs' alleged conversation with Judge Marbley concerning this prospective MDL for the first time in their Motion, GEHC's counsel specifically asked Plaintiffs' counsel to explain the facts and circumstances surrounding this conversation. Exh. K, October 29, 2007 Letter from A. Schulman to W. Hawal and P. Burg.

In response to GEHC's counsel's inquiry, Plaintiffs' counsel admitted:

> I made a telephone call to the Judge's law clerk without identifying my affiliation or the case and asked if the Court would be willing to accept an assignment from the MDL panel. The law clerk indicated that he believed the Court would, if asked.

Exh. L, October 30, 2007 Email from W. Hawal to A. Schulman.

Thus, Plaintiffs' counsel have admitted that they never spoke with Judge Marbley about this prospective MDL.

The Panel should discourage such attempts to steer assignment of this prospective MDL and reject Plaintiffs' request that the Actions be transferred to Judge Marbley and the Southern District of Ohio. In contrast to second-hand reports of alleged *ex parte* conversations, GEHC suggests that Chief Judge Carr's unsolicited November 6 letter is indicative of the Ohio federal courts' position concerning this MDL and its assignment.

## CONCLUSION

For the foregoing reasons, GEHC respectfully requests that this Panel enter an Order transferring the actions listed in Exhibit B to the United States District Court for the Northern District of Ohio, before the Honorable Dan Polster, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated: New York, New York
      December 5, 2007

DLA PIPER US LLP

By: _____
Amy W. Schulman
(amy.schulman@dlapiper.com)
Heidi Levine
(heidi.levine@dlapiper.com)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500

Attorneys for Defendants
General Electric Company, GE Healthcare Inc.
and GE Healthcare Bio-Sciences Corp.

17

EXHIBIT A

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

October 26, 2007

Re: MDL No. 1909 – IN RE: Gadolinium Contrast Dyes Products Liability Litigation

DOCUMENT FILED: Motion of Plaintiffs Afisha A. Hagwood, et al.; Robert W. Murray, et al.; Carolyn Hall, etc.; Lance A. Voeltner; Paul W. Frazier, et al.; John G. Walker, et al.; Beverly Rockwell, etc.; Gwendolyn Dennis; Danielle Marie Snyder; Jeanetta Deason; Greta Caroius, et al.; and Roland E. Corkern, III, for Transfer of Actions to the Southern District of Ohio for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion. Papers filed with the Panel and all correspondence MUST bear the **DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above.

Enclosed is a summary of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425 (2001). Pursuant to Rule 5.2(c), you must notify this office within the next 11 days of the name and address of the attorney designated to receive service of all papers relating to practice before the Panel. **ONLY ONE ATTORNEY SHALL BE DESIGNATED FOR EACH PARTY.** We will prepare a Panel Attorney Service List on the basis of the appearances received and transmit it to you for your use in complying with our service requirements. **PLEASE COOPERATE BY PROMPTLY RETURNING THE ENCLOSED APPEARANCE FORM.**

**APPEARANCE AND RULE 5.3 CORPORATE DISCLOSURE STATEMENT ARE DUE NO LATER THAN <u>NOON EASTERN TIME</u> :** November 6, 2007

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions. An **ORIGINAL** and **FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing.

**RESPONSES DUE ON OR BEFORE:**        November 15, 2007

Panel Rule 7.2(i) requires any party or counsel in these actions to promptly notify this office of any potential tag-along in which that party is also named or in which that counsel appears.

You will be notified when this matter has been scheduled for a hearing session before the Panel. You must file a response if you wish to participate in oral argument, if it is scheduled by the Panel. Please carefully review Panel Rule 16.1 dealing with hearing sessions.

Very truly,

*Catherine D. Maida*

Catherine D. Maida
Chief Deputy Clerk

Enclosures

JPML Form 22

EXHIBIT B

## Exhibit B – Schedule of Actions

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 1 | 3/9/07 | *Danielle Marie Snyder, Individually and On Behalf of All Others Similarly Situated v. GE Healthcare Inc., General Electric Company and XYZ Corporation* | M.D. Tenn., Nashville Division | 3:07-cv-00290 | Hon. William J. Haynes, Jr. |
| 2 | 3/14/07 | *John G. Walker and Marilyn D. Walker v. Tyco Healthcare Group LP and Tyco International (US), Inc. and Mallinckrodt, Inc.* | N.D. Ohio, Eastern Division | 1:07-cv-00741 | Hon. Dan A. Polster |
| 3 | 4/6/07 | *Greta Carolus and Jim Carolus v. General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.* | D. Colo. | 1:07-cv-714 | Hon. Wiley Y. Daniel |
| 4 | 4/17/07 | *Cynthia Mitchell v. Berlex Labs Inc., Schering Healthcare Ltd., GE Healthcare Inc., Tyco Healthcare, Mallinckrodt, Inc., and Does 1-100* | C.D. Cal., Eastern District | 5:07-cv-00433 | Hon. Stephen G. Larson |
| 5 | 5/29/07 | *Beverly Rockwell, Administratrix of the Estate of Trevor A. Drake v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.* | N.D. Ohio, Eastern Division | 1:07-cv-01564 | Hon. Dan A. Polster |
| 6 | 6/8/07 | *Ronald E. Corkern, III v. General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp.* | W.D. La., Alexandria Division | 1:07-CV-0979 | Hon. Dee D. Drell |
| 7 | 6/8/07 | *Jeanetta Deason v. General Electric Co., GE Healthcare Inc., GE Healthcare Bio-Sciences Corp., Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare, LLC* | M.D. Tenn., Nashville Division | 3:07-cv-00619 | Hon. William J. Haynes, Jr. |
| 8 | 6/8/07 | *Alisha Hagwood and Christian Spencer v. General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.* | S.D. Ohio, Eastern Division | 2:07-cv-548 | Hon. Algenon L. Marbley |
| 9 | 6/25/07 | *Anna White v. General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.* | D. S.C., Charleston Division | 2:07-cv-1740 | Hon. C. Weston Houck |

