Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Bruce W. Blakely (SBN 106832)
**FLAXMAN & BLAKELY, AN ASSOCIATION**
591 Redwood Highway, Suite 2275
Mill Valley, CA 94941
Telephone: (415) 381-6650
Fax: (415) 381-4301
bruce@brucewblakely.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JAY GERBER AND MIRIAM GOLDBERG,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>　　　　　Defendants. | Case No: 3:07-cv-05918-JSW<br><br>**PLAINTIFFS' REPLY TO REMOVING DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**<br><br>Date:　　　　January 11, 2008<br>Time:　　　　9:00 a.m.<br>Courtroom:　　2<br><br>JURY TRIAL DEMANDED |

Removing Defendants have failed to meet their burden of proving that Plaintiffs have no

possible cause of action against any of the four non-diverse Defendants. Additionally, Removing

Defendants have advanced an illusory argument in support of their request for this court to defer ruling on Plaintiffs' remand motion. Plaintiffs' Motion for Remand should be granted.

### A. Removing Defendants Have Not Met Their Burden of Proof.

To determine its jurisdiction, the Court need not decide whether Plaintiffs can prove a legally cognizable claim against the non-diverse defendants, but only that they have pled one under state law. *Schultz v. Astrazeneca Pharmaceuticals, L.P.*, 2006 LEXIS 94534, *7 (Case No. C 06-6681 CW, N.D.Cal. 2006) (citing *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 610, 281 Cal. Rptr. 578 (1991)). The removal statute is strictly construed against removal jurisdiction. See *Becraft v. Ethicon*, 2000 U.S. Dist. LEXIS 17725, *6 (Case No. C 00-1474 CRB, N.D.Cal. 2000) (citing *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance")). Removing Defendants always have the burden of proving that removal is proper. (See *id.*) (noting that there is a "strong presumption" against removal jurisdiction).

In the present case, Removing Defendants allege that the four California defendants are all fraudulently joined. Accordingly, Removing Defendants bear the burden of proving that Plaintiffs cannot prevail on <u>a single cause of action</u> against <u>any of the four</u> California defendants. *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); see also *Schultz*, 2006 LEXIS 94534 at *12-13 (holding that defendant failed to show that there was no possibility that plaintiffs would be able to establish liability against non-diverse defendant in state court). Any disputed factual issues, any ambiguities in state law, and any doubts arising from inartful, ambiguous or technically defective pleading must be resolved in favor of remand. *Plute*, 141 F.Supp.2d 1005; see also *Maher v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 58984, *6 (Case No. 07852, S.D.Cal. 2007). A finding that any of Plaintiffs' claims is colorable against any one of the four California defendants is sufficient to mandate a remand to San Francisco Superior Court. *Plute*, 141 F.Supp.2d 1005; see also *Schultz*, 2006 LEXIS 94534, *7.

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND          Case No. 3:07-05-05918-JSW

1

**B.     Plaintiffs' Have Pled a Colorable CLRA Cause of Action Against Each of the**

2

   **California Defendants.  Removing Defendants' Arguments Regarding Lack of**

3

   **Notice are Frivolous.**

4

Removing Defendants insist that Plaintiffs' CLRA claims are barred for lack of notice.  But,

5

in their CLRA cause of action, Plaintiffs consciously and intentionally sought equitable relief <u>only</u>.

6

(*Complaint* ¶¶ 120-122.)  The CLRA's notice provisions apply <u>only</u> to actions for damages.  Cal. Civ.

7

Code § 1782(a).  An action for injunctive relief pursuant to the Consumer Legal Remedies Act may

8

be commenced without providing notice.  Cal. Civ. Code § 1782(d) ("An action for injunctive relief

9

brought under the specific provisions of Section 1770 may be commenced without compliance with

10

subdivision (a)").

11

Defendants also make the plainly erroneous argument to the effect that Plaintiffs' CLRA

12

claim fails because they missed a thirty day deadline to amend the complaint to seek damages.  But,

13

there is no statutory requirement that Plaintiffs must amend their pleading within thirty days to

14

request damages.  The law simply allows an amendment seeking damages "not less than 30 days after

15

the commencement of an action for injunctive relief".  Cal. Civ. Code § 1782(d).  Whether and when

16

to file such an amendment is discretionary, not mandatory.  The relevant language is as follows:

17

18          "(d)     An action for injunctive relief brought under the specific
            provisions of Section 1770 may be commenced without compliance with
19          subdivision (a).  Not less than 30 days after the commencement of an
            action for injunctive relief, and after compliance with subdivision (a), the
20          consumer may amend his or her complaint without leave of court to
            include a request for damages.  The appropriate provisions of (b) or (c)
21          shall be applicable if the complaint for injunctive relief is amended to
            request damages."

