# EXHIBIT "A"

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made and entered into this 28th day of December, 2007, by and between the parties identified herein.

## RECITALS

WHEREAS, the individuals listed in Exhibit A and others, now and in the future, allege that they have claims arising from a diagnosis of nephrogenic systemic fibrosis ("NSF") caused by the use of Omniscan™ (collectively "Claimants"); and

WHEREAS, GE Healthcare Bio-Sciences Corp. alleges that it is not a proper party to any lawsuit regarding or related to Omniscan™; and

WHEREAS, this Agreement is entered into to provide Claimants and GE Healthcare Bio-Sciences Corp. (collectively "the Parties") an opportunity to resolve their differences with respect to GE Healthcare Bio-Sciences Corp.'s status as a proper party/defendant to lawsuits regarding or related to Omniscan™ ("Issues"); and

WHEREAS, the Parties agree that it is in the mutual interests of each of them not to incur the costs of litigation relating to such Issues at this time; and

WHEREAS, the Claimants desire to protect and preserve such Issues to the extent that the applicable statute of limitations has not already expired with respect thereto; and

WHEREAS, neither GE Healthcare Bio-Sciences Corp. nor the Claimants by signing this Agreement admit liability or responsibility to anyone and each acknowledges that nothing contained herein shall operate so as to create or expand any rights, remedies or liabilities of the Parties hereto.

NOW, THEREFORE, in consideration of, and in reliance upon, the mutual covenants, promises and other obligations provided in the Agreement, and intending to be legally bound hereby, the Parties mutually agree as follows:

1. **Dismissal Without Prejudice.** Upon full execution of this Agreement, the Claimants will dismiss any and all existing claims against GE Healthcare Bio-Sciences Corp. without prejudice in the courts where such claims are pending.

2. **Tolling.** GE Healthcare Bio-Sciences Corp. agrees that in any legal action or proceeding brought by Claimants upon any claims related to a diagnosis of NSF allegedly caused by the use of Omniscan that Claimants contend they presently have or may have in the future against GE Healthcare Bio-Sciences Corp., GE Healthcare Bio-Sciences Corp. shall not assert the defense of the statute of limitations or statute of repose or any other defense based on the lapse of time from the date each Claimant filed his or her original complaint against GE Healthcare Inc. up to and through September 15, 2008.

3. **Non-Admission of Liability.** This Agreement does not and shall not constitute an admission or implication that any conduct of any of the Parties was wrongful, unlawful, negligent or violative of any federal or state statute or regulation or any contract or common law. By entering into this Agreement, none of the Parties shall be deemed to have: (a) made any admissions against his, her or its respective interest; or (b) admitted any alleged liability, wrongdoing or violation of any rule, regulation or statute; or (c) waived any claims or defenses, however denominated, other than the defenses waived by this Agreement, if any.

4. **No Action.** No Party shall commence any legal action against the other prior to the termination of this Agreement.

5. **Non-Waiver as to Time Lapse Defenses Not Covered by this Agreement.** GE Healthcare Bio-Sciences Corp. shall be free to assert the defenses that the claims were barred by lapse of time as of the date prior to execution of this Agreement, or as of any subsequent date, provided only that the period of time from the filing of Claimants' respective complaints until September 15, 2008 shall not be taken into account.

6. **Non-Waiver as to Other Claims.** Nothing contained in this Agreement shall preclude in any manner any statute of limitations, statute of repose, the defense of laches, or other defense, rule, law or statute based on the lapse of time for filing or initiating such action or proceeding from being asserted by GE Healthcare Bio-Sciences Corp. against any one who is not a party to this agreement.

7. **Interpretation of Agreement.** Should any provision of this Agreement require interpretation or construction, it is agreed by the Parties that the court, administrative body or other entity interpreting or construing this Agreement shall not apply a presumption that the provisions hereof shall be more strictly construed against one Party by reason of the rule of construction that a document is to be construed more strictly against the Party who itself or through its agents prepared the same, it being agreed that all Parties have fully participated in the preparation of all provisions of this Agreement. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of California, without regard to any conflict of laws principles.

8. **Severability.** If any provision or part of a provision of this Agreement shall be determined to be void or unenforceable by a court of competent jurisdiction, the remainder of the Agreement shall remain valid and enforceable.

9. **No Evidence.** If, for any reason, this Agreement is not fully executed or otherwise consummated, this Agreement shall not constitute evidence in any proceeding. This Agreement, if fully executed, shall not be offered or received into evidence nor shall it be admissible in any trial or civil proceeding, except for the purpose of the enforcement hereof.

10. **Representations and Warranties.** Each of the Parties represents and warrants that: (a) he, she or it has power and is duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein; and (b) this Agreement was duly

executed and delivered and constitutes a legal, valid and binding obligation enforceable in accordance with its terms.

11.  Fully Informed. Each of the Parties expressly warrants and represents to the other Parties that before he, she or it consented to this Agreement, the Party had fully informed himself, herself or itself of the terms, contents, conditions and consequences of this Agreement, that no promises or representations of any kind have been made to him, her or it by or on behalf of any other Party to this Agreement, except as expressly stated herein, that the Party has relied solely on his, her or its own judgment in consenting to this Agreement and that the Party has had the opportunity to seek and obtain the advice of counsel before entering into this Agreement.

12.  Entire Agreement. This Agreement sets forth the entire understanding between the Parties, and all previous discussions, understandings, representations, negotiations, and agreements with respect to the matter included in this Agreement are merged herein. Additionally, the consideration recited herein is the full, complete and entire consideration for this Agreement, and there is no further consideration to be paid by any Party to any other Party other than as recited herein.

13.  Termination of Agreement. This Agreement may be terminated by any party upon 60 days notice to the opposing party.

14.  Amendment of Agreement. This Agreement may not be changed orally, but only by a writing signed by or on behalf of all of the Parties.

15.  Additional Claimants. This Agreement may be amended in writing signed by or on behalf of the Parties to include and incorporate other, additional or future Claimants.

16.  Binding Terms. The terms of this Agreement are binding on, and shall inure to the benefit of, each and every Party hereto, and its or their respective predecessors, subsidiaries, affiliates, related entities, successors, assigns, trustees, heirs, administrators, executors, agents, servants, representatives, employees, partners shareholders, officers and directors.

17.  Authority of Persons Signing. Each person signing this Agreement represents and warrants that he or she is authorized to bind to this Agreement the Party or Parties for whom he or she has signed.

18. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which constitute one and the same Agreement.

IN WITNESS THEREOF, the Parties have caused this Agreement to be executed.

CLAIMANTS

By: _____
Lawrence J. Gornick
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street
Suite 3600
San Francisco, California 94104

*Counsel for Claimants Listed in Exhibit A*

GE HEALTHCARE BIO-SCIENCES CORP.

By: _____
Amy Schulman
Heidi Levine
DLA Piper US LLP
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104

*Counsel for GE Healthcare Bio-Sciences Corp.*

NEWY1\8174580.1                                4

## EXHIBIT A

1. Peter Jay Gerber and Miriam Goldberg
*Gerber v. Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp, et. al.*, in the United States District Court, Northern District of California; Case No. CV 07 5918. [*remand motion pending*]

Any and all others who may now or in the future have alleged claims related to a diagnosis of NSF allegedly caused by the use of Omniscan™ and who may engage Levin Simes Kaiser & Gornick LLP.