1  Charles T. Sheldon  Bar No. 155598
   E-mail:  charles.sheldon@sdma.com
2  Michael L. Fox  Bar No. 173355
   E-mail:  michael.fox@sdma.com
3  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, California 94105
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
   Marsha M. Piccone (pro hac vice pending)
7  piccone@wtklaw.com
   John M. Fitzpatrick (pro hac vice pending)
8  fitzpatrick@wtklaw.com
   Galen D. Bellamy (SBN #231792)
9  bellamy@wtklaw.com
   Reneé A. Carmody (pro hac vice pending)
10 carmody@wtklaw.com
   WHEELER TRIGG KENNEDY LLP
11 1801 California Street, Suite 3600
   Denver, Colorado 80202
12 Telephone:  (303) 244-1800
   Facsimile:  (303) 244-1879
13
   Attorneys for Defendant
14 McKESSON CORPORATION

15                 UNITED STATES DISTRICT COURT

16      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

18 PETER JAY GERBER and MIRIAM          CASE NO. CV-07-05918-JSW
   GOLDBERG,
19                                       **MCKESSON CORPORATION'S ANSWER
              Plaintiff,                  TO COMPLAINT**
20
         v.                              **DEMAND FOR JURY TRIAL**
21
   BAYER CORPORATION AND BAYER          JUDGE:    Hon. Jeffrey S. White
22 HEALTHCARE PHARMACEUTICALS,
   INC.; BMC DIAGNOSTICS, INC.;
23 CALIFORNIA PACIFIC MEDICAL
   CENTER; GENERAL ELECTRIC
24 COMPANY; GE HEALTHCARE, INC.;
   GE HEALTHCARE BIO-SCIENCES
25 CORP.; McKESSON CORPORATION;
   MERRY X-RAY CHEMICAL CORP.;
26 and DOES 1 through 35,

27            Defendants.

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

## MCKESSON CORPORATION'S ANSWER TO COMPLAINT

Defendant McKESSON CORPORATION ("McKesson") answers Plaintiffs' Complaint as follows:

## PARTIES

1.    McKesson denies the allegations contained in Paragraph 1.

2.    Paragraph 2 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3.    Paragraph 3 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.

4.    Paragraph 4 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the same.

5.    Paragraph 5 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the same.

6.    Paragraph 6 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the same.

7.    Paragraph 7 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1   7 and therefore denies the same.

2        8.    Paragraph 8 is directed towards other defendants and thus requires no response; to

3   the extent this allegation requires a response from McKesson, McKesson is without knowledge

4   or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

5   8 and therefore denies the same.

6        9.    Paragraph 9 is directed towards other defendants and thus requires no response; to

7   the extent this allegation requires a response from McKesson, McKesson is without knowledge

8   or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

9   9 and therefore denies the same.

10        10.    Paragraph 10 is directed towards other defendants and thus requires no response;

11   to the extent this allegation requires a response from McKesson, McKesson is without

12   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13   Paragraph 10 and therefore denies the same.

14        11.    Paragraph 11 is directed towards other defendants and thus requires no response;

15   to the extent this allegation requires a response from McKesson, McKesson is without

16   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

17   Paragraph 11 and therefore denies the same.

18        12.    Paragraph 12 is directed towards other defendants and thus requires no response;

19   to the extent this allegation requires a response from McKesson, McKesson is without

20   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

21   Paragraph 12 and therefore denies the same.

22        13.    Paragraph 13 is directed towards other defendants and thus requires no response;

23   to the extent this allegation requires a response from McKesson, McKesson is without

24   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

25   Paragraph 13 and therefore denies the same.

26        14.    Paragraph 14 is directed towards other defendants and thus requires no response;

27   to the extent this allegation requires a response from McKesson, McKesson is without

28   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

**SEDGWICK**
DETERT, MORAN & ARNOLD.

1    Paragraph 14 and therefore denies the same.

2        15.    Paragraph 15 is directed towards other defendants and thus requires no response;

3    to the extent this allegation requires a response from McKesson, McKesson is without

4    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

5    Paragraph 15 and therefore denies the same.

6        16.    Paragraph 16 is directed towards other defendants and thus requires no response;

7    to the extent this allegation requires a response from McKesson, McKesson is without

8    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

9    Paragraph 16 and therefore denies the same.

10       17.    Paragraph 17 is directed towards other defendants and thus requires no response;

11   to the extent this allegation requires a response from McKesson, McKesson is without

12   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13   Paragraph 17 and therefore denies the same.

