1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    PETER JAY GERBER, et al.

10                Plaintiffs,                              No. C 07-05918 JSW

11        v.

12   BAYER CORPORATION, et al.,                           **ORDER (1) GRANTING
                                                          PLAINTIFF'S MOTION TO**
13                Defendants.                             **REMAND AND (2) DENYING
                                                          MOTION TO STAY AS MOOT**
14   _____/

15            Now before the Court are the motions to remand and to stay this action pending a ruling

16   on a motion to transfer the action by the Judicial Panel on Multidistrict Litigation ("MDL").

17   Having considered the parties' arguments, relevant legal authority, and having had the benefit

18   of oral argument, the Court GRANTS the motion to remand and DENIES AS MOOT the

19   motion to stay.[1]

20                                       **BACKGROUND**

21            On October 26, 2007, plaintiffs Peter Jay Gerber and Miriam Goldberg ("Plaintiffs")

22   filed this action in San Francisco Superior Court against Bayer Corporation and Bayer

23   Healthcare Pharmaceuticals, Inc. (collectively, "Bayer"), BMC Diagnostics, Inc. and California

24   Pacific Medical Center (collectively, "Imaging Facility Defendants"), General Electric

25   _____

26        [1]   Defendants' request for judicial notice is granted. *See* Fed. R. Evid. 201.
     Plaintiffs objected to and moved to strike paragraphs 2 and 3 and the exhibits A and B to the
27   Declaration of Carol Sleeth. At the hearing on the pending motions, the parties informed the
     Court that they reached a stipulation to strike paragraph 3 and exhibit B to the Sleeth
28   Declaration. Based on the parties' stipulation, the Court GRANTS the motion to strike in
     part as to paragraph 3 and exhibit B to the Sleeth Declaration. However, because the Court
     did not need to consider the remainder of the Sleeth Declaration in resolving the pending
     motions to remand and to stay, the Court DENIES in part as MOOT the motion strike as to
     paragraph 2 and Exhibit A to the Sleeth Declaration.

United States District Court
For the Northern District of California

1    Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (collectively, "GE"),

2    McKesson Corporation and Merry X-Ray Chemical Corporation (collectively, "Distributor

3    Defendants").  Plaintiffs assert the following causes of action: (1) strict liability against Bayer

4    and GE (collectively, "Manufacturing Defendants") and the Distributor Defendants;

5    (2) negligence against the Manufacturing Defendants and the Distributor Defendants; (3)

6    negligence against the Imaging Facility Defendants; (4) breach of express warranty against the

7    Imaging Facility Defendants; (5) breach of implied warranty against the Imaging Facility

8    Defendants; (6) fraud and misrepresentation against the Manufacturing Defendants; (7) fraud

9    and concealment or omission the Manufacturing Defendants; (8) negligent misrepresentation

10   against the Manufacturing Defendants; (9) violation of the Consumers Legal Remedy Act

11   ("CLRA"), California Civil Code section 1750 *et seq.* against all defendants; and (10) loss of

12   consortium against all defendants.

13        On November 21, 2007, the Manufacturing Defendants removed on the basis of

14   diversity jurisdiction.  They asserted that diversity jurisdiction exists because the Imaging

15   Facility and Distributor Defendants were fraudulently joined and thus should be disregarded for

16   purposes of determining diversity jurisdiction.

17        Plaintiffs now move to remand this action and Manufacturing Defendants move to stay

18   this action pending a ruling on a motion to transfer the action by the MDL.  Both parties argue

19   that the Court should address their motion first.

20                              **ANALYSIS**

21        "Generally, jurisdiction is a preliminary matter that should be resolved before all

22   others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D.Cal. Jan. 27, 2006); *see also*

23   *Villarreal v. Chrysler Corp.,*, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Judicial

24   economy will best be served by addressing the remand issue [before a party's motion to stay]

25   because a determination on this issue will facilitate litigation in the appropriate forum.").

26   However, some courts have held that "the calculus changes somewhat when deference to a

27   MDL court will further 'the uniformity, consistency, and predictability in litigation that

28   underlies the MDL system.'"  *Leeson*, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del*

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    *Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D.Cal.2004)).  "In deciding whether to rule

2    on the motion to remand, courts consider whether the motion raises issues likely to arise in

3    other actions pending in the MDL transferee court." *Conroy*, 325 F. 2d 1053.  Here, the Court

4    finds that the pending motion to remand has not raised issues that are likely to arise in other

5    actions even if the MDL grants the motion to transfer.  Therefore, the Court will address the

6    motion to remand first.

7    **A.    Legal Standards Relevant to Removal.**

8    "[A]ny civil action brought in a State court of which the district courts of the United

9    States have original jurisdiction, may be removed by the defendant ... to the district court of the

10   United States for the district and division embracing the place where such action is pending."

11   *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation

12   omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.