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 10 | 6/27/07 | *Robert W. Murray and Linda S. Murray v. General Electric Company, GE Healthcare Inc., GE Healthcare Bio-Sciences Corp.* | S.D. Ohio, Eastern Division | 2:07-cv-612 | Hon. Algenon L. Marbley |
| 11 | 7/12/07 | *Lloyd Massie and Pamela Massie, Individually and as Representatives of the Estate of Neal Massie, Deceased v. Bayer Healthcare, L.L.C.; Bayer Pharmaceuticals Corporation; Bayer Corporation and GE Healthcare Inc.* | S.D. Tex., Galveston Division | 07-cv-00368 | Hon. Kenneth Hoyt |
| 12 | 7/22/07 | *James Babione v. General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.* | N.D. Ohio, Eastern Division | 3:07-cv-01977 | Hon. Dan A. Polster |
| 13 | 7/27/07 | *Jerry Henley and Lynne Hensley v. Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, Mallinckrodt, Inc., and Covidian Ltd.* | M.D. Tenn., Nashville Division | 3:07-cv-0077 | Hon. Robert Echols |
| 14 | 8/9/07 | *Kerry Kurt Phillips and Linda D. Phillips v. General Electric Company and GE Healthcare Inc.* | M.D. Tenn., Nashville Division | 3:07-cv-0824 | Hon. Aleta A. Trauger |
| 15 | 8/27/07 | *William Clark vs. General Electric Company and GE Healthcare Inc.* | D. Minn., Fourth Division | 0:07-cv-3818 | Hon. Patrick J. Schiltz |
| 16 | 9/17/07 | *Carolyn Hall, Executor of the Estate of Gregory Lee Hall v. General Electric Company and GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp.* | S.D. Ohio, Eastern Division | 2:07-cv-942 | Hon. Algenon L. Marbley |
| 17 | 9/17/07 | *Lance A. Voeltner v. General Electric Company and GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp.* | S.D. Ohio, Eastern Division | 2:07-cv-943 | Hon. Algenon L. Marbley |
| 18 | 9/19/07 | *Gwendolyn Dennis v. General Electric Company and GE Healthcare Inc. and GE Healthcare Bio-Sciences and Novation LLC* | N.D. Ohio, Northern District, Eastern Division | 1:07-cv-02849 | Hon. Dan A. Polster |

2

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 19 | 10/3/07 | *Paul W. Frazier and Margaret E. Frazier v. Bayer Corporation and Bayer Healthcare LLC and Bayer Healthcare Pharmaceuticals, Inc.* | S.D. Ohio, Eastern Division | 2:07-cv-1005 | Hon. Gregory L. Frost |
| 20 | 10/5/07 | *Roland Thomas v. General Electric Company, and GE Healthcare Inc.* | E.D. Ark., Little Rock Division | 4:07-cv-00936 | Hon. J. Leon Holmes |
| 21 | 10/9/07 | *Mary Davis, individually and as executrix of the Estate of Rupert L. Davis v. General Electric Co., GE Healthcare Inc., GE Healthcare Bio Sciences Corp., Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC* | N.D. Ga., Rome Division | 4:07-cv-00202 | Hon. Harold L. Murphy |
| 22 | 10/10/07 | *Abraham Showalter, as an individual, and Mary Ann Showalter, as spouse v. General Electric Co. and GE Healthcare, Inc* | W. D. Mo., Kansas City Division | 5:07-cv-6102 | Hon. Fernando J. Gaitan, Jr |
| 23 | 10/12/07 | *Donna Lee v. General Electric Company, GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp., Bayer Corporation and Bayer Healthcare Pharmaceuticals, Tyco International Ltd., Tyco Healthcare, Mallinckrodt, Inc. and Bracco Diagnostics, Inc.* | W.D. Tex., San Antonio Division | 5:07-cv-825 | Hon. Xavier Rodriguez |
| 24 | 10/12/07 | *Ray Rodriguez and Alma Patricia Rodriguez v. General Electric Company and GE Healthcare Inc.* | W.D. Tex., San Antonio Division | 5:07-cv-826 | Hon. Fred Biery |
| 25 | 10/19/07 | *Ricky and Karla Barnes v. General Electric Company, and GE Healthcare Inc.* | E.D. Ark., Little Rock Division | 4:07-cv-01051 | Hon. William R. Wilson, Jr. |
| 26 | 10/19/07 | *Russell Voeltz, as an individual, and Linda Voeltz, as spouse, v. General Electric Co. and GE Healthcare Inc.* | D. Kan. | 2:07-cv-2513 | Hon. Carlos Murguia |
| 27 | 10/24/07 | *Michelle Rice v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC, and Bayer Corporation* | M.D. La., Baton Rouge | 3:07-cv-0776 | Hon. Ralph E. Tyson |

3

|    | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|----|---------------------|------|--------------------|------------------|------------------|
| 28 | 10/25/07 | *Jessi Nienke v. General Electric Co. and GE Healthcare Inc.* | E.D. Mo., Eastern Division | 2:07-cv-01832 | Hon. Carol E. Jackson |
| 29 | 10/25/07 | *Greg Reed, as an individual and Diane Reed, as spouse, v. General Electric Co. and GE Healthcare Inc.* | E.D. Wis., Milwaukee Division | 2:07-cv-0954 | |
| 30 | 11/6/07 | *Gregory Key v. General Electric Company and GE Healthcare Inc.* | E.D. Wis., Milwaukee Division | 2:07-cv-986 | Hon. Joseph Peter Stadtmueller |
| 31 | 11/7/07 | *Billy Parker v. Bayer HealthCare Pharmaceuticals, Inc., Bayer HealthCare LLC, Bayer Corporation* | M.D. La. | 3:07-cv-00826 | Hon. Frank J. Polozola |
| 32 | 11/8/07 | *Ernest Dwight Louderman v. General Electric Company, GE Healthcare a/k/a General Electric Company d/b/a GE Healthcare, GE Healthcare Inc. d/b/a GE Healthcare Medical Diagnostics, GE Healthcare AS, Novation, LLC, Tyco International (US) Inc., Tyco Healthcare Group LP, Mallinckrodt, Inc., Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Schering Pharma, AG, Schering AG, Berlex Laboratories, Inc., Bayer AG, Bracco Diagnostic Inc., Bracco Research USA, Inc., Altana Pharma AG* | C.D. Ill. | 3:07-cv-3296 | Hon. Jeanne E. Scott |
| 33 | 11/16/07 | *Christine Black and Walter Black v. General Electric Company, GE Healthcare Inc.* | E.D. Ark., Little Rock Division | 4:07-cv-01115 | Hon. Leon Holmes |
| 34 | 11/16/07 | *David Phillips, as an individual, Donna Phillips, as a spouse, v. General Electric Co. and GE Healthcare Inc.* | W.D. Mo., Kansas City Division | 4:07-cv-00869 | Hon. Howard F. Sachs |