22

23

Plaintiffs' CLRA cause of action against the non-diverse defendants is colorable.

24

**C.     Plaintiffs Have Pled a Colorable Negligence Cause of Action Against Each of the**

25

   **California Imaging Facility Defendants.  Removing Defendants' Argument That**

26

   **They are Immune From Liability Is Frivolous.**

27

28

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND          Case No. 3:07-05-05918-JSW

1       In essence, Removing Defendants argue that no corporate medical facility can <u>ever</u> be held

2  liable for negligence. They offer no support for this novel proposition because there is none. In fact,

3  Defendants' position runs directly counter to settled California law. "[A] hospital is negligent if it

4  does not use reasonable care towards its patients. A hospital must provide procedures, policies,

5  facilities, supplies and qualified personnel reasonably necessary for the treatment of its patients."

6  Judicial Council of Cal., Civil Jury Instns. (2006) CACI No. 514. (citing *Vistica v. Presbyterian*

7  *Hospital & Medical Center, Inc.* (1967) 67 Ca.2d 465, 469, 62 Ca.Rptr. 577, 432 P.2d 193; *Rice v.*

8  *California Lutheran Hospital* (1945) 27 Cal.2d 296, 302, 163 P.2d 860.)

9       Under this standard, Plaintiffs' complaint clearly pleads a colorable negligence claim against

10  the Imaging Facility Defendants. Plaintiffs' complaint alleges, among other things, that the Imaging

11  Facility Defendants negligently marketed and sold their MRI and MRA facilities and services, which

12  included gadolinium based contrast agents used in connection with MRIs and MRAs (*Complaint* ¶

13  86); Plaintiffs' complaint also alleges that "[t]he Imaging Facility Defendants subjected Mr. Gerber to

14  MRIs and MRAs using gadolinium-based contrast agents" (*Complaint* ¶ 81); "[t]he Imaging Facility

15  Defendants knew or should have known that administering MRIs and MRAs using gadolinium-based

16  contrast agents to patients with Impaired renal function, such as Plaintiff, posed a serious risk of

17  bodily harm to such patients" (*Complaint* ¶ 82); and "[t]he Imaging Facility Defendants breached

18  their duty of care to Plaintiff by failing to correctly ascertain, assess and account for Plaintiff's renal

19  function prior to subjecting Plaintiff to MRIs and MRAs and by failing to adequately communicate to

20  Plaintiff the warnings, instructions, risks, dangers and side effects of receiving MRIs and MRAs

21  using gadolinium-based contrast agents." (*Complaint* ¶ 85.)

22       The Imaging Facility Defendants' corporate status does not immunize them from liability for

23  their own acts of negligence. Additionally, they are liable for the negligence of the physicians who

24  use their facilities. "A hospital is liable to a patient under the doctrine of corporate negligence for

25  negligent conduct of independent physicians and surgeons who, as members of the hospital staff,

26  avail themselves of the hospital facilities, but who are neither employees nor agents of the hospital."

27  *Elam v. College Park Hospital*, 132 Cal. App. 3d 332, 335 (1982). Removing Defendants' have

28

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND      Case No. 3:07-05-05918-JSW

failed to meet their burden to establish that there is no possibility that Plaintiffs may prevail on their

negligence cause of action against the Imaging Facility Defendants.

**D.      The Issue of Whether the Distributor Defendants Can Be Liable Under**

**California Law Must Be Resolved in Favor of the Plaintiffs.**

The declarations in support of Removing Defendants' Opposition acknowledge that

McKesson and Merry X-Ray, both California residents for diversity purposes, distributed Omniscan

and Magnevist. (See Lawson Decl. ¶ 2.) (Pulito Decl. ¶ 3.) Defendants represent to this Court that

remands of cases involving pharmaceutical distributors are a "glaring exception" confined to rulings

of the Central District. This representation does not withstand scrutiny.  In addressing whether

distributors of prescription drugs are sham defendants, courts in the Northern, Southern, Eastern and

Central Districts of California have concluded that they are not shams due to the fact that under

California law, a distributor of prescription drugs could possibly be liable for failure to warn. See

*Maher,* 2007 U.S. Dist. LEXIS 58984, *6; *Aaron v. Merck & Company, Inc.*, 2005 U.S. Dist. LEXIS