14       18.    McKesson is without knowledge or information sufficient to form a belief as to

15   the truth of the allegations contained in Paragraph 18 and therefore denies the same.

16       19.    Paragraph 19 is directed towards other defendants and thus requires no response;

17   to the extent this allegation requires a response from McKesson, McKesson is without

18   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

19   Paragraph 19 and therefore denies the same.

20       20.    McKesson admits that it is a distributor of pharmaceutical and medical supply

21   products, including Omniscan™.  Except as specifically admitted, McKesson is without

22   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

23   Paragraph 20 and therefore denies the same.

24       21.    McKesson admits that it is a Delaware corporation with its principal place of

25   business at One Post Street, San Francisco, California, 94104.

26       22.    McKesson admits that it conducts business in the State of California and in the

27   City and County of San Francisco.  Except as admitted, McKesson is without

28   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1  and therefore denies the same.

2          23.     McKesson admits that it conducts business in the State of California and in San

3  Francisco County and that it is a distributor of pharmaceutical and medical supply products,

4  including Omniscan™. Except as admitted, McKesson denies the allegations contained in

5  Paragraph 23.

6          24.     Paragraph 24 is directed towards other defendants and thus requires no response;

7  to the extent this allegation requires a response from McKesson, McKesson is without

8  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

9  Paragraph 24 and therefore denies the same.

10          25.     Paragraph 25 is directed towards other defendants and thus requires no response;

11  to the extent this allegation requires a response from McKesson, McKesson is without

12  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13  Paragraph 25 and therefore denies the same.

14          26.     Paragraph 26 is directed towards other defendants and thus requires no response;

15  to the extent this allegation requires a response from McKesson, McKesson is without

16  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

17  Paragraph 26 and therefore denies the same.

18          27.     Paragraph 27 is directed towards other defendants and thus requires no response;

19  to the extent this allegation requires a response from McKesson, McKesson is without

20  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

21  Paragraph 27 and therefore denies the same.

22          28.     Paragraph 28 is directed towards other defendants and thus requires no response;

23  to the extent this allegation requires a response from McKesson, McKesson is without

24  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

25  Paragraph 28 and therefore denies the same.

26          29.     Paragraph 29 is directed towards other defendants and thus requires no response;

27  to the extent this allegation requires a response from McKesson, McKesson is without

28  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   Paragraph 29 and therefore denies the same.

2       30.     McKesson is without knowledge or information sufficient to form a belief as to

3   the truth of the allegations contained in Paragraph 30 and therefore denies the same.

4       31.     Paragraph 31 does not require a response.  To the extent that a response is

5   required, McKesson denies the allegations contained in Paragraph 31.

6       32.     McKesson is without knowledge or information sufficient to form a belief as to

7   the truth of the allegations contained in Paragraph 32 and therefore denies the same.

8       33.     Paragraph 33 is directed towards other defendants and thus requires no response;

9   to the extent this allegation requires a response from McKesson, McKesson is without

10  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

11  Paragraph 33 and therefore denies the same.

12      34.     Paragraph 34 is directed towards other defendants and thus requires no response;

13  to the extent this allegation requires a response from McKesson, McKesson is without

14  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

15  Paragraph 34 and therefore denies the same.

16      35.     McKesson is without knowledge or information sufficient to form a belief as to

17  the truth of the allegations contained in Paragraph 35 and therefore denies the same.

18      36.     Paragraph 36 is directed towards other defendants and thus requires no response.

19  In the alternative, McKesson is without knowledge or information sufficient to form a belief as to

20  the truth of the allegations contained in Paragraph 36 and therefore denies the same.

21      37.     Paragraph 37 is directed towards other defendants and thus requires no response;

22  to the extent this allegation requires a response from McKesson, McKesson is without

23  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24  Paragraph 37 and therefore denies the same.

25      38.     Paragraph 38 is directed towards other defendants and thus requires no response;

26  to the extent this allegation requires a response from McKesson, McKesson is without

27  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

28  Paragraph 38 and therefore denies the same.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    39.    Paragraph 39 is directed towards other defendants and thus requires no response;

2    to the extent this allegation requires a response from McKesson, McKesson is without

3    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4    Paragraph 39 and therefore denies the same.

5    40.    McKesson is without knowledge or information sufficient to form a belief as to

6    the truth of the allegations contained in Paragraph 40 and therefore denies the same.