13   *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly,

14   the burden of establishing federal jurisdiction for purposes of removal is on the party seeking

15   removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v.*

16   *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d

17   564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the

18   right of removal in the first instance." *Gaus*, 980 F.2d at 566.

19   While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete

20   diversity of the parties, removal is proper despite the presence of a non-diverse defendant when

21   that defendant was fraudulently joined, in other words, where that defendant is merely a "sham"

22   defendant.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  In this circuit, a non-diverse

23   defendant is deemed a sham and will not defeat jurisdiction if, after all disputed questions of

24   fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the

25   plaintiff could not possibly recover against the party whose joinder is questioned.  *Kruso v.*

26   *International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).  The failure

27   to state claim against the non-diverse defendant must be "obvious according to the well-settled

28   rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir.

1    2002). The party asserting the fraudulent joinder bears the burden of proof and remand must be

2    granted unless the defendant can show that there is no possibility that the plaintiff could prevail

3    on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica*

4    *Financial Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

5    
6              **B.    Manufacturing Defendants Fail to Demonstrate Other Defendants Were
             Fraudulently Joined.**

7              Manufacturing Defendants argue that all of Plaintiffs' claims against the Imaging

8    Facility and Distributor Defendants are time-barred and that Plaintiffs' CLRA claims are

9    jurisdictionally barred based on Plaintiffs' failure to comply with the statutory notice

10   provisions. The Court will address each argument in turn.

11             **1.    Statute of Limitations.**

12             To demonstrate at the pleading stage that a statute of limitations has run, a defendant

13   must show that the assertions of the complaint, read with the required liberality, would not

14   permit the plaintiff to prove that the statute was tolled. *Jablon v. Dean Witter,* 614 F.2d 677,

15   682 (9th Cir. 1980). Under California law, a statute of limitations can be tolled by the

16   discovery rule which delays the accrual of the date of a cause of action until the plaintiff is

17   aware of her injury and its negligent cause. *Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120

18   (9th Cir. 1994) (citing *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1109 (1988)). Under the

19   discovery rule, the statute of limitations begins to run when the plaintiff suspects or should

20   suspect that her injury was caused by wrongdoing. *Jolly,* 44 Cal. 3d at 1110.

21             Plaintiffs plead that the "nature of Plaintiffs' injuries and damages, and their relationship

22   to gadolinium-based contrast agents used in conjunction with MRIs and MRAs, was not

23   discovered, and through reasonable care and due diligence could not have been discovered, by

24   Plaintiffs until a time less than two years before the filing of this Complaint." (Compl., ¶ 67.)

25   Manufacturing Defendants contend that Plaintiffs failed to plead specific facts regarding the

26   circumstances of their delayed discovery. However, assuming, without deciding, that Plaintiffs

27   have not sufficiently alleged facts to establish that the discovery rule applies, Manufacturing

28

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   Defendants have not shown that Plaintiffs could not as a matter of law allege such facts if given

2   an opportunity to amend their complaint.

3          Plaintiffs also argue that Defendants' violations of the CLRA are ongoing, and that

4   therefore, these claims are not time-barred.  (Mot. to Remand at 4.)  Manufacturing Defendants

5   failed to address this argument and, thus, for this additional reason, fail to demonstrate that all

6   of Plaintiffs' claims are time-barred.

7                    **2.    Compliance with CLRA's Statutory Notice Provisions.**

8          Section 1782 of the California Civil Code provides that a plaintiff shall provide notice of

9   his or her claims at least thirty days before filing an "an action for damages" under the CLRA.

10  Cal. Civ. Code § 1782(a).  The statute clarifies that such notice is not required for claims

11  seeking only injunctive relief.  Cal. Civ. Code § 1782(d).  As Plaintiffs highlight, they only seek

12  injunctive relief pursuant to their CLRA claim.  (Compl., ¶¶ 120-122.)  Accordingly, the notice

13  provisions of the CLRA are inapplicable.

14         Manufacturing Defendants did not argue in opposition to the motion to remand that

15  Plaintiffs did not allege fact sufficient to state a CLRA claim against the Imaging Facility and

16  Distributor Defendants.  Instead, they merely asserted that Plaintiffs' CLRA claim is time-

17  barred and failed to satisfy the statutory notice provisions.  Because the Court finds that

18  Manufacturing Defendants have failed to show that the CLRA claim is time-barred or deficient

19  based on the statutory notice requirements, they have not demonstrated that there is no

20  possibility that Plaintiffs could prevail on any cause of action it brought against the non-diverse

21  defendants.  *See Levine*, 41 F. Supp. 2d at 1078.  Accordingly, the Court GRANTS Plaintiffs'

22  motion to remand.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED and this matter shall be remanded to the Superior Court for the City and County of San Francisco. Because this Court is remanding the case, Defendants' motion to stay is DENIED AS MOOT.


Dated: February 6, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6