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 35 | 11/16/07 | *Irven S. Shelton and Phillis Shelton v. General Electric Company, GE Healthcare Inc., South Ryan MRI, L.L.C., Radiology Imaging Investments of Southwest Louisiana, L.L.C., Occupational Health Services, Inc. and Radiology Associates of Southwest Louisiana, Inc.* | W.D. La., Lake Charles Division | 2:07-cv-01951 | Hon. Patricia Minaldi |
| 36 | 11/19/07 | *Royce Campbell and Harold Campbell v. General Electric Company and GE Healthcare Inc.* | N.D. Okla., Tulsa Division | 4:07-cv-666 | Hon. Claire V. Eagan |
| 37 | 11/19/07 | *Stewart Watson V, as an individual v. General Electric Co. and GE Healthcare Inc.* | E.D. Mo., St. Louis Division | 4:07-cv-1964 | |
| 38 | 11/21/07 | *Peter Jay Gerber and Miriam Goldberg v. Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc.; BMC Diagnostics, Inc.; California Pacific Medical Center; General Electric Company; GE Healthcare Inc.; GE Healthcare Bio-Sciences Corp.; McKesson Corporation; Merry X-Ray Chemical Corp.; and DOES 1 through 35* | N.D. Cal., San Francisco Division | 3:07-cv-05918 | Hon. Jeffrey S. White |
| 39 | 11/28/07 | *Loralei L. Knase and Donald Knase v. General Electric Company, GE Healthcare Inc., GE Healthcare AS* | D. Minn. | 0:07-cv-04706 | Hon. James M. Rosenbaum |
| 40 | 11/28/07 | *Carmel T. Koerber, Executrix of the Estate of Duane N. Koerber v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC, and Bayer Corporation* | D. Conn. | 3:07-cv-1753 | Hon. Vanessa L. Bryant |
| 41 | 11/30/07 | *Beverly Hubbard v. GE Healthcare Inc. and Mallinckrodt Inc.* | C.D. Cal., Western Division | cv07-07844 | |

EXHIBIT C

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:** Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)   November 6, 2007
Panel Fax No.: (202) 502-2888

MDL No. 1909- IN RE: Gadolinium Contrast Dyes Products Liability Litigation

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED** (indicate plaintiff or defendant--attach list if necessary):

Defendant General Electric Company
Defendant GE Healthcare Inc.
Defendant GE Healthcare Bio-Sciences Corp.

**SHORT CASE CAPTION(s)** (Include District(s), Civil Action No(s).-- attach list if necessary):

See Exhibit A, attached.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated.  I am aware that only one attorney can be designated for each party.

_____11/5/07_____                              _____Amy W Schulman_____
Date                                          Signature of Attorney or Designee

**Name and Address of Designated Attorney:**     Amy W. Shulman
DLA Piper US LLP
1251 Avenue of the Americas
27th Floor
New York, NY  10020-1104

Telephone No.: ___212-335-4500___        Fax No.: ___212-335-4501___

Email Address: ___amy.schulman@dlapiper.com___

## ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

JPML Form 18

**NOTICE OF APPEARANCE**
**For Amy W. Schulman**
**EXHIBIT A**
**(Case Captions)**

1.   *Babione v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Northern District of Ohio, Western Division; Case No. 3:07-cv-01977-JZ.

2.   *Barnes v. General Electric Company and GE Healthcare, Inc.*, in the United States District Court for the Eastern District of Arkansas, Little Rock Division; Case No. 4-07-01051 WRW.

3.   *Carolus v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, District of Colorado; Case No. 07-cv-00714-WYD-MJW.

4.   *Clark v. General Electric Company and GE Healthcare, Inc.*, in the United States District Court, District of Minnesota, Fourth Division; Case No. 0:07-cv-03818-PJS-JJG.

5.   *Corkern v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Western District of Louisiana, Alexandria Division; Case No. 1:07-cv-0979.

6.   *Davis v. General Electric Co, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Bayer Healthcare Pharmaceuticals, Inc. ,and Bayer Healthcare LLC*, in the United States District Court, Northern District of Georgia, Rome Division; Case No. 07-CV-202 HLM.

7.   *Deason v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Bayer Healthcare Pharmaceuticals, Inc. ,and Bayer Healthcare LLC*, in the United States District Court, Middle District of Tennessee, Nashville Division; Case No. 3-07-0619.

8.   *Dennis v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp. and Novation LLC*, in the United States District Court, Northern District of Ohio, Eastern Division; Case No. 07-cv-02849-CAB.

9.   *Hagwood v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Southern District of Ohio, Eastern Division; Case No. 2:07-cv-548-ALM-TPK.

10.   *Hall v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Southern District of Ohio, Eastern Division; Case No. 07-cv-942-ALM-TPK.

11.   *Lee v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-*

*Sciences Corp., Bayer Corporation, Bayer Healthcare Pharmaceuticals, Tyco International Ltd., Tyco Healthcare, Mallinckrodt, Inc., and Bracco Diagnostics, Inc.*, in the United States District Court, Western District of Texas, San Antonio Division, Case No. 07-cv-00825-XR.

12.    *Massie v. Bayer Healthcare, L.L.C., Bayer Pharmaceuticals Corporation, Bayer Corporation, and GE Healthcare, Inc.*, in the United States District Court, Southern District of Texas, Galveston Division; Case No. 3:07-cv-00368.

13.    *Mitchell v. Berlex Labs, Inc., Schering Healthcare Ltd., Bracco Diagnostics, Inc., G.E. Healthcare, Tyco Healthcare, Mallinckrodt Inc, and Does 1 to 100.*, in the United States District Court, Central District of California, Eastern Division; Case No. ED CV 07-00433-SLG-JCR.