40745, *8 (Case No. CV 05-4073-JFW C.D. Cal. 2005) (defendant failed to meet heavy burden of

demonstrating that there is no possibility that plaintiffs will be able to prevail); *Black v. Merck &*

*Company, Inc.*, 2004 U.S. Dist. Lexis 29860, *6 (Case No. 038730 C.D. Cal. 2004) (remanding a

pharmaceutical products liability case in which McKesson Corp. was a defendant; defendant failed to

meet heavy burden to show "absolutely no possibility" that plaintiffs could prevail); *Martin v. Merck*

*& Company, Inc.*, 2005 U.S. Dist. LEXIS 41232 (Case No. S-05-750 E.D. Cal. 2005) (defendant

failed to meet heavy burden to show to a near certainty that cause of action is precluded under

California law); see also *Becraft,* 2000 U.S. Dist. LEXIS 17725, *6 (concluding that a distributor can

be liable under California law for defective sutures).

The Distributor Defendants are indisputably non-diverse.  Plaintiffs have pled colorable

causes of action against them. Any disputed facts or ambiguities in state law must be resolved in

favor of remand. *Plute,* 141 F.Supp.2d 1005, 1008; *Maher,* 2007 U.S. Dist. LEXIS 58984, *6

(remanding a pharmaceutical products liability case in which McKesson Corp. was a defendant)

(citing *Little v. Purdue Pharma., LP*, 227 F. Supp. 2d 838, 849 (S.D. Ohio 2002) ("a federal court

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND          Case No. 3:07-05-05918-JSW

1    should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an

2    area yet untouched by the state courts.")).

3        **E.    None of Plaintiffs' Causes of Action are Barred by the Statute of Limitations.**

4        Without any basis, Removing Defendants argue that the statute of limitations began to run on

5    Plaintiffs' claims in 1997, and therefore, all of Plaintiffs' claims are time barred. (*See Defendants'*

6    *Opposition* 6:10-20.)  Defendants' assertions are meritless.

7        First, Plaintiffs' complaint does not allege that Mr. Gerber's injury occurred in 1997 and

8    nothing on the face of the complaint shows that Plaintiffs' claims are barred by any statute of

9    limitations.  Defendants essentially concede this point when they argue that "[p]laintiffs should have

10   pled... the date Mr. Gerber contracted NSF..." (*Defendants' Opposition* 8:12-13.)  Therefore, there is

11   no basis for a finding that any of Plaintiffs' claims are barred.

12       Second, under no circumstances could it be possible for Plaintiffs' CLRA claims to be time

13   barred due to the fact that in their CLRA cause of action, Plaintiffs seek to enjoin Defendants from

14   engaging in current and on-going conduct. (*Complaint* ¶¶ 120-123.)

15       Finally, even if Plaintiffs had pled that Mr. Gerber's injury had occurred more than two years

16   prior to filing of the complaint, the discovery rule would clearly apply to delay accrual.  The case of

17   *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4[th] 797 (2005), cited by Removing Defendants, is

18   instructive on the issue.  In *Fox*, the California Supreme Court found that the Plaintiff had failed to

19   adequately plead facts sufficient to withstand demurrer because she failed to allege specific facts

20   supporting the general allegation that she could not have discovered the cause of her injury within the

21   limitations period. (*Id.* at 811.)  But here, Plaintiffs have done precisely that.  In support of their

22   allegation that the cause of Mr. Gerber's injuries was not and could not have been discovered until a

23   time less than two years before the filing of the complaint (*Complaint* ¶ 67), Plaintiffs allege:

24   "Defendants have repeatedly and consistently failed to advise consumers and/or their doctors of the

25   causal relationship between gadolinium-based contrast agents and NSF in patients with renal

26   insufficiency." (*Complaint* ¶ 61.)  "It was not until September 2007 that Bayer and GE sent letters to

27

28

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND    Case No. 3:07-05-05918-JSW

1   healthcare providers warning them of the risk of NSF to kidney impaired individuals who received

2   MRIs using gadolinium-based contrast agents." (*Complaint* ¶ 62.)

3          Further, in *Fox*, the court held that because it was apparent that the deficiencies in the

4   complaint could be cured, the plaintiff should be given leave to amend her complaint to make the

5   appropriate allegations.  Similarly here, it is clear that plaintiffs could cure any deficiencies with

6   respect to accrual simply by citing GE's own public statement that the linkage of NSF to gadolinium