7    41.    Paragraph 41 does not require a response.  To the extent that a response is

8    required, McKesson denies the allegations contained in Paragraph 41.

9    42.    Paragraph 42 does not require a response.  To the extent that a response is

10    required, McKesson denies the allegations contained in Paragraph 42.

11    **FACTS**

12    43.    McKesson denies the allegations contained in Paragraph 43.

13    44.    McKesson denies the allegations contained in Paragraph 44.

14    45.    McKesson denies the allegations contained in Paragraph 45.

15    46.    McKesson denies the allegations contained in Paragraph 46.

16    47.    McKesson denies the allegations contained in Paragraph 47.

17    48.    McKesson denies the allegations contained in Paragraph 48.

18    49.    McKesson is without knowledge or information sufficient to form a belief as to

19    the truth of the allegations contained in Paragraph 49 and therefore denies the same.

20    50.    McKesson denies the allegations contained in Paragraph 50.

21    51.    McKesson denies the allegations contained in Paragraph 51.

22    52.    McKesson denies the allegations contained in Paragraph 52.

23    53.    McKesson denies the allegations contained in Paragraph 53.

24    54.    McKesson denies the allegations contained in Paragraph 54.

25    55.    McKesson is without knowledge or information sufficient to form a belief as to

26    the truth of the allegations contained in Paragraph 55 and therefore denies the same.

27    56.    McKesson is without knowledge or information sufficient to form a belief as to

28    the truth of the allegations contained in Paragraph 56 and therefore denies the same.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    57.    McKesson denies the allegations contained in Paragraph 57.

2    58.    McKesson denies the allegations contained in Paragraph 58.

3    59.    McKesson denies the allegations contained in Paragraph 59.

4    60.    McKesson is without knowledge or information sufficient to form a belief as to

5    the truth of the allegations contained in Paragraph 60 and therefore denies the same.

6    61.    McKesson denies the allegations contained in Paragraph 61.

7    62.    McKesson is without knowledge or information sufficient to form a belief as to

8    the truth of the allegations contained in Paragraph 62 and therefore denies the same.

9    63.    McKesson denies the allegations contained in Paragraph 63.

10    64.    McKesson denies the allegations contained in Paragraph 64.

11    65.    McKesson denies the allegations contained in Paragraph 65.

12    66.    McKesson denies the allegations contained in Paragraph 66.

13    ### DISCOVERY RULE & FRAUDULENT CONCEALMENT

14    67.    McKesson denies the allegations contained in Paragraph 67.

15    68.    McKesson denies the allegations contained in Paragraph 68.

16    ### FIRST CAUSE OF ACTION
17    (Against Manufacturing and Distributor Defendants)
     STRICT LIABILITY: FAILURE TO WARN

18    69.    McKesson hereby incorporates its responses to the allegations contained in

19    Paragraphs 1 through 68 as if set forth fully herein.

20    70.    Paragraph 70 is directed towards the manufacturing defendants, and therefore

21    requires no response from McKesson; to the extent this allegation requires a response from

22    McKesson, McKesson denies the allegations contained in Paragraph 70.

23    71.    Paragraph 71 is directed towards the manufacturing defendants, and therefore

24    requires no response from McKesson; to the extent this allegation requires a response from

25    McKesson, McKesson denies the allegations contained in Paragraph 71.

26    ### SECOND CAUSE OF ACTION
27    (Against Manufacturing and Distributor Defendants)
     NEGLIGENCE

28    72.    McKesson hereby incorporates its responses to the allegations contained in

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   Paragraphs 1 through 71 as if set forth fully herein.

2        73.    McKesson denies the allegations contained in Paragraph 73.

3        74.    McKesson denies the allegations contained in Paragraph 74.

4        75.    McKesson denies the allegations contained in Paragraph 75.

5        76.    McKesson denies the allegations contained in Paragraph 76.

6        77.    McKesson denies the allegations contained in Paragraph 77.

7        78.    McKesson denies the allegations contained in Paragraph 78.

8        79.    McKesson denies the allegations contained in Paragraph 79.