14.    *Murray v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Southern District of Ohio, Eastern Division; Case No. 2:07-cv-612-ALM-TPK.

15.    *Nienke v. General Electric Co, GE Healthcare, Inc and GE Healthcare Bio Sciences Corp*, in the United States District Court, Eastern District of Missouri, Eastern Division; Case No. 4:07-cv-01832-CEJ.

16.    *Phillips v. General Electric Company and GE Healthcare, Inc.*, in the United States District Court, Middle District of Tennessee, Nashville Division; Case No. 3:07-cv-824.

17.    *Reed v. General Electric Co, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Eastern District of Wisconsin, Milwaukee Division; Case No.2:07-cv-0954-AEG.

18.    *Rockwell v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, General electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Northern District of Ohio, Eastern Division; Case No. 1:07-cv-01564-DAP.

19.    *Rodriguez v. General Electric Company and GE Healthcare, Inc.*, in the United States District Court, Western District of Texas, San Antonio Division; Case No. 5:07-cv-00826-FB.

20.    *Showalter v. General Electric Co, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp*, in the United States District Court, Western District of Missouri; Case No. 07-6102-CV-SJ-FJG.

21.    *Snyder v. GE Healthcare, Inc., General Electric Company, and XYZ Corp.*, in the United States District Court, Middle District of Tennessee, Nashville Division; Case No. 3:07-cv-0290.

22.    *Thomas v. General Electric Company and GE Healthcare, Inc.*, in the United

2

States District Court, Eastern District of Arkansas, Little Rock Division; Case No. 4-07-CV-00936 JLH.

    23.    *Voeltner v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, Southern District of Ohio, Eastern Division; Case No. 2:07-cv-943-ALM-TPK.

    24.    *Voeltz v. General Electric Company, GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp*, in the United States District Court, District of Kansas; Case No. 07-cv-2513-CM-JPO.

    25.    *White v. General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp.*, in the United States District Court, District of South Carolina, Charleston Division; Case No. 2:07-cv-01740-CWH.

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| In Re: GADOLINIUM BASED CONTRAST DYE PRODUCTS LIABILITY litigation | )<br>)<br>)<br>) | MDL Docket No.: 1909 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 5, 2007, I caused a true and accurate copy of the following document to be served upon all Court Clerks, Counsel, and/or Parties identified in the attached Service List by regular U.S. Mail:

    1.  Notice of Appearance for Amy W. Schulman, DLA Piper US LLP.

Amy W. Schulman
DLA Piper US LLP

## SERVICE LIST

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

## CLERKS OF COURTS:

Clerk, Eastern District of Arkansas (Little Rock)
U.S. District Court Clerk's Office
600 West Capitol Avenue
Suite A149
Little Rock, AR 72201

Clerk, Central District of California (Central Division – Riverside)
U.S. District Court Clerk's Office
3470 Twelfth St., Room 134
Riverside, CA 92501

Clerk, District of Colorado (Denver)
U.S. District Court Clerk's Office
901 19th Street
Denver, CO 80294

Clerk, Northern District of Georgia (Rome)
U.S. District Court Clerk's Office
600 East First Street
Rome, GA 30161

Clerk, District of Kansas (Kansas City)
U.S. District Court Clerk's Office
500 State Ave.
259 U.S. Courthouse
Kansas City, Kansas 66101

Clerk, Middle District of Louisiana (Baton Rouge)
U.S. District Court Clerk's Office
777 Florida Street
Suite 139
Baton Rouge, LA 70801

Clerk, Western District of Louisiana (Alexandria)
U.S. District Court Clerk's Office
105 United States Post Office and Courthouse
515 Murray Street
Alexandria, LA 71301

Clerk, District of Minnesota (DMN)
U.S. District Court Clerk's Office
700 Federal Building
316 North Robert Street
St. Paul, MN 55101

Clerk, Eastern District of Missouri (St. Louis)
U.S. District Court Clerk's Office
111 South 10th Street
Suite 3.300
St. Louis, MO 63102

Clerk, Western District of Missouri (St. Joseph)
U.S. District Court Clerk's Office
400 East 9th Street
Kansas City, MO 64106

Clerk, Northern District of Ohio (Cleveland)
U.S. District Court Clerk's Office
801 W. Superior Avenue
Cleveland, OH 44113

Clerk, Northern District of Ohio (Toledo)
U.S. District Court Clerk's Office
114 United States Court House
1716 Spielbusch Ave.
Toledo, OH 43604-1363

Clerk, Southern District of Ohio (Columbus)
U.S. District Court Clerk's Office
Southern District of Ohio
85 Marconi Blvd., Room 260
Columbus, OH 43215

Clerk, District of South Carolina (Charleston)
U.S. District Court Clerk's Office
Charleston Federal Courthouse
85 Broad Street
Charleston, SC 29401

Clerk, Middle District of Tennessee (Nashville)
U.S. District Court Clerk's Office

3

801 Broadway
Nashville, TN 37203

Clerk, Southern District of Texas (Galveston)
U.S. District Court Clerk's Office
P.O. Drawer 2300
Galveston, TX 77553

Clerk, Western District of Texas (San Antonio)
U.S. District Court Clerk's Office
655 East Durango Blvd., Room G65
San Antonio, TX 78206

Clerk , Eastern District of Wisconsin (Milwaukee)
U.S. District Court Clerk's Office
362 United States Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202

**PLAINTIFFS' COUNSEL:**

Philip Bohrer
Bohrer Law Firm, LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809
*Counsel for Plaintiffs Ricky Barnes and Karla Barnes; William Clark; Michelle Rice, Roland Thomas*

Roger E. Booth
Booth & Koskoff
P. O. Box 6430
18411 Crenshaw Boulevard
Suite 380
Torrance, CA 90504
*Counsel for Plaintiff Cynthia Kay Mitchell*

Peter W. Burg
Michael S. Burg
David TeSelle
John N. Restaino
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112-2866
*Counsel for Plaintiffs Greta Carolus and Jim Carolus; Jeanetta Deason; Gwendolyn Dennis;
Alisha A. Hagwood and Christian Spencer; Robert W. Murray and Linda S. Murray; Beverly
Rockwell and Trevor A. Drake; Danielle Marie Snyder; Lance A. Voeltner.*