7   based contrast agents was <u>not known to the medical community</u>, and there was no report of the link

8   in the world's published literature, until 2006.  (See Ex. C. pp. 3-4, to Decl. of Debra DeCarli in

9   Support of Motion for Remand (GE Position Paper)).  Because any pleading deficiencies with respect

10  to the discovery rule could be easily cured by amendment, any doubts arising from inartful,

11  ambiguous or technically defective pleading must be resolved in favor of remand.  *Plute,* 141

12  F.Supp.2d 1005; see also *Maher,* 2007 U.S. Dist. LEXIS 58984, *6.

13         Defendants should not be allowed to publicly pronounce that the link between their

14  gadolinium based contrast agents and NSF was unknown to them and the entire medical community

15  until 2006 and to then take the position here that Plaintiffs should have discovered the link at an

16  earlier time.

17     **F.     The Court Should Not Defer Ruling on Remand**

18         Removing Defendants urge this court to ignore the fact that there is no basis for federal

19  jurisdiction in this case and to stay proceedings pending transfer to a non-existent MDL. Removing

20  Defendants' argue that "absent a stay, there is a distinct possibility of inconsistent rulings by different

21  federal district courts on virtually identical remand issues." (*Defendants' Opposition* 2:16-17.)  This

22  argument does not withstand scrutiny for at least two reasons.  First, there is only one other case

23  involving remand issues possibly subject to MDL coordination. (*Id.* at 2:9-12.)  Second, none of the

24  remand issues in that other case will be remotely similar, let alone identical, to the remand issues

25  present here.  The other case was filed in Louisiana state court. (*Id.*)  The only non-diverse

26  defendants are healthcare facilities. (*Id.* at 13.)  As should be obvious from the briefs filed by the

27  parties in connection with removal and remand of the present case, the issues here are all based on

28

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR REMAND          Case No. 3:07-05-05918-JSW

California substantive and procedural law, namely:  Do California statutes of limitation bar all of plaintiffs' claims?  Have plaintiffs adequately pled facts to delay accrual under California's discovery rule?  Does the CLRA (California's Consumer Legal Remedies Act) notice provision apply to bar plaintiffs CLRA claims?  Does California law allow a failure to warn claim against a distributor of prescription drugs?  Are plaintiffs' claims against the Facility Defendants made not viable by operation of California law?  Because none of the issues arising in connection with a remand motion in a case filed in a Louisiana state court will be similar to the issues present here, there is no risk of inconsistent rulings.  Consequently, the basis for Defendants' request for a stay is illusory.  This court should decide the remand issue.

### CONCLUSION

Removing Defendants have failed to establish that Plaintiffs have ***no possible claim*** against ***any of the four*** California defendants.  Therefore, they have failed to meet their burden of proving that each of them is fraudulently joined.  Accordingly, this matter must be remanded because complete diversity of citizenship is lacking.


Dated:  December 28, 2007              LEVIN SIMES KAISER & GORNICK LLP


                                      By:   s/ Lawrence J. Gornick
                                            Lawrence J. Gornick, Esq.

Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Bruce W. Blakely (SBN 106832)
**FLAXMAN & BLAKELY, AN ASSOCIATION**
591 Redwood Highway, Suite 2275
Mill Valley, CA 94941
Telephone: (415) 381-6650
Fax: (415) 381-4301
bruce@brucewblakely.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JAY GERBER AND MIRIAM GOLDBERG, | Case No.: 3:07-cv-05918-JSW |
| Plaintiffs, | **PROOF OF SERVICE** |
| vs. | |
| BAYER CORPORATION AND BAYER HEALTHCARE PHARMACEUTICALS, INC.; BMC DIAGNOSTICS, INC.; CALIFORNIA PACIFIC MEDICAL CENTER; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; GE HEALTHCARE BIO-SCIENCES CORP.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35, | |
| Defendants. | |

1

2         I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

3

4  **PLAINTIFFS' REPLY TO REMOVING DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**

5

6  Service was effectuated by forwarding the above-noted document in the following manner:

7         **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes Kaiser & Gornick.

8

9         **By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of Levin Simes Kaiser & Gornick.

10

       **By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes Kaiser & Gornick.

11

12         **By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

13

14  [X]    By Electronic Service by transmission through ECF (Electronic Case File Internet Site).

15         I declare under penalty of perjury that the foregoing is true and correct.

16         Executed on December 28, 2007 at San Francisco, California.

17

18  J.C. Luske

19

20

21

22

23

24

25

26

27

28