9                      **THIRD CAUSE OF ACTION**
                      (Against Imaging Facility Defendants)
10                            NEGLIGENCE

11       80.    McKesson hereby incorporates its responses to the allegations contained in

12   Paragraphs 1 through 79 as if set forth fully herein.

13       81.    Paragraph 81 is directed towards other defendants and thus requires no response;

14   to the extent this allegation requires a response from McKesson, McKesson is without

15   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

16   Paragraph 81 and therefore denies the same.

17       82.    Paragraph 82 is directed towards other defendants and thus requires no response;

18   to the extent this allegation requires a response from McKesson, McKesson is without

19   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

20   Paragraph 82 and therefore denies the same.

21       83.    Paragraph 83 is directed towards other defendants and thus requires no response;

22   to the extent this allegation requires a response from McKesson, McKesson is without

23   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24   Paragraph 83 and therefore denies the same.

25       84.    Paragraph 84 is directed towards other defendants and thus requires no response;

26   to the extent this allegation requires a response from McKesson, McKesson is without

27   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

28   Paragraph 84 and therefore denies the same.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    85.    Paragraph 85 is directed towards other defendants and thus requires no response;

2    to the extent this allegation requires a response from McKesson, McKesson is without

3    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4    Paragraph 85 and therefore denies the same.

5    86.    Paragraph 86 is directed towards other defendants and thus requires no response;

6    to the extent this allegation requires a response from McKesson, McKesson is without

7    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

8    Paragraph 86 and therefore denies the same.

9    87.    Paragraph 87 is directed towards other defendants and thus requires no response;

10    to the extent this allegation requires a response from McKesson, McKesson is without

11    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

12    Paragraph 87 and therefore denies the same.

13    88.    Paragraph 88 is directed towards other defendants and thus requires no response;

14    to the extent this allegation requires a response from McKesson, McKesson is without

15    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

16    Paragraph 88 and therefore denies the same.

17
## FOURTH CAUSE OF ACTION
(Against Imaging Facility Defendants)
18
BREACH OF EXPRESS WARRANT

19    89.    McKesson hereby incorporates its responses to the allegations contained in

20    Paragraphs 1 through 88 as if set forth fully herein.

21    90.    Paragraph 90 is directed towards other defendants and thus requires no response;

22    to the extent this allegation requires a response from McKesson, McKesson is without

23    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24    Paragraph 90 and therefore denies the same.

25    91.    Paragraph 91 is directed towards other defendants and thus requires no response;

26    to the extent this allegation requires a response from McKesson, McKesson is without

27    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

28    Paragraph 91 and therefore denies the same.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   92.   Paragraph 92 is directed towards other defendants and thus requires no response;

2   to the extent this allegation requires a response from McKesson, McKesson is without

3   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4   Paragraph 92 and therefore denies the same.

5   **FIFTH CAUSE OF ACTION**
    (Against Imaging Facility Defendants)

6   BREACH OF IMPLIES WARRANT

7   93.   McKesson hereby incorporates its responses to the allegations contained in

8   Paragraphs 1 through 92 as if set forth fully herein.

9   94.   Paragraph 94 is directed towards other defendants and thus requires no response;

10  to the extent this allegation requires a response from McKesson, McKesson is without

11  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

12  Paragraph 94 and therefore denies the same.

13  95.   Paragraph 95 is directed towards other defendants and thus requires no response;

14  to the extent this allegation requires a response from McKesson, McKesson is without

15  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

16  Paragraph 95 and therefore denies the same.

17  96.   Paragraph 96 is directed towards other defendants and thus requires no response;

18  to the extent this allegation requires a response from McKesson, McKesson is without

19  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

20  Paragraph 96 and therefore denies the same.

21  97.   Paragraph 97 is directed towards other defendants and thus requires no response;

22  to the extent this allegation requires a response from McKesson, McKesson is without

23  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24  Paragraph 97 and therefore denies the same.

25  **SIXTH CAUSE OF ACTION**
    (Against Manufacturing Defendants)

26  FRAUD

27  98.   McKesson hereby incorporates its responses to the allegations contained in

28  Paragraphs 1 through 97 as if set forth fully herein.

**SEDGWICK**
DETERT, MORAN & ARNOLD...

1    99.    Paragraph 99 is directed towards other defendants and thus requires no response;

2    to the extent this allegation requires a response from McKesson, McKesson is without

3    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4    Paragraph 99 and therefore denies the same.