4

Barry M. Hill
Hill Williams
89 Twelfth St.
Wheeling WV 26003
*Counsel for Plaintiffs James Babione; Jerry Henley and Lynne Henley; Donna Lee; Kerry Kurt Phillips and Linda D. Phillips; Ray Rodriguez and Alma Patricia Rodriguez; Anna White*

Lee J. Hollis
Hollis Law Firm PA
5100 W. 95th Street
Prairie Village, KS 55207
*Counsel for Plaintiffs Mary Davis; Jessi Nienke; Greg Reed and Diane Reed; Abraham Showalter, and Mary Ann Showalter; Russell Voeltz and Linda Voeltz*

Peter J. Brodhead
William Hawal
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, OH 44114
*Counsel for Plaintiffs Ronald E. Corkern III; Gwendolyn Dennis; Paul W. Frazier and Margaret E. Frazier; Alisha A. Hagwood and Christian Spencer; Carolyn Hall and Estate of Gregory Lee Hall; Robert W. Murray and Linda S. Murray; Beverly Rockwell and Trevor A. Drake; Danielle Marie Snyder; Lance A. Voeltner; John G. Walker and Marilyn D. Walker.*

K. Doug Perrin
The Perrin Law Firm, PC
1401 Elm Street
Suite 1965
Dallas, TX 75202
*Counsel for Plaintiffs Lloyd Massie and Pamela Massie*

**DEFENSE COUNSEL:**

Thomas Sterchi
Patrick Lysaught
Baker Sterchi Cowden & Rice L.L.C.
2400 Pershing Road
Suite 500
Kansas City, Missouri 64108-2533
*Counsel for Bracco Diagnostic Inc.*

Loren A. Sobel
Senior Counsel
Novation, LLC.
220 East John Carpenter Freeway
Irving, TX 75062
*Counsel for Novation LLC*

5

James E. Berger
Thomas Woods
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
*Counsel for Tyco Healthcare Group LP, Tyco International (US), Inc., and Mallinckrodt, Inc.*

Timothy S. Coon
Eckert Seamans Cherin & Mellott, LLC
44th Floor
600 Grant Street
Pittsburgh, Pennsylvania 15219
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., Bayer Healthcare*
*Pharmaceuticals, Inc., and Bayer Corp.*

Tarek Ismail
Bartlit Beck Herman Palenchar & Scott LLP
Courthouse Place
54 West Hubbard Street
Chicago, Illinois 60610
*Counsel for Bayer Healthcare, LLC, Bayer Pharmaceuticals Corp., Bayer Healthcare*
*Pharmaceuticals, Inc. and Bayer Corp.*

**DEFENDANTS:**

Covidian, Ltd.
15 Hampshire Street
Mansfield, MA 02048

Schering Healthcare Ltd.
400 Morgan Lane
West Haven, CT 06516-4175

6

EXHIBIT D



DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
www.dlapiper.com

Christopher M. Strongosky
christopher.strongosky@dlapiper.com
T  212.335.4643
F  212.884.8543

December 4, 2007

*VIA OVERNIGHT DELIVERY*

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:    <u>MDL-1909: In re Gadolinium Based Contrast Dyes Products Liability Litigation</u>
       (*application pending*)

Dear Clerk of the Panel:

     Plaintiffs' motion for transfer pursuant to Section 1407 in the above-referenced action, MDL-1909, is under consideration by the Panel.

     Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendants General Electric Company and GE Healthcare Inc., by their attorneys, provide notice to the Panel of fourteen (14) potential tag-along actions to MDL-1909 listed on the attached Schedule A.

     Enclosed are copies of the complaint for each action.  Please contact me if you have any questions.

Sincerely,

Christopher M. Strongosky

Enclosures

cc:    MDL-1909 Panel Attorney Service List (attached) (via U.S. Mail, letter only)
       Counsel of Record/U.S. District Courts (service list attached) (via U.S. Mail, letter only)

**Exhibit A – Schedule of Actions**

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 1 | 10/19/07 | *Ricky and Karla Barnes v. General Electric Company, and GE Healthcare Inc.* | E.D. Ark., Little Rock Division | 4:07-cv-01051 | Hon. William R. Wilson, Jr. |
| 2 | 10/19/07 | *Russell Voeltz, as an individual, and Linda Voeltz, as spouse, v. General Electric Co. and GE Healthcare Inc.* | D. Kan. | 2:07-cv-2513 | Hon. Carlos Murguia |
| 3 | 10/25/07 | *Jessi Nienke v. General Electric Co. and GE Healthcare Inc.* | E.D. Mo., Eastern Division | 2:07-cv-01832 | Hon. Carol E. Jackson |
| 4 | 10/25/07 | *Greg Reed, as an individual and Diane Reed, as spouse, v. General Electric Co. and GE Healthcare Inc.* | E.D. Wis., Milwaukee Division | 2:07-cv-0954 | |
| 5 | 11/6/07 | *Gregory Key v. General Electric Company and GE Healthcare Inc.* | E.D. Wis., Milwaukee Division | 2:07-cv-986 | Hon. Joseph Peter Stadtmueller |
| 6 | 11/8/07 | *Ernest Dwight Louderman v. General Electric Company, GE Healthcare a/k/a General Electric Company d/b/a GE Healthcare, GE Healthcare Inc. d/b/a GE Healthcare Medical Diagnostics, GE Healthcare AS, Novation, LLC, Tyco International (US) Inc., Tyco Healthcare Group LP, Mallinckrodt, Inc., Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Schering Pharma, AG, Schering AG, Berlex Laboratories, Inc., Bayer AG, Bracco Diagnostic Inc., Bracco Research USA, Inc., Altana Pharma AG* | C.D. Ill. | 3:07-cv-3296 | Hon. Jeanne E. Scott |
| 7 | 11/16/07 | *Christine Black and Walter Black v. General Electric Company, GE Healthcare Inc.* | E.D. Ark., Little Rock Division | 4:07-cv-01115 | Hon. Leon Holmes |
| 8 | 11/16/07 | *David Phillips, as an individual, Donna Phillips, as a spouse, v. General Electric Co. and GE Healthcare Inc.* | W.D. Mo., Kansas City Division | 4:07-cv-00869 | Hon. Howard F. Sachs |