5    100.    Paragraph 100 is directed towards other defendants and thus requires no response;

6    to the extent this allegation requires a response from McKesson, McKesson is without

7    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

8    Paragraph 100 and therefore denies the same.

9    101.    Paragraph 101 is directed towards other defendants and thus requires no response;

10    to the extent this allegation requires a response from McKesson, McKesson is without

11    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

12    Paragraph 101 and therefore denies the same.

13    102.    Paragraph 102 is directed towards other defendants and thus requires no response;

14    to the extent this allegation requires a response from McKesson, McKesson is without

15    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

16    Paragraph 102 and therefore denies the same.

17    103.    Paragraph 103 is directed towards other defendants and thus requires no response;

18    to the extent this allegation requires a response from McKesson, McKesson is without

19    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

20    Paragraph 103 and therefore denies the same.

21    104.    Paragraph 104 is directed towards other defendants and thus requires no response;

22    to the extent this allegation requires a response from McKesson, McKesson is without

23    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

24    Paragraph 104 and therefore denies the same.

25    105.    Paragraph 105 is directed towards other defendants and thus requires no response;

26    to the extent this allegation requires a response from McKesson, McKesson is without

27    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

28    Paragraph 105 and therefore denies the same.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

106.    Paragraph 106 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore denies the same.

107.    Paragraph 107 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and therefore denies the same.

108.    Paragraph 108 contains legal conclusions to which no response is required. Paragraph 108 is also directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and therefore denies the same.

### SEVENTH CAUSE OF ACTION
(Against Manufacturing Defendants)
FRAUD: CONCEALMENT, SUPPRESSION OR
OMISSION OF MATERIAL FACTS

109.    McKesson hereby incorporates its responses to the allegations contained in Paragraphs 1 through 108 as if set forth fully herein.

110.    Paragraph 110 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and therefore denies the same.

111.    Paragraph 111 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and therefore denies the same.

112.    Paragraph 112 is directed towards other defendants and thus requires no response; to the extent this allegation requires a response from McKesson, McKesson is without

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

2    Paragraph 112 and therefore denies the same.

3                              **EIGHTH CAUSE OF ACTION**
                               (Against Manufacturing Defendants)

4                              NEGLIGENT MISREPRESENTATION

5        113.    McKesson hereby incorporates its responses to the allegations contained in

6    Paragraphs 1 through 112 as if set forth fully herein.

7        114.    Paragraph 114 is directed towards other defendants and thus requires no response;

8    to the extent this allegation requires a response from McKesson, McKesson is without

9    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

10    Paragraph 114 and therefore denies the same.

11        115.    Paragraph 115 is directed towards other defendants and thus requires no response;

12    to the extent this allegation requires a response from McKesson, McKesson is without

13    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

14    Paragraph 115 and therefore denies the same.

15        116.    Paragraph 116 is directed towards other defendants and thus requires no response;

16    to the extent this allegation requires a response from McKesson, McKesson is without

17    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

18    Paragraph 116 and therefore denies the same.

19        117.    Paragraph 117 is directed towards other defendants and thus requires no response;

20    to the extent this allegation requires a response from McKesson, McKesson is without

21    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

22    Paragraph 117 and therefore denies the same.

23        118.    Paragraph 118 is directed towards other defendants and thus requires no response;

24    to the extent this allegation requires a response from McKesson, McKesson is without

25    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

26    Paragraph 118 and therefore denies the same.

27    / / / /

28    / / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1

**NINTH CAUSE OF ACTION**
(Against All Defendants)
NEGLIGENT MISREPRESENTATION

2

3          119.    McKesson hereby incorporates its responses to the allegations contained in

4    Paragraphs 1 through 118 as if set forth fully herein.

5          120.    Paragraph 120 contains legal conclusions to which no response is required.  To

6    the extent that a response is required, McKesson denies the allegations contained in Paragraph

7    120.

8          121.    McKesson denies the allegations contained in Paragraph 121, including subparts a

9    through d.

10         122.    McKesson denies the allegations contained in Paragraph 122.

11         123.    McKesson denies the allegations contained in Paragraph 123.

12

**TENTH CAUSE OF ACTION**
(Against All Defendants)
LOSS OF CONSORTIUM

13

14         124.    McKesson hereby incorporates its responses to the allegations contained in

15    Paragraphs 1 through 123 as if set forth fully herein.

16         125.    McKesson is without knowledge or information sufficient to form a belief as to

17    the truth of the allegations contained in Paragraph 125 and therefore denies the same.

18         126.    McKesson denies the allegations contained in Paragraph 126.

19

**GENERAL DENIAL**

20         127.    McKesson denies each and every statement, allegation, and averment contained in

21    the Complaint that has not been expressly admitted herein.