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 9 | 11/16/07 | *Irven S. Shelton and Phillis Shelton v. General Electric Company, GE Healthcare Inc., South Ryan MRI, L.L.C., Radiology Imaging Investments of Southwest Louisiana, L.L.C., Occupational Health Services, Inc. and Radiology Associates of Southwest Louisiana, Inc.* | W.D. La., Lake Charles Division | 2:07-cv-01951 | Hon. Patricia Minaldi |
| 10 | 11/19/07 | *Royce Campbell and Harold Campbell v. General Electric Company and GE Healthcare Inc.* | N.D. Okla., Tulsa Division | 4:07-cv-666 | Hon. Claire V. Eagan |
| 11 | 11/19/07 | *Stewart Watson V, as an individual v. General Electric Co. and GE Healthcare Inc.* | E.D. Mo., St. Louis Division | 4:07-cv-1964 | |
| 12 | 11/21/07 | *Peter Jay Gerber and Miriam Goldberg v. Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc.; BMC Diagnostics, Inc.; California Pacific Medical Center; General Electric Company; GE Healthcare Inc.; GE Healthcare Bio-Sciences Corp.; McKesson Corporation; Merry X-Ray Chemical Corp.; and DOES 1 through 35* | N.D. Cal., San Francisco Division | 3:07-cv-05918 | Hon. Jeffrey S. White |
| 13 | 11/28/07 | *Loralei L. Knase and Donald Knase v. General Electric Company, GE Healthcare Inc., GE Healthcare AS* | D. Minn. | 0:07-cv-04706 | Hon. James M. Rosenbaum |
| 14 | 11/30/07 | *Beverly Hubbard v. GE Healthcare Inc. and Mallinckrodt Inc.* | C.D. Cal., Western Division | cv07-07844 | |

2

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Babione,

    Plaintiff,                   Case No. 3:07cv1977

    -vs-                        TRANSFER ORDER

General Electric Co., et. al.,

    Defendants.

    The above entitled case is related to 1:07cv1564 Beverly Rockwell v. Bayer Health

Care Pharmaceuticals, Inc.  pending before Judge Dan Polster in the Eastern Division,

Northern District of Ohio. Without objection from counsel for plaintiff, defendant's motion

to consolidate (Doc #17)  is hereby granted. Case is transferred to the docket of Judge

Polster.

    IT IS SO ORDERED.


                          s/  JACK ZOUHARY       11/16/2007
                          UNITED STATES DISTRICT JUDGE


                          s/ DAN POLSTER       11/16/2007
                          UNITED STATES DISTRICT JUDGE

EXHIBIT F

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

GWENDOLYN DENNIS,  )   CASE NO:   1:07CV2849
                   )
     Plaintiff,    )
                   )
                   )
                   )
     vs.           )   O R D E R
                   )
GENERAL ELECTRIC COMPANY,  )
                   )
     Defendant.    )

    With the concurrence of the transferring judge, CHRISTOPHER A. BOYKO, and the

receiving judge, DAN A. POLSTER, this case is transferred from the docket of CHRISTOPHER A.

BOYKO to the docket of DAN A. POLSTER.


  s/Dan A. Polster                           s/Christopher A. Boyko    
DAN A. POLSTER                     CHRISTOPHER A. BOYKO
United States District Judge       United States District Judge
Receiving Judge                      Transferring Judge


      IT IS SO ORDERED.           s/James G. Carr    
                               Chief Judge James G. Carr
                               United States District Judge

EXHIBIT G

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. WALKER et al., | ) | Case No.  1:07CV741 |
| | ) | |
| Plaintiff(s), | ) | JUDGE LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| TYCO HEALTHCARE GROUP LP et al. | ) | |
| Defendant(s). | ) | |
| | ) | |

The above-captioned matter is related to *Rockwell v. Bayer Healthcare Pharmaceuticals, Inc et al.* , 1:07 CV 1564, a case filed before Judge Dan Aaron Polster.   Judge Polster concurs in the transfer of the above-captioned matter.  Therefore, pursuant to Local Civil Rule 3.1(b)(3),

IT IS ORDERED that the Clerk of Court shall transfer the above-captioned matter to the docket of Judge Dan Aaron Polster.

**IT IS SO ORDERED.**


*s/ Sara Lioi*
**Sara Lioi**
**UNITED STATES DISTRICT JUDGE**


*s/ Dan Aaron Polster*
**Dan Aaron Polster**
**UNITED STATES DISTRICT JUDGE**

DATED: November 19, 2007

EXHIBIT H

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEVERLY ROCKWELL, | ) | Case No. 1:07-cv-1564 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MINUTE ORDER** |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

The above-captioned case, filed on May 29, 2007, is one of numerous products liability cases filed throughout the country over gadolinium-based contrast agents (used in magnetic resonance imaging procedures) that were manufactured, marketed, and/or sold by Defendants. Three of these cases involving common Defendants are as follows: the instant case, *Rockwell v. Bayer Healthcare Pharmaceuticals, Inc., et al.*, No. 1:07-cv-1564 (filed May 29, 2007 and assigned to Judge Polster); *Dennis v. General Electric Company, et al*, No. 1:07-cv-2849 (filed September 19, 2007 and assigned to Judge Boyko); and *Babione v. General Electric Company, et al.*, No. 3:07-cv-1977 (filed July 2, 2007 and assigned to Judge Zouhary).

A fourth case, involving a competing gadolinium agent and different defendant, is also pending in the Northern District of Ohio; *Walker v. Tyco Healthcare Group, et al.*, No. 1:07-cv-741 (filed March 14, 2007, and assigned initially to Judge Oliver, and then subsequently reassigned to Judge Lioi).

On October 22, 2007, counsel for the Plaintiffs in several of these cases – including *Rockwell*, *Dennis*, and *Walker* – filed a motion before the Judicial Panel on

Multidistrict Litigation ("JPMDL") to transfer the cases for coordinated or consolidated pretrial proceedings. On November 12, 2007, Defendants filed motions in two of the Northern District cases to stay proceedings pending a ruling on the JPMDL petition. (See *Rockwell*, ECF No. 28; *Dennis*, ECF No. 17.) The Court granted the stay in *Rockwell* on November 14, 2007. (*Rockwell*, ECF Docket Entry for 11/14/2007.)