22         128.    Discovery and investigation may reveal that one or more of the following

23    additional defenses are available to McKesson in this matter.  McKesson accordingly asserts the

24    following defenses.  Upon completion of discovery, if the facts warrant, McKesson may

25    withdraw any of these defenses as may be appropriate.  McKesson further reserves the right to

26    amend this Answer to assert additional defenses and other claims as discovery proceeds.

27    ////

28    ////

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    Further answering, and by way of additional defense, McKesson states as follows:

2    **<u>DEFENSES</u>**

3    129.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

4    130.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of

5    limitations, statutes of repose, and/or by the doctrines of laches, estoppel, waiver, unclean hands,

6    or ratification.

7    131.    Adequate warnings were provided to Paul J. Gerber's physicians and other

8    medical providers; therefore, any claims by Plaintiffs for inadequate warnings are barred by the

9    doctrines of learned intermediary and/or sophisticated user.

10    132.    Plaintiffs' claims based on inadequate warning are barred even if adequate

11    warnings with respect to known or potential dangers or risks associated with the use of

12    Omniscan™, were not provided, which is denied, because physicians and other medical

13    providers prescribing Omniscan™ either knew or should have known of the potential or known

14    dangers or risks, and there is no duty to warn members of a profession against dangers known or

15    which should be known to members of the profession.

16    133.    Plaintiffs' claims are barred in whole or in part because the products, methods,

17    standards, and/or techniques used in manufacturing, designing, marketing, and/or labeling of the

18    products at issue complied with and/or were in conformity with the state of the art at the time

19    they were manufactured, designed, marketed, and/or labeled.

20    134.    Plaintiffs' claims are barred in whole or in part because the manufacture, labeling

21    and sale of Omniscan™ was and is controlled by federal law, and McKesson at all relevant times

22    complied with applicable statutes and with the requirements of the FDA.

23    135.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs have

24    released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

25    136.    Plaintiffs' claims are barred in whole or in part by Paul J. Gerber's assumption of

26    the risk associated with the purchase and/or use of the product, and is imputed to plaintiff Miriam

27    Goldberg.

28    / / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD...

1    137.    Plaintiffs' claims are barred in whole or in part by product misuse by Plaintiff
2    Paul Jay Gerber or his physician including, among other things, their failure to follow warnings
3    and/or failure to follow instructions.

4    138.    Plaintiffs' claims under state law are barred by the doctrine of federal preemption.

5    139.    Plaintiffs' claims are barred in whole or in part by the deference given to the
6    primary jurisdiction of the FDA over the subject pharmaceutical product at issue under
7    applicable federal laws, rules, and regulations.

8    140.    Plaintiffs' claims are barred in whole or in part under the doctrine described in the
9    Restatement (Second) of Torts § 402A cmt. k.

10    141.    Plaintiffs' claims are barred in whole or in part because the pharmaceutical
11    product at issue provides net benefits for a class of patients within the meaning of Restatement
12    (Third) of Torts:  Products Liability § 6 cmt. f.

13    142.    To the extent Plaintiffs' claims related to McKesson's advertising, marketing,
14    public statements, lobbying or other activities protected by the First Amendment to the United
15    States Constitution and the California Constitution, such claims are barred.

16    143.    Plaintiffs failed to notify McKesson of any alleged breach of warranty within a
17    reasonable time after she discovered or should have discovered any such alleged breach and are
18    therefore barred from recovery on such claims.

19    144.    Any warranties made by McKesson to Plaintiffs were disclaimed.

20    145.    Any claim for breach of express warranty must fail because Plaintiff failed to
21    allege any representation about the product at issue giving rise to an express warranty.

22    146.    Any claim for breach of implied warranty fails because the product at issue was
23    used for its ordinary purpose.

24    147.    Plaintiffs' breach of warranty claims are barred because there is a lack of privity
25    between Plaintiffs and McKesson.

26    148.    McKesson specifically pleads all defenses under the Uniform Commercial Code
27    now existing or which may arise in the future.

28    149.    Plaintiffs' claims for breach of warranty, expressed or implied, are barred by the

**SEDGWICK**
DETERT, MORAN & ARNOLD...

1   applicable provisions of the California Commercial Code.

2       150.    Plaintiffs have failed to join all indispensable parties; as a result of this failure,

3   complete relief cannot be accorded to those already parties to this action and will result in

4   prejudice to McKesson

5       151.    Plaintiffs' claims and recovery are barred, reduced and/or limited pursuant to

6   applicable constitutional, statutory, and common law regarding limitations of awards and

7   recovery.