       Also on November 12, 2007, Defendants in each of the *Rockwell*, *Dennis*, and *Babione* cases filed a document entitled "Motion of General Electric Company and GE Healthcare Inc. To Consolidate Related Cases" (*Rockwell*, ECF No. 27; *Dennis*, ECF No. 16; *Babione*, ECF No. 17) (the "Motions"). In their Motions and accompanying memoranda, Defendants moved to "consolidate" these three cases before Judge Polster pursuant to Northern District of Ohio Local Rule 3.1(b)(3) as "related cases."[1] After conferring, the respective district judges agreed to transfer the cases to Judge Polster, and therefore all three cases are currently before the Court, along with the *Walker* case.

       On Tuesday, November 20, 2007, the Court conducted a teleconference with counsel for all parties in the *Rockwell* and *Dennis* cases. During the teleconference, counsel for Defendants explained that some documents had already been produced to some plaintiffs in the myriad gadolinium cases, including selected regulatory files. Accordingly, the Court orally modified the previously granted stays such that any documents that Defendants produce in cases wherein a stay is not in place shall also be produced in the *Rockwell* and *Dennis* cases.[2] The

---

[1]The Court interprets Defendants' use of the word "consolidate" in its Motions to mean "transfer," and the docket entries granting the Motions should be construed accordingly.

[2]At the time of the telephone conference, the Court mistakenly believed that Judge Boyko had ordered a stay in *Dennis* prior to transferring that case to the undersigned. By separate order, the Court is granting Defendants' motion to stay the *Dennis* case, subject to the modification contained in this order.

Court hereby formalizes the oral modification made during the November 20, 2007

teleconference.

**IT IS SO ORDERED.**

                                         */s/Dan Aaron Polster*    *November 21, 2007*
                                         **Dan Aaron Polster**
                                         **United States District Judge**

EXHIBIT I

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. WALKER, et al., | ) | Case No.  1:07-cv-741 |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| vs. | ) | **MINUTE ORDER** |
| TYCO HEALTHCARE GROUP LP, et al., | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (**ECF No. 47**) (the "Motion").

The above-captioned case, filed on March 14, 2007, is one of numerous products liability cases filed throughout the country over gadolinium-based contrast agents (used in magnetic resonance imaging procedures) that were manufactured, marketed, and/or sold by Defendants. The case was initially assigned to Judge Oliver, and subsequently reassigned to Judge Lioi. On June 28, 2007 (before the instant case was transferred to Judge Polster), a discovery schedule was established. (ECF No. 34.) Interrogatories have been served on Defendants, and a protective order signed, but to this point Defendants have produced no discovery documents to Plaintiffs.

On October 22, 2007, counsel for the Plaintiffs in several of the gadolinium cases – including the instant case – filed a motion before the Judicial Panel on Multidistrict Litigation ("JPMDL") to transfer the cases for coordinated or consolidated pretrial proceedings. A ruling has not yet been made on that motion, though one is expected some time in January of 2008.

On November 19, 2007, the instant case was transferred to Judge Polster. (ECF No. 46.) Two other gadolinium cases were also transferred to Judge Polster at approximately the same time.[1] The next day, Defendants in the instant case filed their Motion seeking a stay of discovery pending the JPMDL's decision. Plaintiffs filed a brief in opposition thereto on November 21, 2007 (ECF No. 49), and Defendants filed a reply brief on November 27, 2007 (ECF No. 50).

On November 28, 2007, the Court conducted a teleconference with counsel in this case to discuss the pending Motion. The Court ordered Defendants to produce to Plaintiffs' counsel all physician documents and as many "NDA" files as possible no later than December 17, 2007. Furthermore, the Court ordered that Defendants shall continue efforts to disclose the requested discovery documents expeditiously.

The Court also ordered that Defendants shall sign on to a "two-tiered" protective order no later than December 31, 2007, whether that protective order is the one currently in place in the Court's other gadolinium cases with common Plaintiffs' counsel, or a protective order negotiated pursuant to the JPMDL petition.

Finally, the Court ordered that no depositions shall be taken until after the JPMDL decision.

**IT IS SO ORDERED.**

                                    /s/Dan Aaron Polster      November 29, 2007
                                    **Dan Aaron Polster**
                                    **United States District Judge**

---

[1]See *Dennis v. General Electric Company, et al*, No. 1:07-cv-2849 (filed September 19, 2007 and assigned to Judge Boyko); and *Babione v. General Electric Company, et al.*, No. 3:07-cv-1977 (filed July 2, 2007 and assigned to Judge Zouhary).

The other gadolinium case in the Northern District of Ohio is *Rockwell v. Bayer Healthcare Pharmaceuticals, Inc., et al.*, No. 1:07-cv-1564 (filed May 29, 2007 and assigned to Judge Polster).

EXHIBIT J

United States District Court

Northern District of Ohio

210 U.S. Courthouse and Custom House

Toledo, Ohio 43604-7310

James G. Carr
Chief Judge

(419) 213-5555
Fax (419) 213-5563
E-Mail: james_g_carr@ohnd.uscourts.gov

November 6, 2007

Honorable John G. Heyburn II, Chairman
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

Re.: In re. Gadolinium Contract Dyes Products Liability Litigation
MDL 1909

Dear John:

I am informed by one of my Toledo colleagues, Judge Jack Zouhary, that a few days ago he held a case management conference in James Babione v. General Electric Co., No. 3:07 CV 1977 (N.D. Ohio, W.D.). Jack also tells me that his conference occurred shortly after he had received your letter of October 26th regarding a pending Motion to Transfer these cases pursuant to 28 U.S.C. § 1407.

I understand that Jack has discussed the issue of possible transfer to our District with the counsel in his case. They agree that it would make good sense to have this case proceed as an MDL action in Ohio.

The Judges of our District have developed considerable experience with MDL litigation. A Cleveland colleague, Judge Dan Polster, has also already met with counsel on one of these cases. His case management skills are excellent, and he is willing to take on this assignment.