8       152.    Plaintiffs' claims are barred or reduced by the contributory and/or comparative

9   negligence, and/or contributory and/or comparative fault.

10      153.    Plaintiffs' damages, if any, were caused solely or partially by some third person or

11  third party for whom McKesson is not legally responsible.

12      154.    Plaintiffs' damages, if any, resulted from new and independent, unforeseeable,

13  superseding, or intervening causes unrelated to the conduct of McKesson, or the products at

14  issue.

15      155.    If McKesson provided any product alleged to have been defective, as alleged in

16  the Complaint, McKesson supplied and/or distributed such product by and through other

17  intermediaries, including plaintiffs' and/or other named and unnamed defendants, and did not

18  package, repackage, or label the product in any way, and provided all warnings regarding the

19  product to such intermediaries as they were received from the product manufacturer and/or other

20  up stream suppliers without any additions, deletions, or alterations of any kind to the warnings.

21      156.    Plaintiffs' damages, if any, were the result of pre-existing conditions unrelated to

22  any conduct of McKesson or the products at issue.

23      157.    Plaintiffs' damages, if any, were caused by changes and/or alterations to the

24  McKesson's products, made by persons not within McKesson's control.

25      158.    McKesson's liability, if any, for non-economic loss is limited to its equitable

26  share, determined in accordance with the relative culpability of all persons or entities

27  contributing to Plaintiffs' total non-economic loss, if any, including those over whom Plaintiffs

28  could have obtained personal jurisdiction with due diligence.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    159.    McKesson alleges that the provisions of California Civil Code § 1431.2 are

2    applicable to the Complaint and each cause of action therein.

3    160.    Plaintiffs' non-economic loss must be allocated in accordance with the provisions

4    of Cal. Civil Code § 1431.2 ("Proposition 51").

5    161.    Plaintiffs' damages, if any, must be reduced by any amount of damages legally

6    caused by Plaintiffs' own failure to mitigate such damages.

7    162.    Plaintiffs' damages, if any, are not recoverable because they are legally too

8    remote, indirect, and speculative.

9    163.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted for

10    punitive or exemplary damages.

11    164.    McKesson denies any conduct for which punitive or exemplary damages could or

12    should be awarded and deny that Plaintiffs have produced evidence sufficient to support or

13    sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

14    165.    Plaintiffs' claims seeking punitive damages violate the substantive and procedural

15    aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States

16    Constitution, the Equal Protection Clause, the Excessive Fines Clause, and the cognate

17    provisions of the California Constitution.

18    166.    Any award of punitive or exemplary damages is barred to the extent that it is

19    inconsistent with the standards and limitations set for in BMW of North American, Inc. v. Gore,

20    517 U.S. 559, 134 L.Ed. 2d 809, 116 S.Ct. 1589 (1996); State Farm Mutual Automobile

21    Insurance Co. v. Campbell, 538 U.S. 408 (2003), and Phillip Morris USA v. Williams, 127 S.Ct.

22    1057 (2007).

23    167.    No act or alleged omission of McKesson was vile, base, willful, malicious,

24    wanton, oppressive or fraudulent, or done with a conscious disregard for the health, safety and

25    right of Plaintiffs and other, or with actual malice, fraud or oppression as defined in Cal. Civil

26    Code § 3294, and Plaintiffs' complaint fails to state a claim upon which relief can be granted for

27    punitive or exemplary damages. Plaintiffs' Complaint seeks damages in excess of those

28    permitted by law. McKesson asserts any statutory or judicial protection from punitive or

**SEDGWICK**
DETERT, MORAN & ARNOLD...

1    exemplary damages that is available under the applicable law, and any award of punitive or

2    exemplary damages is barred.

3        168.    Any verdict or judgment that might be recovered by Plaintiffs must be reduced by

4    those amounts that have indemnified, or will in the future indemnify, Plaintiffs in whole or in

5    part for any past or future claimed economic loss from any collateral source such as insurance,

6    social security, workers' compensation, or employee benefit programs.

7        169.    Plaintiffs' claims are barred by the applicable statute of limitation, including but

8    not limited to Cal. Code of Civil Procedure former § 340, subd. 3, or in the alternative, Cal. Code

9    of Civil Procedure §§ 335.1, 340.5, 340.8 and/or 343.