I recommend our District generally and Dan in particular for your consideration.

With best regards,

James G. Carr
Chief Judge

J. PHILIP CALABRESE
NOV 1 4 2007

cc:    Hon. Jack Zouhary
       Hon. Dan Polster
       Barry Hill, Esq.
       David List, Esq.
       J. Philip Calabrese, Esq.
       Jeffery Luthi, Clerk of the Panel

EXHIBIT K



DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
T 212.335.4500
F 212.335.4501
W www.dlapiper.com

AMY SCHULMAN
Amy.Schulman@dlapiper.com
T 212.335.4700
F 212.884.8555

October 29, 2007

**VIA ELECTRONIC and FIRST CLASS MAIL**

Peter W. Burg, Esq.
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112

William Hawal
Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114

Re:     Motion for MDL Consolidation in Contrast Agent Litigation

Dear Peter and Bill:

We received your motion to transfer the contrast agent lawsuits to the MDL before the Judicial Panel on Multidistrict Litigation ("JPML") in which you state that "[u]ndersigned counsel have spoken with Judge Marbley regarding his availability and willingness to manage this potential multidistrict litigation, and the Court has indicated that it would be willing to serve as the MDL transferee court if so requested by the Panel. " (See pp. 9-10 of Plaintiffs' Brief in Support.) We were both surprised and concerned with your statement, given that none of the parties have appeared before Judge Marbley in any of the contrast agent cases to which he has been assigned. Before we respond to the motion for transfer, we require an immediate written explanation of your statement, and, given the potential seriousness of this matter, we need your response by the close of business today. The letter should address the exact nature of your communications with Judge Marbley, including the time, location and details about who was present and what was discussed.

Very truly yours,

Amy Schulman

cc: Charna Sherman, Esq.

EXHIBIT L

-----

>>> "William Hawal" <WH@spanglaw.com> 10/30/2007 7:01 AM >>>
Dear Amy: In response to your letter, noone met with or spoke with Judge
Marbley. I made a telephone call to the Judge's lawclerk without
identifying my affiliation or the case and asked if the Court would be
willing to accept an assignment from the MDL panel. The lawclerk
indicated that he believed the Court would, if asked.

-----Original Message-----
From: Schulman, Amy Weinfeld [mailto:amy.schulman@dlapiper.com]
Sent: Monday, October 29, 2007 3:44 PM
To: pburg@burgsimpson.com; William Hawal
Cc: cesherman@ssd.com
Subject:


Please see attached.

_____
_____

The information contained in this email may be confidential and/or
legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended
recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is strictly prohibited. If you
have received this communication in error, please contact the sender by
reply email and destroy all copies of the original message. To contact
our email administrator directly, send to postmaster@dlapiper.com

Thank you.

_____
_____

_____
_____

The information contained in this email may be confidential and/or
legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended
recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is strictly prohibited. If you
have received this communication in error, please contact the sender by
reply email and destroy all copies of the original message. To contact
our email administrator directly, send to postmaster@dlapiper.com

Thank you.

_____
_____

2

```
----- Original Message -----
From: Schulman, Amy Weinfeld <amy.schulman@dlapiper.com>
To: PBURG@burgsimpson.com <PBURG@burgsimpson.com>; WH@spanglaw.com
<WH@spanglaw.com>
Cc: Dteselle@burgsimpson.com <Dteselle@burgsimpson.com>;
jabaray@burgsimpson.com <jabaray@burgsimpson.com>;
Jfarrell@burgsimpson.com <Jfarrell@burgsimpson.com>;
jhensley@burgsimpson.com <jhensley@burgsimpson.com>;
JRestaino@burgsimpson.com <JRestaino@burgsimpson.com>;
kbrzycki@burgsimpson.com <kbrzycki@burgsimpson.com>;
KJARDINE@burgsimpson.com <KJARDINE@burgsimpson.com>;
ldelong@burgsimpson.com <ldelong@burgsimpson.com>; MBURG@burgsimpson.com
<MBURG@burgsimpson.com>; mheydt@burgsimpson.com
<mheydt@burgsimpson.com>; skatz@burgsimpson.com <skatz@burgsimpson.com>;
Sherman, Charna E.
Sent: Tue Oct 30 10:03:04 2007
Subject: Re: RE
```

When did this conversation occur, which clerk was spoken to and in what
way did the Judge's receptivity become a topic of conversation?

```
----- Original Message -----
From: Peter Burg <PBURG@burgsimpson.com>
To: Schulman, Amy Weinfeld; William Hawal <WH@spanglaw.com>
Cc: David TeSelle <Dteselle@burgsimpson.com>; Janet Abaray
<jabaray@burgsimpson.com>; Jamie Farrell <Jfarrell@burgsimpson.com>;
Joreen Hensley <jhensley@burgsimpson.com>; John Restaino
<JRestaino@burgsimpson.com>; Kris Brzycki <kbrzycki@burgsimpson.com>;
Kerry Jardine <KJARDINE@burgsimpson.com>; Lauren Delong
<ldelong@burgsimpson.com>; Michael Burg <MBURG@burgsimpson.com>; Michael
Heydt <mheydt@burgsimpson.com>; Seth Katz <skatz@burgsimpson.com>;
cesherman@ssd.com <cesherman@ssd.com>
Sent: Tue Oct 30 10:27:04 2007
Subject: RE
```

Amy, it is also my understanding that Lauren Delong of my Ohio office
had brief communication with the same law clerk Bill spoke with in the
context of a reference to the Hagwood file number and the clerk
indicating that the Judge had handled complex litigation matters and the
clerk's perception that the Judge would be receptive to an MDL
assignment from the Panel if selected.

Peter Burg
pburg@burgsimpson.com
(303)792-5595 x232
----------------------------------------------------------------------
-----

NOTICE: This e-mail message is the property of Burg Simpson Eldredge
Hersh & Jardine, P.C. The contents of this message and any attachments
are confidential and protected by law under the attorney-client
privilege, attorney-work-product doctrine, and/or other applicable
privileges. If you are not the intended recipient of this message,
please forward a copy to dhersh@burgsimpson.com and delete the message
and its attachments from your computer. Thank you.

----------------------------------------------------------------------

1