10       170.    McKesson is not liable to Plaintiffs because it never manufactured, sold, or

11   administered any gadolinium-based contrast agent to the Plaintiffs.

12       171.    McKesson owed no duty to Plaintiffs, and in any event, violated no duty that it

13   may have owed to Plaintiffs.

14       172.    Any and all injuries suffered by Plaintiffs, in fact of which is expressly denied by

15   McKesson, were in direct and proximate result of sensitivities, medical conditions, reactions

16   and/or idiosyncrasies peculiar to Plaintiff Paul Jay Gerber that were unknown, unknowable, or

17   not reasonably foreseeable to McKesson, and not as a direct and proximate result of wrongful

18   convictions on the part of the McKesson, the fact of which is expressly denied by McKesson.

19       173.    No act or omission of McKesson was a substantial factor in bringing about the

20   alleged injuries of Plaintiffs, nor was any such act or omission a contributing cause thereof, and

21   any alleged acts or omissions of McKesson were superseded by the acts or omissions of others,

22   including Plaintiffs, which were the independent, intervening and proximate cause of any injury,

23   damage or loss sustained by Plaintiffs.

24       174.    Plaintiffs' cause of action for alleged violation of the California Consumer Legal

25   Remedies Act ("CLRA"), Cal Civil Code § 1750, et seq., is barred because Plaintiffs failed to

26   give proper notice as mandated by Cal. Civil Code § 1782(a)(1).  Since strict compliance with

27   the notice provisions of the CLRA is required, Plaintiffs' CLRA cause of action must be

28   dismissed with prejudice.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    175.    Plaintiffs' cause of action for alleged violation of the California Consumer Legal

2    Remedies Act ("CLRA"), Cal Civil Code § 1750, et seq., is barred because Plaintiffs failed to

3    comply with the affidavit requirement of Cal. Civil Code § 1780(c).  Since strict compliance with

4    the notice provisions of the CLRA is required, Plaintiffs' CLRA cause of action must be

5    dismissed with prejudice.

6    176.    Plaintiffs' Complaint fails to state a claim under the California Consumer Legal

7    Remedies Act ("CLRA"), Cal Civil Code § 1750, et seq., because the CLRA is inapplicable to a

8    pharmaceutical products liability action.

9    177.    Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to the

10   alleged wrongful conduct.

11   178.    McKesson adopts and incorporates by reference each and every other or additional

12   defense that is or may be applicable to McKesson that has been or may be pleaded by any other

13   defendants to this action not otherwise set forth herein.

14

15   DATED:  January 31, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

16

17

18   By:  _____/s/  Michael L. Fox_____
          Charles T. Sheldon
19        Michael L. Fox

20        and

21        Marsha M. Piccone (pro hac vice pending)
          piccone@wtklaw.com
22        John M. Fitzpatrick (pro hac vice pending)
          fitzpatrick@wtklaw.com
23        Galen D. Bellamy (SBN #231792)
          bellamy@wtklaw.com
24        Reneé A. Carmody (pro hac vice pending)
          carmody@wtklaw.com
25        WHEELER TRIGG KENNEDY LLP
          1801 California Street, Suite 3600
26        Denver, Colorado 80202
          Telephone:  (303) 244-1800
27        Facsimile:  (303) 244-1879

28        Attorneys for Defendant
          McKESSON CORPORATION

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1

## DEMAND FOR JURY TRIAL

2          McKesson hereby demands a trial by jury of the captioned matter.

3

4  DATED:  January 31, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6

                                  By:  ____/s/  Michael L. Fox_____
7                                        Charles T. Sheldon
                                         Michael L. Fox
8
                                         and
9
                                         Marsha M. Piccone (pro hac vice pending)
10                                       piccone@wtklaw.com
                                         John M. Fitzpatrick (pro hac vice pending)
11                                       fitzpatrick@wtklaw.com
                                         Galen D. Bellamy (SBN #231792)
12                                       bellamy@wtklaw.com
                                         Reneé A. Carmody (pro hac vice pending)
13                                       carmody@wtklaw.com
                                         WHEELER TRIGG KENNEDY LLP
14                                       1801 California Street, Suite 3600
                                         Denver, Colorado 80202
15                                       Telephone:  (303) 244-1800
                                         Facsimile:  (303) 244-1879
16
                                         Attorneys for Defendant
17                                       McKESSON CORPORATION

18

19

20

21

22

23

24

25

26

27

28